FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAR -8  AM 11: 36

STEPHAN HARRIS, CLERK
CHEYENNE

R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 facsimile

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 19CV48-F |
| v. | ) |
| | ) |
| JOHN H. SCHNEIDER, JR.; | ) |
| MICHELLE R. SCHNEIDER; | ) |
| and MEDPORT, LLC. | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT, REQUEST FOR TEMPORARY RESTRAINING ORDER and PRELIMINARY INJUCTION, and DEMAND FOR JURY TRIAL

#### INTRODUCTION

This is an action to enforce a contract resolving prior litigation before this Court titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF (D. Wyo. dismissed June 18, 2012); and *Biles v. Fallon*, No. 2:11-cv-00294-NDF (D. Wyo. dismissed June 18, 2012). Plaintiff, by and through his counsel, R. Daniel Fleck and M. Kristeen Hand of THE SPENCE LAW FIRM, LLC, for his claims for relief against the Defendants states and alleges as follows:

## PARTIES

1. Plaintiff Jimmie G. Biles, Jr., MD is a resident and domiciliary of Wyoming who is a citizen of Wyoming for the purpose of determining diversity.

2. Defendant John H. Schneider, Jr., is a resident and domiciliary of California who is a citizen of California for the purpose of determining diversity. Upon information and belief, he is currently residing at the Metropolitan Correctional Center in San Diego, California, as an inmate. Upon information and belief, he was a resident and domiciliary of California immediately prior to his incarceration in California. John H. Schneider, Jr., signed the settlement agreement resolving *Biles v. Schneider*, No. 2:11-cv-00366-NDF and *Biles v. Fallon*, No. 2:11-cv-00294-NDF on May 12, 2012.

3. Defendant Michelle R. Schneider is a resident and domiciliary of California who is a citizen of California for the purpose of determining diversity. Michelle R. Schneider signed the settlement agreement resolving *Biles v. Schneider*, No. 2:11-cv-00366-NDF and *Biles v. Fallon*, No. 2:11-cv-00294-NDF on May 12, 2012.

4. The Schneiders are husband and wife.

5. Defendant Medport, LLC (hereinafter "Medport") is a Wyoming limited liability company registered to do and doing business in Wyoming. Upon information and belief, the members of Medport are Defendant John H. Schneider, Defendant Michelle R. Schneider, Brandon Schneider and Kathleen Burrows.

6. Upon information and belief, Medport member Brandon Schneider is a resident and domiciliary of Rhode Island or California, and is a citizen of Rhode Island or California for the purpose of determining diversity.

7. Upon information and belief, Medport member Kathleen Burrows is a resident of California and domiciliary of California, and is a citizen of California for the purpose of determining diversity.

8. Upon information and belief, no member of Medport is a citizen of Wyoming.

9. Hereinafter, Defendants John H. Schneider, Michelle R. Schneider, and Medport may be referred to as "the Schneider Defendants."

10. At all times material, Defendant John H. Schneider controlled, or had the ability to control, the Schneider Defendants.

11. Upon information and belief, at all times material, Defendant Medport, by and through its member(s), including John H. Schneider, controlled a website titled "Healthcare-Malpractice.com."

12. Healthcare-Malpractice.com lists its address as 315 S. Coast Hwy 101, Ste. U102 Encinitas, CA 92024.

13. Defendant Medport also lists an office at 315 S. Coast Hwy 101, Ste. U102 Encinitas, CA 92024, with the Wyoming Secretary of State.

14. Defendant John H. Schneider also lists his address on various internet sites as 315 S. Coast Hwy 101, Ste. U102 Encinitas, CA 92024.

15. John H. Schneider has been the registered agent of Medport at various times in its existence.

16. Defendant Medport, as a legal entity, can act only through its employees, servants and agents. As the employer or principal of those who set policy and played either an active or passive role in the supervision of its employee(s) and/or agent(s), Medport is responsible for the tortious and punitive acts of its member(s), principals, agents, servants, and employees wherein they intentionally, recklessly and/or negligently disparaged and/or committed tortious and punitive acts against Plaintiff Jimmie Biles, MD.

17. All allegations made in this Complaint against Defendants collectively shall mean allegations against any one Defendant or any combination of Defendants.

## JURISDICTION & VENUE

18. Plaintiff incorporates by reference all other paragraphs of this Complaint.

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

20. Medport is authorized to do and is doing business in Wyoming.

21. The contract John H. Schneider and Michelle R. Schneider breached was formed in Wyoming, and was a consequence of prior litigation in Wyoming.

22. The disparaging statements forming the basis of this action were focused on Wyoming and published by the Schneider Defendants in Wyoming.

23. The Schneider Defendants specifically and deliberately targeted an audience in Wyoming, and the disparaging statements were intended to and did injure Plaintiff Jimmie G. Biles, a resident of Wyoming, and his Wyoming business.

24. Healthcare-Malpractice.com was created by the Schneider Defendants specifically to provide a launch pad for their attacks on their foes, including Plaintiff Jimmie G. Biles and his Wyoming business, which is uniquely tied to Wyoming and serves many Wyoming residents. The site also contains defamatory attacks on many other Wyoming residents and enemies of the Schneider Defendants, including his medical malpractice victims, the Wyoming Medical Board, and physicians who commented on his poor patient outcomes.

25. This Court has personal jurisdiction over the Schneider Defendants because they have purposefully directed their activities at a resident of Wyoming, and this action arises out of their contacts with Wyoming and the prior litigations in this Court.

26. Pursuant to 28 U.S.C. § 1391, the proper venue for this cause of action is the United States District Court for the District of Wyoming since this is the judicial district where a substantial part of the events giving rise to the claim occurred.

## STATEMENT OF FACTS AND CONSPIRACY

27. Plaintiff incorporates by reference all other paragraphs of this Complaint.

28. Defendant John H. Schneider is a disgraced former neurosurgeon, now serving time in a federal prison for committing bankruptcy fraud. Defendant John H. Schneider lost his license to practice medicine in 2014.

29. In 2011, Defendant John H. Schneider conspired with Lisa Fallon to defame and cause emotional distress to Plaintiff Jimmie G. Biles, and to injure him both personally and professionally. Dr. Biles sued Defendant John H. Schneider and Defendant Michelle R. Schneider based on various causes of action in this Court, in the action styled *Biles v. Schneider*, No. 2:11-cv-00366-NDF (D. Wyo. dismissed June 18, 2012). Dr. Biles sued Lisa Fallon for conspiring with Defendant John H. Schneider in an action styled *Biles v. Fallon*, No. 2:11-cv-00294-NDF (D. Wyo. dismissed June 18, 2012).

30. During the course of the *Biles v. Schneider* and the *Biles v. Fallon* actions, an investigation revealed Defendant John H. Schneider engaged in shocking misconduct with Lisa Fallon during the pendency of those Court proceedings, including but not limited to: counseling Lisa Fallon to lie under oath, counseling her to lie to United States Magistrate Judge Scott Skavdahl, encouraging and counseling her to destroy evidence, and offering a bribe in exchange for her misconduct. Defendants in those actions, one or all of them, set out on a course of conduct with the intention of publishing false statements about the Plaintiff Jimmie G. Biles in an attempt to destroy his credibility as a medical doctor, destroy his reputation in the Wyoming community, and destroy his Wyoming medical practice. Following the revelation of his misconduct, the matter was settled with Defendants John H.

Schneider, Michelle Schneider, and Lisa Fallon. The settlement agreement was formalized in a written contract (hereinafter "the contract").

31. The contract settled the matter and provided for a dismissal of the pending lawsuits. Further, the contract required confidentiality as to the details of the settlement and any matters not in the Court files/documents or newspapers (Contract ¶3); contained a liquidated damages clause for violation of confidentiality (Contract ¶3); required that the parties may not disparage each other or use surrogates or other entities to disparage (Contract ¶6); provided for attorneys' fees for enforcement of the contract to the prevailing party (Contract ¶11); contained a clause to bind all agents and other entities associated with John H. Schneider (Contract ¶12); and contained a Wyoming choice of law clause (Contract ¶13.) Defendant John H. Schneider signed the contract on behalf of himself and other entities, as did Defendant Michelle R. Schneider.

32. Upon information and belief, on February 21, 2019, Defendant John H. Schneider began a prison term in the Metropolitan Correctional Center in San Diego, California, which was the result of his guilty plea to bankruptcy fraud.

33. On or about February 22, 2019, Plaintiff Jimmie G. Biles was alerted by many residents of the Big Horn Basin in Wyoming that a website titled "Healthcare-Malpractice.com" posted disparaging information about him on Facebook and on the internet generally.

34. The posting included, but was not limited to, defamatory material, disparaging material, material casting aspersions on Plaintiff Jimmie G. Biles as a Wyoming physician and businessman, and confidential documents (as defined by the contract) associated with the

settlement and the underlying case. The material accused Plaintiff Biles of various crimes, deviant acts, professional misconduct, and personal misconduct.

35. The purpose of the posting was to damage Plaintiff personally and professionally, breach the contract, disparage and defame Plaintiff, deprive Plaintiff of his bargained for rights under the contract, and intentionally cause Plaintiff and his family emotional distress.

36. Upon information and belief, Healthcare-Malpractice.com is owned and/or controlled and operated by the Schneider Defendants.

37. Upon information and belief, the Schneider Defendants posted, or through surrogates and other entities caused to be posted, the disparaging information on Facebook and the internet generally.

38. The Schneider Defendants developed and created the disparaging content and information on Facebook and the internet generally.

39. Upon information and belief, the Schneider Defendants conspired to breach the contract, to disparage Plaintiff Jimmie G. Biles, and to cause Plaintiff emotional distress by and through the posting.

40. The Schneider Defendants intended to benefit economically from their conspiracy and/or cause the Plaintiff to suffer financially.

### First Cause of Action
### Breach of Contract

41. Plaintiff incorporates by reference all other paragraphs of this Complaint.

42. The contract to resolve the underlying litigation was effective May 12, 2012. The contract settled the matter and provided for a dismissal of the pending Wyoming lawsuits.

43. Material terms to the contract include the following: confidentiality as to the details of the settlement and any matters not in the Court files or newspapers (Contract ¶3); a liquidated damages clause for violation of confidentiality (Contract ¶3); that the parties may not disparage each other or use surrogates or other entities to disparage (Contract ¶6); attorneys' fees for enforcement of the contract to the prevailing party (Contract ¶11); a clause to bind all agents and other entities associated with John H. Schneider (Contract ¶12); and a Wyoming choice of law clause (Contract ¶13.)

44. By posting the material on Facebook and on the internet the Schneider Defendants revealed confidential information as defined in the contract, and further disparaged Plaintiff, inflicted emotional distress on Plaintiff, and hurt Plaintiff personally and professionally.

45. The revelation of confidential information and the disparaging nature of the posts was a clear and intentional breach of the contract, and is causing continuing and immediate harm to the Plaintiff.

46. Every contract contains a covenant of good faith and fair dealing. The Schneider Defendants' actions breached the covenant of good faith and fair dealing, and the breach was intentionally committed to injure Plaintiffs' rights to receive the benefit of his agreement.

47. The Schneider Defendants breached the covenant of good faith and fair dealing by taking actions that intentionally disparaged Plaintiff.

48. The Schneider Defendants breached community standards of decency, fairness, and reasonableness.

49. The breach of the contract has caused damage to Plaintiff.

50. The breach of the covenant of good faith and fair dealing has caused Plaintiff damages.

51. The damages include the costs and fees associated with this action to enforce the contract, as required by the contract.

52. Defendant John H. Schneider posted the disparaging information, or acting through surrogates or other entities under his control, caused others to post the information on his behalf. If performed by others on behalf of Defendant John H. Schneider, these agents were acting under the express, implied, or apparent authority granted by their principal, Defendant John H. Schneider.

53. The Schneider Defendants' acts were reckless, intentional, willful, and wanton, and done with malice approaching a crime.

54. The Schneider Defendants, acting in a conspiracy, are jointly and severally liable for their tortious and punitive conduct.

55. The Schneider Defendants, acting as a principal, are vicariously liable for the tortious and punitive conduct of its agent(s).

56. The Schneider Defendants' conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and is to be regarded as atrocious and utterly intolerable in a civilized community.

57. The Schneider Defendants' conduct caused Plaintiff damage.

## SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates by reference all other paragraphs of this Complaint.

59. The intentional and reckless acts and omissions of the Schneider Defendants, as alleged herein, amount to extreme and outrageous conduct, which resulted in severe emotional distress to Plaintiff.

60. The Schneider Defendants' conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and is to be regarded as atrocious and utterly intolerable in a civilized community.

61. As a direct and proximate result of the Schneider Defendants' intentional infliction of emotional distress on Plaintiff, Plaintiff has suffered severe emotional distress for which the Schneider Defendants are responsible.

62. The acts of the Schneider Defendants were reckless, intentional, willful, and wanton, and done with malice approaching a crime.

63. The Schneider Defendants, acting in a conspiracy, are jointly and severally liable for their tortious and punitive conduct.

## THIRD CAUSE OF ACTION
### JOINT ENTERPRISE

64. Plaintiff incorporates by reference all other paragraphs of this Complaint.

65. The Schneider Defendants intentionally and recklessly engaged in a joint enterprise to breach the contract, disparage Plaintiff, and inflict emotional distress, and otherwise injure the Plaintiff through an agreement, either express or implied.

66. The Schneider Defendants intentionally and recklessly engaged in a common purpose to disparage and otherwise injure the Plaintiff, seeking as a result, a benefit to be shared among the members of the joint enterprise.

67. The Schneider Defendants enjoyed an equal right to a voice in the direction of the enterprise, which gave each Defendant equal right of control.

68. As a direct and proximate cause of the tortious and punitive conduct and conspiracy between the members of the joint venture, Plaintiff was injured.

69. The Schneider Defendants are jointly and severally liable for the injuries caused as a result of their joint venture.

**REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

70. Plaintiff hereby requests a Temporary Restraining Order and Permanent Injunction against the Schneider Defendants, requiring them to remove all information regarding Plaintiff from any and all internet sites, including but not limited to Facebook and Healthcare-Malpractice.com.

71. Plaintiff has a substantial likelihood of prevailing on the merits. The contract at issue clearly specified all expectations regarding the continuing conduct of the parties. The Schneider Defendants, on the day prior to Defendant John H. Schneider's prison term, intentionally breached the contract in an effort to cause Plaintiff injury and damage.

72. Plaintiff is a practicing Orthopedic Surgeon in a small Wyoming community. Allowing the disparaging information to remain on the internet will cause irreparable harm unless the injunction is issued. Further, money damages may be inadequate in this matter as Defendant John H. Schneider is imprisoned and has recently claimed bankruptcy.

73. The opposing party has engaged in intentionally provocative acts for no reason other than to inflict injury and damage the Plaintiff. The contract ending the litigation in this Court was breached solely to damage Plaintiff and his business. The temporary restraining order and preliminary injunction will cause no harm whatsoever to the opposing parties.

74. The injunction will have no negative effect on the public interest. The matters posted are disparaging and were the subject of prior litigation. Removing the inappropriate matters from the internet will insure the public is not provided false and misleading information and will enforce the validity and sanctity of settlement agreements.

75. Plaintiff further requests the contract be enforced and the Schneider Defendants be enjoined from all future activities designed to disparage or injure Plaintiff.

## DAMAGES

76. As a direct and proximate result of the Schneider Defendants' actions concerning Plaintiff, as described herein, Plaintiff's damages are presumed by the contract and as a matter of law.

77. As a direct and proximate result of the reckless, willful, wanton and intentional conduct of the Schneider Defendants as described herein, Plaintiff has incurred the following damages:

(a) General damages, including injury to reputation, loss of credibility among peers, patients and the public, and all other general damages;

(b) Lost business, past and future;

(c) Loss of profits, past and future;

(d) Loss of earning capacity;

(e) Loss of enjoyment of life, past and future;

(f) Emotional pain and suffering, including anxiety, depression and other mental suffering, past and future;

(g) Exemplary and punitive damages as a result of the malicious, intentional, willful, wanton and reckless conduct of the Schneider Defendants as described herein.

(h) Attorney fees and costs of this action, as required by the contract; and

(i) Such other relief as the Court deems equitable and proper.

WHEREFORE, Plaintiff requests the following relief:

1. Judgment against the Schneider Defendants for damages presumed as a result of the breach of contract, and the breach of the covenant of good faith and fair dealing.

2. Judgment against the Schneider Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against the Schneider Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

4. Judgment against the Schneider Defendants for exemplary and punitive damages in an amount consistent with the allegations contained herein and to be proven at trial.

5. Judgment against the Schneider Defendants for liquidated damages, costs, interest, and such other and further relief as the Court deems just and reasonable.

6. A temporary restraining order and preliminary injunction removing all material in question from the internet, including Facebook and Healthcare-Malpractice.com. Additionally, a continuing order prohibiting the Schneider Defendants from any and all future activities designed to disparage or injure Plaintiff.

DATED this 6th day of March, 2019.

R. Daniel Fleck – Wyo, Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 facsimile

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through counsel, and requests this matter be tried to a jury and submits the requisite fee herewith.

DATED this 6th day of March, 2019.

_____
R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC

*Attorneys for Plaintiff*