

**FILED**

2:47 pm, 3/26/19

**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN H. SCHNEIDER, JR.;<br>MICHELLE R. SCHNEIDER;<br>and MEDPORT, LLC.,<br><br>      Defendants. | Case No:  19-CV-48-F |

## ORDER GRANTING REQUEST FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's request for a temporary restraining order under Fed. R. Civ. P. 65(b). The Court has considered Plaintiff's request, relevant law, and is fully informed in the premises. For the following reasons, Plaintiff's request for a Temporary Restraining Order is GRANTED.

### BACKGROUND

Roughly seven years ago, this Court entertained a set of cases titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF ("*Biles v. Schneider I*"); and *Biles v. Fallon*, No. 2:11-cv-00294-NDF. Both cases featured alarming allegations that Defendants John Schneider and Michelle Schneider had conspired with Lisa Fallon to defame Dr. Jimmie Biles, Jr. Indeed, Dr. Biles claimed those defendants paid Ms. Fallon to mail defamatory fliers to 14,239 homes in various Wyoming communities. (*Biles v. Schneider I*, [Doc. 1] at ¶ 41; *Biles v. Fallon*, [Doc. 1] at ¶ 22)]. Ultimately, the parties settled these matters,

and the Court dismissed both cases with prejudice. (*Biles v. Schneider I* [Doc. 53]; *Biles v. Fallon* [Doc. 62]).

The settlement agreement resolving the prior litigation forms the basis for this suit. According to Dr. Biles, the settlement agreement contained a clause requiring "confidentiality as to the details of the settlement and any matters not in the Court files or newspapers" and a clause mandating that the parties could not disparage each other or use surrogates to disparage one another (*Biles v. Schneider II* [Doc. 1] at ¶ 43) (citing Settlement Agreement at ¶¶ 3, 6). Despite these clear contractual provisions, Dr. Biles claims the defendants or their surrogates have been posting defamatory remarks on Facebook and the internet. (*Id.* at ¶ 33). On March 8, 2019, Dr. Biles filed suit in this Court for breach of contract, intentional infliction of emotional distress, and joint enterprise. (*Id.* at ¶¶ 41-69). Additionally, Dr. Biles requests a temporary restraining order and preliminary injunction. (*Id.* at ¶¶ 70-75).[1] The Court now considers Dr. Biles' request for a temporary restraining order.

## DISCUSSION

A party seeking a temporary restraining order must show "(1) [he] has a substantial likelihood of prevailing on the merits; (2) [he] will suffer irreparable injury if [he] is denied the injunction; (3) [his] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest." *Wiechmann v. Ritter,* 44 Fed. Appx. 346, 347 (10th Cir.

---

[1] On March 22, 2019, Dr. Biles provided a verified complaint to comply with the requirements of Fed. R. Civ. P. 65(b)(1)(A).

2002) (quoting *Country Kids' N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996)). The underlying purpose of a temporary restraining order is to preserve the "status quo" until the court can hold a preliminary injunction hearing. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, temporary restraining orders issued without notice generally cannot remain in effect for more than 14 days. Fed. R. Civ. P. 65(b)(2). Upon expiration of a temporary restraining order, courts should hold a preliminary injunction hearing. *See id.*

In this case, Dr. Biles is entitled to a temporary restraining order under the four elements described above. First, the settlement agreement apparently mandated that the defendants refrain from publishing defamatory remarks about Dr. Biles. Despite these clear contractual provisions, the named defendants allegedly posted material of this nature on the internet. As such, Dr. Biles is likely to succeed on the merits of his claims for breach of contract and related theories of liability. Second, Dr. Biles is an orthopedic physician in the small community of Cody, Wyoming. (*Biles v. Schneider II* [Doc. 1] at ¶ 72). With their musings on Facebook and Healthcare-Malpractice.com, the defendants accuse Dr. Biles of "crimes, deviant acts, professional misconduct, and personal misconduct." (*Id.* at ¶ 34). Undoubtedly, these severe charges cause irreparable harm to Dr. Biles' professional reputation as an orthopedic surgeon in a small Wyoming community. Third, the named defendants have no legitimate interest in attempting to destroy Dr. Biles' professional reputation over the internet while simultaneously violating the terms of a binding settlement agreement. Thus, Dr. Biles' alleged injury clearly outweighs any harm suffered by the defendants. Finally, removing the defendants'

disparaging allegations from the internet will protect the public from false and misleading information regarding Dr. Biles' professional reputation. Thus, the temporary restraining order will serve the public interest. For all these reasons, a temporary restraining order is necessary to preserve the status quo until the Court can hold a hearing regarding Dr. Biles' request for a preliminary injunction. Moreover, the Court finds that notice to the defendants is not necessary in this case. Given the history of litigation between these parties and John Schneider's status as an inmate at Metropolitan Correctional Center in San Diego, California, the Court finds it can issue this order *ex parte*.

IT IS ORDERED that Dr. Biles' request for a temporary restraining order is GRANTED. The defendants must remove all information regarding Dr. Biles from any and all internet sites, including Facebook and Healthcare-Malpractice.com.

IT IS FURTHER ORDERED that the temporary restraining order shall begin on the date and time this order is filed and shall expire on April 8, 2019.

IT IS FINALLY ORDERED that the Court will hear argument on Dr. Biles' request for a preliminary injunction on April 8, 2019 at 1:30 P.M.  Dr. Biles shall provide notice of the preliminary injunction hearing to the defendants and shall provide the Court with proof of the notice.

Dated this __26th__ day of March, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE