IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br>a resident of Wyoming,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HENRY SCHNEIDER, JR.,<br>MICHELLE RENE SCHNEIDER,<br>and MEDPORT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) **CIVIL NO.** 19-cv-48-F<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF R. DANIEL FLECK

STATE OF __WY__      )
                     ) ss.
COUNTY OF __Teton__  )

R. Daniel Fleck, being first duly sworn upon his oath, states that the following is true and correct to the best of her knowledge and information.

1. I am counsel for the Plaintiff and a member of The Spence Law Firm, Jackson, Wyoming.

2. Upon receipt of the Court's order setting the hearing on Plaintiff's Motion for Preliminary Injunction, counsel phoned the Federal Bureau of Prisons at (202) 307-3198 and spoke with the receptionist at the general counsel's office. Counsel inquired about the procedure required to compel the attendance of Defendant Schneider at a telephone hearing on Plaintiff's Motion. Counsel was informed the San Diego Metropolitan Corrections Center would have specific procedures and that we should contact the facility directly.

3. Counsel phoned the San Diego Metropolitan Corrections Center at 619-232-4311 after hours and was unable to speak with anyone. The following email was sent on April 1, 2019 to the facility at SDC/Execassistant@bop.gov, along with a copy of the hearing notice:

> Dear SDC:
>
> I have been ordered by Judge Nancy Freudenthal, U.S. District Judge for the District of Wyoming, to arrange a phone hearing with an inmate in your facility. The inmate is a defendant in a Federal lawsuit in Wyoming. His name is John H. Schneider. According to the BOP internet site his number is 64084-298. Pursuant to the attached Order, inmate Schneider is to appear for a telephonic hearing before Judge Freudenthal on April 4, at 12:30 P.M. PDT (1:30 MDT). Per Judge Freudenthal's Order, I have been instructed to arrange for an operator assisted conference call with all parties, including inmate Schneider. I have called the general number but I am unable to reach anyone who can assist me in arranging this call. Could the appropriate person please call me at 307-733-7290 to arrange for this call? My name is Dan Fleck. If I am unavailable my paralegal is Lene Jordan. Thank you.

4. No response was ever received by phone, email, or mail.

5. The following morning I again phoned San Diego MCC and was transferred three times, eventually being informed that the Center's legal department must arrange for Defendant Schneider to attend the hearing. Counsel left a voicemail for Theresa Talplacido, counsel for the facility. A cell phone was also disclosed on the voicemail. Counsel called the cell phone to no avail – and voice mail was full. Counsel left a text message for Ms. Talplacido at 619-909-7010 as follows:

> "Theresa- my name is Dan Fleck. I am an attorney in Wyoming at the Spence law firm. I have been ordered by a federal judge in Wyoming to arrange for an inmate at MCC to appear at a telephone hearing at 12:30 on April 4. The inmates name is John Schneider. His inmate number is 64084–298. Inmate Schneider is a defendant in a federal court case in Wyoming. I left a message on your office voicemail and supplied a copy of the hearing

notice to the general executive assistant mailbox listed on the MCC San Diego webpage. You are free to call me on this number, which is my cell phone, or at my office which is 307–733–7290. Thank you for your assistance in this matter.

6. No response was received to this text message.

7. On April 2, 2019 counsel phoned again, and spoke with "Kerri" at the MCC general counsel's office. She recommended I send Ms. Talplacido and email at ttalpalcido@bop.gov and said she was "very responsive."

8. Shortly thereafter, counsel sent the following email (with the hearing notice attached), which was also cc'd to SDC/Execassistant@bop.gov:

> Ms. Talplacido,
>
> I just spoke with Kerri in your office and she recommended I contact you by email. I also sent you a text message at 619-909-7010 yesterday afternoon. I also sent a similar email and request to the general box for San Diego MCC at SDC/Execassistant@bop.gov.
>
> I represent an individual who has a civil suit against an inmate in your facility -- John Schneider 64084-298. Mr. Schneider is a defendant in a civil suit in U.S. District Court in Wyoming, in front of Judge Nancy Freudenthal. Judge Freudenthal has called a hearing on Plaintiff's Motion for Preliminary Injunction for April 4, 2019 at 12:30 P.M. Pacific (1:30 P.M Mountain Time). She has ordered me to set up a conference call with Mr. Schneider so he can appear at the hearing. A copy of the hearing notice is attached. Can you assist me with arranging this call? Thank you.
>
> Dan

9. This email was immediately followed by the following text:

> Hello Theresa- sorry to bother you again. I sent you another email to request your assistance if you could take a look. Thank you.

10. On April 2, 2019 at 3:09 P.M. Ms. Talplacido sent the following email:

3

> I called back your office but it went to the law firm's voicemail. Regardless, I do not discuss inmates on my work cell without verifying the inmate or the caller.
>
> Additionally, you should have contacted the inmate directly. He could have made arrangements with his Unit Team directly for the telephonic appearance. I do not have information that he is aware of this case or has agreed to appear telephonically.
>
> Our staff does not serve inmates with court orders or motions. You need to contact the U.S. Marshals or San Diego County Sheriffs Court Officials. We do not participate in providing service of process.

11. This email was received several hours after it was sent. Immediately upon receipt counsel responded as follows:

> Ms. Talplacido,
>
> Sorry for the mix up. I called the main office, and they said the hearing had to be arranged through your office. That is why I've been calling, texting, and emailing you directly.
>
> Let me start over. I represent the Plaintiff in a civil lawsuit. An inmate in your facility is one of several defendants. I do not represent the inmate - I am the lawyer who is adverse to the inmate. U.S. District Judge Nancy Freudenthal has ordered the inmate to appear for a telephonic hearing. She has also ordered that I make arrangements for an At&t conference call. I called San Diego MMC and asked the main office how to proceed with the Judge's order. They sent me to two different officers, and the supervisory officer said it all needed to be arranged through you and your office. There is no need to serve papers or motions or have your office participate in providing service of process. The inmate has been served initially by a Sheriff's official[1] and since that time by Federal Express. He is aware of the case. I'm not certain it matters whether he has agreed to a telephonic hearing — a Federal Judge has ordered that he appear for the hearing.
>
> I am not aware how to contact an inmate directly, nor what a Unit Team is — I was calling MMC and your office to find out the proper procedure, again, to carry out Judge Freudenthal's directive. Earlier this week I spoke with the BOP in Washington DC. They also told me to contact MMC directly. If you could direct me to the proper phone number and the specific position or person I should speak with to arrange this

---

[1] Upon reading Lene Jordan's Affidavit regarding Service of Process, this representation was incorrect. A process server, as opposed to a "Sheriff's official" served the process.

appearance — all in an effort to carry out an Article III Judge's order — I would really appreciate it.

I am sorry to bother you with these requests — I assure you I would rather not, but again, a Federal Judge has ordered what I am trying to accomplish. I have provided you with a copy of the Order in my prior email. I again copy it below attached to this email. If you are concerned that this email or the order from U.S. District Judge Nancy Freudenthal is not genuine, I encourage you to examine the pacer file.

Could you please assist me with this matter? I will be traveling all day tomorrow. If you could provide me with a phone number where the inmate will be for a conference call at 12:30 pacific on April 4, 2019 I would appreciate it. If you cannot provide this, could you please provide me the names and numbers of the individuals in your facility that could arrange the inmate's appearance by phone? Thank you.

R. Daniel Fleck
The Spence Law Firm

12. On April 3, 2019, in response to counsel's request for assistance or information Ms. Talplacido wrote this email:

> It does matter if the inmate wants to participate. The unit team will review this and discuss with the inmate.

13. Plaintiff's counsel immediately responded:

> Ms. Talplacido-
>
> It isn't my intention to be adversarial or contrary. I sense from your emails that this request has been bothersome to you. I'm simply trying to comply with a Federal Court order and get a number so that Mr. Schneider may attend the hearing. I don't understand how we have gotten off on the wrong foot. In any event, if I don't have a number by close of business today I'll assume that Mr. Schneider chose not to participate or that you were unable to assist us. I'll let Judge Freudenthal know what steps I took to comply with her order and supply copies of these emails and a log of my numerous calls.
>
> Best Regards,
>
> R. D. Fleck

14. Plaintiff's counsel was never contacted by Mr. Schneider or Ms. Talplacido prior to the April 4, 2019 hearing. During the hearing The Spence Firm received the following email:

> Mr. Scheider informed his Unit Manager that he refused to participate in the telephonic hearing. We leave you to contact him directly.
>
> Theresa

15. This paragraph's information is included as evidence the Defendants were personally aware of the proceedings regarding the Hearing on Preliminary Injuction. On or about April 3, 2019, during the late afternoon, counsel was contacted by an individual who identified himself as Greg Costanza. Mr. Costanza said he was an attorney calling me on behalf of John Schneider and Michelle Schneider. Mr. Costanza offered to "stipulate" to the preliminary injunction. Plaintiff's counsel replied that Mr. Schneider had failed to comply with the Court's Temporary Restraining Order, and as such a stipulation could not be agreed upon until compliance had been achieved. Mr. Costanza said Mr. Schneider could not comply with the order "because he does not have a computer." Counsel replied that Mr. Schneider could call the internet service provider and shut the site down within minutes. Mr. Constanza replied that was not possible. Plaintiff's counsel replied that he "was able to call you, so he must have access to a phone."

Mr. Costanza said that he "wasn't sure" if he (Costanza) would enter an appearance, and that perhaps "Steve Kline" may enter an appearance. Mr. Costanza also inquired why Mrs. Schneider was named. Counsel replied that Mrs. Schneider was a signatory to the original contract. The call ended without a stipulation.

FURTHER Affiant sayeth naught.



_____
R. Daniel Fleck

SUBSCRIBED AND SWORN TO before me this 5th day of April, 2019, by R. Daniel Fleck.

_____
Notary Public
My Commission Expires: 2·16·2022

Ginny R. Odekirk - Notary Public
County of Teton    State of Wyoming
Commission Expires 2/16/2022