

FILED

10:05 am, 4/9/19
**Stephan Harris**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

JIMMIE G. BILES, JR., MD,

Plaintiff,

vs.

JOHN H. SCHNEIDER, JR.;
MICHELLE R. SCHNEIDER;
and MEDPORT, LLC,

Defendants.

Case No:  19-CV-48-F

---

### ORDER GRANTING REQUEST FOR PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's request for Preliminary Injunction under Fed. R. Civ. P. 65(a). The Court has considered Plaintiff's request, relevant law, testimony and evidence from the Court's April 4, 2019 hearing, and is fully informed in the premises. For the following reasons, Plaintiff's Motion for Preliminary Injunction is GRANTED.

### BACKGROUND

Roughly seven years ago, this Court entertained a set of cases titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF ("*Biles v. Schneider I*"); and *Biles v. Fallon*, No. 2:11-cv-00294-NDF. Both cases featured alarming allegations that Defendants John Schneider and Michelle Schneider had conspired with Lisa Fallon to defame Dr. Jimmie Biles, Jr.  Indeed, Dr. Biles claimed those defendants paid Ms. Fallon to mail defamatory fliers to 14,239 homes in various Wyoming communities. (*Biles v. Schneider I*, [Doc. 1] at ¶ 41; *Biles v. Fallon*, [Doc. 1] at ¶ 22)]. Ultimately, the parties settled these matters,

and the Court dismissed both cases with prejudice. (*Biles v. Schneider I* [Doc. 53]; *Biles v. Fallon* [Doc. 62]).

The settlement agreement resolving the prior litigation forms the basis for this suit. The settlement agreement contained a clause requiring "confidentiality as to the details of the settlement and any matters not in the Court files or newspapers" and a clause mandating that the parties could not disparage each other or use surrogates to disparage one another (Settlement Agreement at ¶¶ 3, 6). Despite these clear contractual provisions, Dr. Biles claims the defendants or their surrogates have been posting confidential information and defamatory remarks on Facebook and the internet. (*Biles v. Schneider, et al,* No. 19-cv-48-F (*Biles v. Schneider II*) [Doc. 1] at ¶ 43) at ¶ 33). On March 8, 2019, Dr. Biles filed suit in this Court for breach of contract, intentional infliction of emotional distress, and joint enterprise. (*Id.* at ¶¶ 41-69). In his Complaint, Dr. Biles requested a temporary restraining order and hearing on preliminary injunction. (*Id.* at ¶¶ 70-75). The Court granted his request for a Temporary Restraining Order and heard argument on Dr. Biles' Motion for Preliminary Injunction on April 4, 2019. (Doc. 7). After hearing testimony from Dr. Biles and viewing the disparaging material posted on the internet, the Court will grant Dr. Biles' Motion for Preliminary Injunction.

## DISCUSSION

A party seeking a preliminary injunction must show "(1) [he] has a substantial likelihood of prevailing on the merits; (2) [he] will suffer irreparable injury if [he] is denied the injunction; (3) [his] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the

public interest." *Wiechmann v. Ritter,* 44 Fed. Appx. 346, 347 (10th Cir. 2002) (quoting *Country Kids' N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996)).

In this case, Dr. Biles is entitled to a preliminary injunction under the four elements described above.

**Likelihood of Success on the Merits**

First, the settlement agreement mandated that the defendants refrain from publishing confidential information and defamatory remarks about Dr. Biles. Despite these clear contractual provisions, Dr. Biles has provided evidence that the named defendants posted material of this nature on the internet. As such, the Court concludes Dr. Biles is likely to succeed on the merits of his claims for breach of contract and related theories of liability.

**Irreparable Harm**

Plaintiff must show irreparable harm to obtain a preliminary injunction.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir.2003) (citations omitted). "Irreparable harm is not harm that is merely serious or substantial." *Id*. "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id*. (citation and quotation marks omitted). "It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id*. (citation omitted).

Dr. Biles practices as an orthopedic physician in the small community of Cody, Wyoming. With their musings on Facebook and Healthcare-Malpractice.com, Defendants accuse Dr. Biles of deviant acts and various other forms of misconduct. Undoubtedly, these severe charges will cause irreparable harm to Dr. Biles' professional reputation as an orthopedic surgeon in a small Wyoming community.

While usually economic loss is not sufficient to constitute irreparable harm, in this case Schneider recently declared bankruptcy and is currently serving a prison sentence related to that bankruptcy.  It is very unlikely that Schneider or the other Defendants have the financial resources to provide any monetary relief in this case.  For these reasons, the Court finds Dr. Biles faces irreparable harm.

**Balance of Interests**

Third, the named defendants have no legitimate interest in attempting to destroy Dr. Biles' professional reputation over the internet while simultaneously violating the terms of a binding settlement agreement. Thus, Dr. Biles' alleged injury clearly outweighs any harm suffered by the defendants.

**Public Interest**

Finally, removing the defendants' disparaging allegations from the internet will protect the public from false and misleading information regarding Dr. Biles' professional reputation. Defendants had notice and opportunity to attend the hearing and either failed or refused to attend.  Thus, there is nothing in the record to suggest that any of these statements are true and made for purposes of protecting the public. For these reasons, the preliminary injunction will serve the public interest.

4

## CONCLUSION

For all these reasons, the Court concludes a preliminary injunction is proper in this case.

IT IS ORDERED that Dr. Biles' Request for Preliminary Injunction is GRANTED. The defendants must remove all information regarding Dr. Biles from any and all internet sites, including Facebook and Healthcare-Malpractice.com pending the outcome in this case.

Dated this __9th__ day of April, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE