GRANITE PEAK LAW PLLC
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com

Attorney for Defendant Medport LLC

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, MICHELL R. SCHNEIDER, and MEDPORT, LLC,<br><br>    Defendants<br><br>JOHN H. SCHNEIDER,<br><br>    Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>    Counter-Defendant | CAUSE NO. **19-cv-48-F**<br><br><br>**DEFENDANT MEDPORT LLC'S MOTION FOR EXTENSION OF TIME TO FILE ITS ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant MEDPORT, LLC ("MEDPORT"), by and through counsel, hereby respectfully moves this Court, pursuant to Local Rule 6.1(b), for an order granting a fourteen (14) day extension of time to file its answer to Plaintiff Jimmie G. Biles, Jr., MD's ("Plaintiff") complaint on or before May 2, 2019. MEDPORT's answer to Plaintiff's complaint is currently due April 18, 2019.

The basis for this motion is that counsel for MEDPORT, Adam H. Owens ("Counsel"), is having difficulty obtaining necessary information to adequately represent MEDPORT, as MEDPORT's principal, Dr. John H. Schneider, Jr., is currently incarcerated at the Federal Bureau of Prisons ("BOP") Metropolitan Correctional Center ("MCC") in San Diego, California. See *Affidavit of Adam H. Owens* ("Owens Aff."), ¶¶ 3-4, 13-14, & 20. Further, Counsel has been on a business trip to Orlando, FL from April 11, 2019 through April 15, 2019. *Owens Aff.* ¶ 9. On April 15, 2019, prior to departing from Orlando, Counsel was retained by MEDPORT. *Owens Aff.* ¶ 11. It wasn't until the morning of April 16, 2019 that Counsel learned BOP had finally provided counsel with authorization on the evening of April 15, 2019 to correspond with Dr. Schneider through MCC's electronic communication system at Corrlinks.com ("Corrlinks"). *Owens Aff.* ¶ 12.

Corrlinks is an online electronic communications system which provides limited ability for Counsel to correspond with MEDPORT's principal Dr. Schneider. *Owens Aff.* ¶¶ 10 & 13. There is at least a two-hour delay from when a sender sends a Corrlinks message, before the recipient of the message receives notification of the message. *Owens Aff.* ¶ 13. Further, Corrlinks does not have the ability for Counsel to attach documents to messages sent to Dr. Schneider, instead requiring Counsel to cut and paste document content. *Id.* Further still, Corrlinks limits the number of characters that can be pasted into a message, requiring Counsel to send multiple messages in order to send the full content of larger documents. *Id.* In addition to this issues, Dr. Schneider has limited daily access to a computer on which he can read and respond to Corrlinks messages sent by Counsel. *Id.*

Due to the frustrated ability of Counsel to communicate with Dr. Schneider through Corrlinks, Counsel attempted to reach Dr. Schneider by telephone by calling MCC's at 619.232.4311 ("MCC Number") in an attempt to schedule a call with Dr. Schneider to no avail. *Owens Aff.* ¶ 14. On April 16, 2019, Counsel attempted multiple phone calls to the MCC Number

but was unable to reach anyone to discuss scheduling a call with Dr. Schneider. *Id.* Counsel attempted to speak to the operator through the main menu of the MCC Number but the number continuously rang without answer or an option to leave a voicemail. *Id.* Counsel then attempted to speak with MCC's legal department but was only able to leave a voicemail with an MCC senior attorney, requesting a call back. *Id.* To date, Counsel has not received a return call from MCC's legal department or been able to speak with anyone at MCC to schedule a call with Dr. Schneider. *Id.*

Due to MEDPORT's answer to Plaintiff's complaint being due on April 18, 2019, Counsel not being retained by Medport until April 15, 2019, and Counsel's difficulty communicating with Medport's principal Dr. Schneider, Counsel requested consent from Plaintiff's counsel for a fourteen (14) day extension of time to file Medport's answer to the Complaint via email correspondence with Plaintiff's counsel R. Daniel Fleck and M. Kristeen Hand at Spence Law Firm, LLC in Jackson, WY. *Owens Aff.* ¶¶ 15-18, Ex. A. Mr. Fleck's initial email response to Counsel's request avoided answering the request and merely stated "your client already filed an answer, and claims he is representing himself." *Owens Aff.* ¶ 16, Ex. A. Counsel responded to Mr. Fleck explaining:

> "Medport is a separate entity from Mr. Schneider and regardless of [Dr. Schneider's] answer, Medport is permitted to have its own response to your client's allegations. In addition, as you are likely aware, as a separate legal entity, Medport's interests must be represented by counsel, not Mr. Schneider. I am in a difficult position of having very limited information about this case and need additional time to secure the relevant information to adequately represent my client, thus my request for an extension. So I will ask again, will you consent to me having an additional 14 days under local rule 6.1(B) to answer your client's complaint on behalf of Medport?"

*Owens Aff.* ¶ 17, Ex. A. Mr. Fleck again denied the request for extension. *Owens Aff.* ¶ 18, Ex. A. Mr. Fleck's email response erroneously claimed my office "e-filed an answer for Mr. Schneider and Medport." Id. Mr. Fleck further stated: "[Dr. Schneider] asserted that Medport was his alter ego,

and that he was representing and answering for himself and Medport. *Owens Aff.* ¶ 18, Ex. A. So since he answered, I'd say the point is moot." *Id.*.

While it is true Counsel's office filed Dr. Schneider's response, Counsel's firm does not represent Dr. Schneider individually in this matter as he is representing himself *pro se*. *Owens Aff.* ¶ 19. As such, counsel does not have the ability or authorization to e-file Dr. Schneider's answer through the CM/ECF system. *Id.* Counsel's office merely agreed to transcribe Dr. Schneider's answer into Microsoft Word format and then overnight his answer to the Court for filing. *Owens Aff.* ¶¶ 6 & 19.

Therefore, having shown good cause, Defendant MEDPORT LLC respectfully requests the Court for an order granting a fourteen (14) day extension for MEDPORT to file its answer to Plaintiff's Complaint. For the Court's convenience, a proposed order is attached hereto.

DATED: April 18, 2019                                /s/ Adam H. Owens
                                                     Adam H. Owens, Esq.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of April 2019, a copy of the foregoing document was served on the following persons via CM/ECF:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248

Attorneys for Plaintiff

      I hereby certify that on the 18th day of April 2019, a copy of the foregoing document was mailed to the following persons via USPS:

John H Schneider, Jr
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101

PRO SE

                                            /s/ Adam H. Owens
                                            Adam H. Owens, Esq.

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, MICHELL R. SCHNEIDER, and MEDPORT, LLC,<br><br>    Defendants<br><br>JOHN H. SCHNEIDER,<br><br>    Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>    Counter-Defendant | CAUSE NO. **19-cv-48-F**<br><br>[PROPOSED] ORDER GRANTING DEFENDANT MEDPORT LLC'S MOTION FOR EXTENSION OF TIME TO FILE ITS ANSWER TO PLAINTIFF'S COMPLAINT |

**THIS MATTER** having come before the Court upon the motion of Defendant Medport, LLC pursuant to Rule 6.1(b) of the Local Rules of the United States District Court for the District of Wyoming for the purpose of granting Defendant Medport, LLC a fourteen (14) day extension of time to file its answer to Plaintiff Jimmie G. Biles, Jr., MD's Complaint. The Court reviewed this matter, and finds that the motion should be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medport, LLC shall file its responsive pleading to Plaintiff's Complaint on or before May 2, 2019.

DATED this _____ day of April 2019

_____
Mark L Carman
United States Magistrate Judge