GRANITE PEAK LAW PLLC
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com

Attorney for Defendant Medport LLC

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, MICHELL R. SCHNEIDER, and MEDPORT, LLC,<br><br>Defendants | CAUSE NO. 19-CV-48-F<br><br><br>AFFIDAVIT OF ADAM H. OWENS IN SUPPORT OF DEFENDANT MEDPORT LLC'S MOTION FOR EXTENSION OF TIME TO FILE ITS ANSWER TO PLAINTIFF'S COMPLAINT |
| JOHN H. SCHNEIDER,<br><br>Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>Counter-Defendant | |

I, Adam H. Owens, being first duly sworn under oath, state the following:

1. The information contained in this Affidavit is true and correct and is based upon my personal knowledge.

2. I am an attorney duly licensed to practice law in the States of Montana and California and am a partner in Granite Peak Law PLLC ("GPL") located at 2320 W. Main St., Suite 6A, Bozeman, MT 59718, with the mailing address of P.O. Box 635, Bozeman, MT 59771. My phone

number and email are 406.530.9119 and adam@granitepeaklaw.com, respectively.

3. Defendant Dr. John H. Schneider, Jr., MD is the principal for Defendant MEDPORT, LLC ("MEDPORT").

4. Dr. Schneider is currently incarcerated at the Federal Bureau of Prisons, Metropolitan Correctional Center in San Diego, California ("MCC").

5. GPL has represented and represents Defendant John H. Schneider and some of his companies, including MEDPORT, in other legal matters.

6. GPL does not represent Dr. Schneider individually in this action, but at the request of Dr. Schneider GPL has agreed to transcribe his hand written legal documents into typed documents and then file those documents with the Court on his behalf as a *pro se* defendant.

7. On April 9, 2019, GPL received by mail, Dr. Schneider's hand written answer to Plaintiff's Complaint requesting us to transcribe his answer and file with the court.

8. On April 10, 2019, GPL staff transcribed Dr. Schneider's hand written answer word for word into a typed document and filed the transcribed document and the handwritten signature page for the answer with the court via overnight UPS delivery to the Clerk's office. Apparently due to weather, Dr. Schneider's transcribed answer was not delivered to the Clerk's office until April 12, 2019.

9. In the early morning of Thursday, April 11, 2019, I travelled to Orlando, Florida on business for another legal matter. Upon arriving in Orlando, I learned MEDPORT had been served with Plaintiff's Complaint on March 28, 2019 through service of the Complaint upon the Wyoming Secretary of State as provided for in the returned Summons filed with the Court on April 11, 2019.

10. In the evening of Friday, April 12, 2019, I received an email from Corrlinks, the electronic online message service MCC provides for inmates to communicate with others. The email notified me that Dr. Schneider requested me to join his contact list for exchanging electronic

messages.

11. On the morning of April 15, 2019, my partner Gregory Costanza informed me that Dr. Schneider had engaged our firm to represent MEDPORT in this action. Shortly thereafter, I registered with Corrlinks to be added to Dr. Schneider's contact list for electronic correspondence.

12. On the morning of April 16, 2019, I received an email from Corrlinks that Dr. Schneider had sent electronic correspondence to me through Corrlinks.

13. From my limited to date use of Corrlinks, there appears to be at least a two-hour delay from when a sender sends a Corrlinks message, before the recipient of the message receives notification of and has access to the message. Further, Corrlinks does not have the ability for a sender to attach documents to messages sent through Corrlinks. The only way to send a document through Corrlinks is to cut and paste the document's contents into a Corrlinks message. As Corrlinks limits the number of characters in each message, depending on the size of the document to be sent, a sender may have to cut and paste the contents of a document into multiple messages in order to send the recipient all of the contents of the document. In addition to these issues, Dr. Schneider has limited daily access to a computer on which he can read and respond to Corrlinks messages.

14. On April 16, 2019, due to the difficulty I had communicating with Dr. Schneider through Corrlinks, I attempted to schedule a call with Dr. Schneider pursuant to information he relayed to me, which he received from MCC staff and other prisoners. I called MCC at 619.232.4311 ("MCC Number") in an attempt to schedule a call with Dr. Schneider to no avail. I attempted multiple phone calls to the MCC Number but was unable to reach anyone to discuss scheduling a call with Dr. Schneider. I attempted to speak to the operator through the main menu of the MCC Number, but it continuously rang without answer or an option to leave a voicemail. I then attempted to speak with MCC's legal department but was only able to leave a voicemail with an MCC senior

attorney, requesting a call back. To date, I have not received a return call from MCC's legal department or been able to speak with anyone at MCC to schedule a call with Dr. Schneider.

15. Around 3:00PM, on April 16, 2019, due to MEDPORT's answer to Plaintiff's complaint being due on April 18, 2019, not being retained by Medport until April 15, 2019, and my difficulty communicating with MEDPORT's principal Dr. Schneider, I sent an email to Plaintiff's counsel, R. Daniel Fleck and M. Kristeen Hand at Spence Law Firm, LLC, requesting consent for a fourteen (14) day extension of time to file MEDPORT's answer to the Complaint pursuant to Local Rule 6.1(b). A true and correct copy of this email request for extension and subsequent emails discussed herein is attached hereto and incorporated herein in full as Exhibit "A".

16. At 4:58PM, April 16, 2019, Mr. Fleck responded to my email. Mr. Fleck's email response avoided answering my request for extension and merely stated "your client already filed an answer, and claims he is representing himself."

17. At 5:49PM, April 16, 2019, I responded via email to Mr. Fleck, explaining:

"Medport is a separate entity from Mr. Schneider and regardless of [Dr. Schneider's] answer, Medport is permitted to have its own response to your client's allegations. In addition, as you are likely aware, as a separate legal entity, Medport's interests must be represented by counsel, not [Dr.] Schneider. I am in a difficult position of having very limited information about this case and need additional time to secure the relevant information to adequately represent my client, thus my request for an extension. So, I will ask again, will you consent to me having an additional 14 days under local rule 6.1(B) to answer your client's complaint on behalf of Medport?"

18. Mr. Fleck again denied the request for extension. At 8:57PM, Mr. Fleck's email response erroneously claimed my office "e-filed an answer for Mr. Schneider and Medport." Mr. Fleck further stated: "[Dr. Schneider] asserted that Medport was his alter ego, and that he was representing and answering for himself and Medport. So, since he answered, I'd say the point is moot."

19. While it is true my office filed Dr. Schneider's response, we do not represent Dr.

Schneider individually in this matter and are only assisting with transcribing his handwritten and Corrlinks messages into Microsoft Word documents that we then print and mail to the Court for filing on Dr. Schneider's behalf as a *pro se* Defendant. As such, GPL does not have the ability or authorization to e-file Dr. Schneider's *pro se* court documents through the CM/ECF system.

20.   Since April 15, 2019, I have on multiple occasions corresponded with Dr. Schneider through Corrlinks in an effort to obtain the relevant information I need to adequately prepare MEDPORT's answer to Plaintiff's Complaint and to effectively and reasonably represent MEDPORT in this action. Due to the limitations of Corrlinks and Dr. Schneider's access to Corrlinks and my inability to speak with Dr. Schneider by telephone, I have had difficulty obtaining the information needed to file MEDPORT's response to Plaintiff's Complaint by the April 18, 2019 filing deadline. As a result of this difficulty, I have filed with the Court a request for an extension of time to respond through the Motion to which this affidavit is attached.

Further affiant sayeth naught.

DATED: April 18, 2019

By: Adam H. Owens, Esq.

State of Montana   )
County of Gallatin )

The foregoing Affidavit was subscribed and sworn before me this 18th day of April 2019.

[Seal]

MERRI J KETTERER
Notary Public
for the State of Montana
Residing at:
Bozeman, Montana
My Commission Expires:
March 13, 2021

Notary Public for the State of Montana
residing at Bozeman
My commission expires March 13, 2021