Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| JIMMIE G. BILES, | ) | |
| | ) | Docket No. 19-CV-48-F |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN H. SCHNEIDER, JR.; | ) | |
| MICHELLE R. SCHNEIDER; | ) | |
| And MEDPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**JIMMIE G. BILES' MOTION TO STRIKE**
**DEFENDANT JOHN H. SCHNEIDER JR.'S COUNTERCLAIM**

Plaintiff, Jimmie G. Biles ("Dr. Biles"), by and through his counsel, Anna Reeves Olson of Park Street Law Office, and pursuant to FED.R.CIV.P. 12(f), moves this Court to strike Defendant Schneider's Counterclaim.

**Legal Standard & Argument**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "The purpose of Rule 12(f) is to save time and expenses that would be spent litigating issues that will not affect the outcome of the case." *Hockaday v. Aries Logistics, Inc.*, 14-CV-260-J, 2015 WL 13752620, at *2 (D. Wyo. Aug. 20, 2015). Though generally disfavored, motions to strike "may be granted within

the sound discretion of the Court." *Hockaday v. Aries Logistics, Inc.*, 14-CV-260-J, 2015 WL 13752620, at *2 (D. Wyo. Aug. 20, 2015) (internal citations omitted).

A motion to strike should be granted when a party demonstrates that a "pleading is redundant, immaterial, impertinent, or scandalous," and that it "will be unduly prejudiced if the allegations are not stricken." *Sinclair Wyo. Refinery Co. v. A&B Builders, Ltd*, 15-CV-91-ABJ, 2018 WL 4677793, at *5 (D. Wyo. Jan. 23, 2018) (internal citations omitted). Pleadings "are immaterial if they have no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* (internal citations omitted). Impertinent pleadings "do not pertain, and are not necessary, to the issue in question." *Id.* (internal citations omitted). A "pleading is scandalous if it 'improperly casts a derogatory light on someone, most typically the party to the action.'" *Id.* (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 1382 (3d. ed. April 2017).

In the matter before this Court, Defendant Schneider purports to file a *Counterclaim*. Although the Court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Defendant Schneider makes bizarre claims relating to the prior litigation before this Court, claiming that Plaintiff "authorized and was aware of any and all methods the [law firm] utilized in information discovery in this case." Doc. 21, p. 5; ¶2 (Counterclaim). The *Counterclaim* goes on to request that Plaintiff "be held civilly and criminally liable for methods of electronic document intrusion and auditory surveillance of private property employed by his legal counsel, to be demonstrated through discovery to this court." *Id.* This allegation is absent of any facts and Defendant Schneider goes on to make further accusations regarding Plaintiff's

counsel's conduct in the prior litigation without any factual basis. *Id*. at pp. 5-6; ¶¶2, 4.

Through a tortured history of litigation, Defendant Schneider has used the forum of this Court as a platform to abuse and punish Dr. Biles and to make false and outlandish statements against Dr. Biles. *See generally* "Status Conference" April 26, 2012, *Biles vs. Schneider et.al, Case No. 11-CV-366-F*; *see also Bd. of Pro. Responsibility, Wyoming State Bar vs. Laurence W. Stinson*, 2014 WY 134 2014 at ¶¶45 & 51 (Wyo. 2014). He is now using pleadings in this matter to assert wild claims for the first time against Counsel relating to a litigation that ended with a settlement agreement and release in 2012, without a hint of factual support.

As the accusations squarely fit within Rule 12(f) as ". . . immaterial, impertinent, or scandalous . . ." and the Court may use its discretion to strike these matters accordingly. Defendant Schneider is simply using his "*Counterclaim*" to make unsupported allegations against the Plaintiff and Plaintiff's counsel, which does nothing more than subject the Plaintiff to undue prejudice and harassment.

DATED this 1st day of May 2019.

/*Anna Reeves Olson*
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorney for Plaintiff Biles*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 1st day of May 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addresses:

| | |
|---|---|
| The Spence Law Firm, LLC | Adam H Owens |
| R. Daniel Fleck | Gregory G Costanza |
| M. Kristeen Hand | GRANITE PEAK LAW LLC |
| 15 South Jackson | PO Box 635 |
| P.O. Box 548 | Bozeman, MT 59771 |
| Jackson, WY 83001 | 406/530-9119 |
| *fleck@spencelawyers.com* | *adam@granitepeaklaw.com* |
| *hand@spencelawyers.com* | *gregory@granitepeaklaw.com* |
| *Attorneys for Plaintiff* | *Attorneys for MedPort LLC* |

  And also certify this was sent via U.S. Mail to:

John H Schneider, Jr
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
  *PRO SE*

            /*Anna Reeves Olson*
            Anna Reeves Olson