GRANITE PEAK LAW PLLC
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com

Attorney for Defendant MEDPORT LLC

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

JIMMIE G. BILES, JR., MD,

Plaintiff

v.

JOHN H. SCHNEIDER, MICHELLE R. SCHNEIDER, and MEDPORT, LLC,

Defendants

---

JOHN H. SCHNEIDER,

Counter-Claimant

v.

JIMMIE G. BILES, JR.,

Counter-Defendant

Cause No. 19-CV-48-F

**DEFENDANT MEDPORT LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant MEDPORT, LLC ("MEDPORT"), hereby answers the Complaint filed by Plaintiff Jimmie G. Biles, Jr., MD and admits, denies and alleges as follows:

## ANSWER TO COMPLAINT

## PARTIES

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant MEDPORT, LLC lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 of the complaint, and therefore denies the same.
2. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.
3. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.
4. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.
5. Regarding Paragraph 5, MEDPORT LLC is a Wyoming Limited Liability Company registered to do business in Wyoming only. Defendant MEDPORT, LLC denies all other allegations contained in Paragraph 5.
6. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.
7. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.
8. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.
9. Defendant MEDPORT, LLC does not believe a response to Paragraph 9 of the Complaint is required. However, if an answer is required, MEDPORT, LLC denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.
10. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 10 of Plaintiff's

Complaint.

11. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 11 of Plaintiff's Complaint as Defendant JOHN SCHNEIDER alone, except for website control and publication of all information create by employees of JTech Corporation of Bozeman, Montana, controls the website.

12. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In response to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant MEDPORT, LLC lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the complaint, and therefore denies the same.

**JURISDICTION AND VENUE**

18. Defendant MEDPORT, LLC realleges and incorporates by reference its answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

19. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Regarding Paragraph 20, MEDPORT LLC is a registered Wyoming Limited Liability Company but is not currently conducting business in the state of Wyoming. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.
21. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.
22. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.
23. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.
24. Regarding Paragraph 24, All information on referenced website, including but not limited to Jimmie Biles, is accurate and factual and independently verifiable, therefore, defendant MEDPORT, LLC denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.
25. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.
26. In response to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant MEDPORT, LLC lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the complaint, and therefore denies the same.

**STATEMENT OF FACTS AND CONSPIRACY**

27. Defendant MEDPORT, LLC realleges and incorporates by reference its answers to the previous allegations contained in the paragraphs above as though fully set forth herein.
28. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.
29. Regarding the allegations contained in Paragraph 29, Defendant MEDPORT, LLC admits Defendant sued JOHN SCHNEIDER, MICHELLE SCHNEIDER, and Lisa Fallon.

Defendant MEDPORT LLC denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Regarding Paragraph 32, Defendant MEDPORT, LLC's denies JOHN SCHNEIDER began a prison term on February 21, 2019, the actual date was February 19, 2019. Defendant MEDPORT, LLC admits JOHN SCHNEIDER's prison term is being served at Metropolitan Correctional Center in San Diego, California as the result of his guilty plea to bankruptcy fraud. However, JOHN SCHNEIDER currently, through his Attorney Steven Preziosi, has filed an appeal requesting re-sentencing before the 9th Circuit Court of Appeals due to ineffective assistance of counsel.

33. In response to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendant MEDPORT, LLC lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the complaint, and therefore denies the same.

34. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Regarding Paragraph 36, The referenced website is exclusively owned by JOHN SCHNEIDER, and created, edited, written by, and controlled by JTech Communication of Bozeman, Montana and Defendant JOHN SCHNEIDER at JOHN SCHNEIDER's direction. As the sole owner of MEDPORT, LLC, John Schneider took the website as a

distribution from MEDPORT, LLC and continued to use the website for his own purpose and not as an asset of MEDPORT, LLC. All revenue from the website was distributed solely to JOHN SCHNEIDER and not to MEDPORT, LLC, and all costs to develop and market the website came directly from JOHN SCHNEIDER and not from MEDPORT, LLC. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**

Breach of Contract

41. Defendant MEDPORT, LLC realleges and incorporates by reference its answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

42. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant MEDPORT, LLC admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**

Intentional Infliction of Emotional Distress

58. Defendant MEDPORT, LLC realleges and incorporates by reference its answers to the previous allegations contained in the paragraphs above as though fully set forth herein.
59. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.
60. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.
61. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.
62. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.
63. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**

Joint Enterprise

64. Defendant MEDPORT, LLC realleges and incorporates by reference its answers to the previous allegations contained in the paragraphs above as though fully set forth herein.
65. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.
66. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 66 of Plaintiff's

Complaint.

67. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

**REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

70. Defendant MEDPORT LLC does not believe a response to Paragraph 70 is required, provided such a response is required Defendant MEDPORT, LLC denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant MEDPORT LLC does not believe a response to Paragraph 75 is required, provided such a response is required, Defendant MEDPORT, LLC denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

**DAMAGES**

76. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant MEDPORT, LLC denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted because no breach of contract has occurred.

2. Plaintiff fails to state a claim upon which relief can be granted because Defendant MEDPORT lacks privity of contract with Plaintiff and thus owes no contractual duties to Plaintiff.

3. Plaintiff fails to state a claim upon which relief can be granted because Defendant MEDPORT never directed or authorized the conduct in question.

4. Plaintiff fails to state a claim upon which relief can be granted because the information in question is already in the public domain.

5. Plaintiff's claim is barred by the doctrine of waiver because the information in question has been published in public court files and documents or newspapers since at least December 14, 2010.

6. Plaintiff's claim is barred by illegality and violation of public policy to the extent it attempts to stifle or frustrate the Wyoming Board of Medicine from exercising its authority under W.S. § 33-26-202.

7. Plaintiff's claim is void for vagueness to the extent the term disparagement is ambiguous.

8. Plaintiff's claim is barred to the extent Plaintiff has suffered no discernable loss in credit, esteem, regard or confidence that Plaintiff may have enjoyed prior to the acts in question.

9. Defendant MEDPORT asserts that the liquidated damages clause of the contract at issue is an unenforceable penalty because it imposes an obligation that is extravagant, exorbitant or unconscionable. Such clause is disproportionate to any legitimate business interest held by Plaintiff and is not a genuine pre-estimate of loss.
10. Plaintiff has suffered no legally cognizable loss attributable to the acts or omissions of Defendant MEDPORT.
11. Plaintiff's alleged injuries and damages were caused in whole or part by the acts or omissions of others for whose conduct Defendant is not responsible.
12. There is no proximate cause between any action on the part of Defendant MEDPORT and Plaintiff's alleged damages.
13. Plaintiff's damages claims are barred because they are speculative and unsubstantiated.
14. Plaintiff fails to allege with specificity their special damages.
15. Plaintiff's claims are barred by the corporate shield of Defendant MEDPORT.
16. Plaintiff's claims are barred by the doctrine of unclean hands.
17. Plaintiff's claims are barred by the doctrine of estoppel and collateral estoppel.
18. Plaintiff's claims are barred by the doctrine of laches.
19. At the time of filing this Answer, Defendant MEDPORT has neither commenced nor completed discovery in this action. MEDPORT hereby gives notice that it intends to rely upon any other and additional defenses that may become available or appear during or as a result of the discovery proceedings in this action and hereby reserves its right to amend its Answer and Affirmative Defenses to the Complaint to assert such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant MEDPORT respectfully requests this Court to enter an order denying Plaintiff's claims for relief, awarding Defendant MEDPORT their attorneys' fees, costs, and expert witness fees incurred in defending against Plaintiff's claims, and granting such other, further, or different relief as this Court deems just and necessary.

**DEMAND FOR JURY TRIAL**

Comes now Defendant MEDPORT, LLC, requests this matter be tried to a jury.

DATED: May 2, 2019

/s/ Adam H. Owens
Adam H. Owens, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May 2019, a copy of the foregoing document was served on the following persons via CM/ECF:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248

Attorneys for Plaintiff

/s/Adam H. Owens

I hereby certify that on the 2nd day of May 2019, a copy of the foregoing document was mailed to the following persons via USPS:

John H Schneider, Jr

Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
PRO SE

/s/ Julie Nelson
Paralegal
Granite Peak Law, PLLC