John H. Schneider, MD, MS-ADR
Reg # 64084298
Metropolitan Correction Center
808 Union St.
San Diego, CA 92101
*Pro Se Defendant*



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAY 16 AM 11:09

STEPHAN HARRIS, CLERK
CHEYENNE

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, MICHELLE R. SCHNEIDER, and MEDPORT, LLC,<br><br>Defendants | CAUSE NO. 19-CV-48-F<br><br>JOHN SCHNEIDER'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND FIRST AMENDED COUNTERCLAIMS |
| JOHN H. SCHNEIDER,<br><br>Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>Counter-Defendant | |

COME NOW John H. Schneider Jr., as a pro se Defendant and Counter-Plaintiff, representing himself, hereby submits to the Court his first amended answer and first amended counterclaims pursuant to F.R.C.P. 15(a)(1)(B). The court is notified that I, John H. Schneider, am incarcerated at the Metropolitan Correction Center and must receive all legal correspondence

FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, & FIRST AMENDED
COUNTERCLAIMS                                                                                          Page 1

certified to my attention for John H. Schneider. Upon change of address, I shall promptly notify the court during this litigation.

## FIRST AMENDED ANSWER TO COMPLAINT

### PARTIES

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 of the complaint, and therefore denies the same.

2. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Regarding Paragraph 5, MEDPORT LLC is a Wyoming Limited Liability Company registered to do business in Wyoming. Defendant JOHN SCHNEIDER denies all other allegations contained in Paragraph 5.

6. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Regarding Paragraph 11, Defendant JOHN SCHNEIDER alone, except for website control and publication of all information created by employees of JTech Corporation of Bozeman, Montana, controls the website www.healthcare-malpractice.com. Defendant JOHN SCHNEIDER denies all other allegations contained in Paragraph 11.

12. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In response to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the complaint, and therefore denies the same.

## JURISDICTION AND VENUE

18. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

19. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 19 of

Plaintiff's Complaint.

20. Regarding Paragraph 20, MEDPORT LLC is a registered Wyoming Limited Liability Company but is not currently conducting business in the state of Wyoming. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Regarding Paragraph 24, All information on referenced website, including but not limited to Jimmie Biles, is accurate, factual and independently verifiable. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. In response to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the complaint, and therefore denies the same.

## STATEMENT OF FACTS AND CONSPIRACY

27. Defendant John H. Schneider realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein,

28. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 28 of

Plaintiff's Complaint.

29. Defendant JOHN SCHNEIDER admits Plaintiff sued JOHN SCHNEIDER, MICHELLE SCHNEIDER, and Lisa Fallon. Defendant JOHN SCHNEIDER denies remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Regarding Paragraph 32, Defendant JOHN SCHNEIDER denies he began a prison term on February 21, 2019, the actual date was February 19, 2019. Defendant JOHN SCHNEIDER admits his prison term is being served at the Metropolitan Correctional Center in San Diego, CA as the result of his guilty plea to bankruptcy fraud. However, JOHN SCHNEIDER currently, through his Attorney Steve Preziosi, has filed an appeal requesting re-sentencing before the 9th Circuit Court of Appeals due to ineffective assistance of counsel.

33. In response to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the complaint, and therefore denies the same.

34. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Regarding Paragraph 36, the referenced website is exclusively hosted and controlled by

JTech communication of Bozeman, Montana and Defendant JOHN SCHNEIDER. As the sole owner of MEDPORT, LLC, JOHN SCHNEIDER took the website as a distribution from MEDPORT, LLC and continued to use the website for his own purpose and not as an asset of Medport, LLC. All revenue from the website was distributed solely to JOHN SCHNEIDER and not to Medport, LLC, and all costs to develop and market the website came directly from JOHN SCHNEIDER and not from Medport, LLC. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

41. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

42. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 44 of

Plaintiff's Complaint.

45. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 56 of

Plaintiff's Complaint.

57. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

59. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### JOINT ENTERPRISE

64. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

65. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 66 of

Plaintiff's Complaint.

67. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

70. Defendant JOHN SCHNEIDER does not believe a response to Paragraph 70 is required, provided such a response is required, Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant JOHN SCHNEIDER does not believe a response to Paragraph 75 is required, provided such a response is required, Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## DAMAGES

76. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff Biles fails to state a claim upon which relief can be granted because no breach of contract has occurred by Defendant Schneider.

2. Plaintiff fails to state a claim upon which relief can be granted because the information in question is already in the public domain.

3. Plaintiff's claims is barred by the doctrine of waiver because the information in question has been published in public court files and documents or newspapers since at least December 14, 2010.

4. Plaintiff's claims are barred by illegality and violation of public policy to the extent it attempts to stifle or frustrate the Wyoming Board of Medicine from exercising its authority under W.S. § 33-26-202.

5. Plaintiff's claims are void for vagueness to the extent the term disparagement is ambiguous.

6. Plaintiff's claims are barred to the extent Plaintiff has suffered no discernable loss in credit, esteem, regard or confidence that Plaintiff might have enjoyed prior to the acts in question.

7. Defendant Schneider asserts that the liquidated damages clause of the contract at issue is an unenforceable penalty because it imposes an obligation that is extravagant, exorbitant or unconscionable. Such clause is disproportionate to any legitimate business interest held by Plaintiff and is not a genuine pre-estimate of loss.

8. Plaintiff has suffered no legally cognizable loss attributable to the acts or omissions of Defendant Schneider.

9. Plaintiff's alleged injuries and damages were caused in whole or part by the acts or omissions of others for whose conduct Defendant Schneider is not responsible.

10. There is no proximate cause between any action on the part of Defendant Schneider and Plaintiff's alleged damages.

11. Plaintiff's damages claims are barred because they are speculative and unsubstantiated.

12. Plaintiff fails to allege with specificity their special damages.

13. Plaintiff's claims are barred by the doctrine of unclean hands.

14. Plaintiff's claims are barred by the doctrine of estoppel and collateral estoppel.

15. Plaintiff's claims are barred by the doctrine of laches.

16. Plaintiff's claim for Intentional Infliction of Emotional Distress fails to state a claim for which relief can be granted.

17. At the time of filing this Answer, Defendant Schneider has neither commenced nor completed discovery in this action. Defendant Schneider hereby gives notice that he intends to rely upon any other and additional defenses that may become available or appear during or as a result of the discovery proceedings in this action and hereby reserves his right to amend his First Amended Answer and Affirmative Defenses to the Complaint to assert such defenses.

## FIRST AMENDED COUNTERCLAIM

### Breach of Contract

1. Defendant and counter-Plaintiff John H. Schneider notifies the court of this counterclaim against counter-defendant Biles.

2. Counter-Plaintiff John H. Schneider requests a finding of breach of contract against Biles for his discussion with Cody medical staff, and Biles' former employees and family

members of details protected by the confidentiality clause of the settlement agreement in question.

3. Counter-Plaintiff John H. Schneider requests the court hold Jimmie Biles liable for directing or acting with his employed legal counsel (Biles and his legal counsel, together constituting the "Biles Team") to continually breach the settlement agreement through presentation of distorted "facts," including false claims and conclusions by the Biles Team to the media, civilian non-parties, legal and administrative panels, all designed to destroy the livelihood and reputation of John H. Schneider and in breach of the settlement agreement in question.

4. As a direct and proximate result of the Biles Team's actions as described above, counter-Plaintiff Schneider's reputation and livelihood was wrongfully damaged.

5. As a direct and proximate result of the reckless, willful, wanton and intentional conduct of the Biles Team as described herein, counter-Plaintiff John H. Schneider has incurred the following damages:

    a. General damages, including injury to reputation, loss of credibility among peers, patients and the public, and all other general damages;

    b. Lost business, past and future;

    c. Loss of profits, past and future;

    d. Loss of earning capacity;

    e. Loss of enjoyment of life, past and future;

    f. Emotional pain and suffering, including anxiety, depression and other mental suffering, past and future;

g. Exemplary and punitive damages as a result of the malicious, intentional, willful, wanton and reckless conduct of the Biles Team as described herein;

h. Attorney fees and costs of this action, as required by contract; and

i. Such other relief as the Court deems equitable and proper.

WHEREFORE, John H. Schneider requests the court dismiss all claims against Medport, LLC and Michelle Schneider as entwined entities, and find the Biles Team allegations and definition of "The Schneider Defendants" to be a fiction without merit or substance.

Wherefore, counter-Plaintiff requests the following relief:

1. Judgment against the Biles Team for damages presumed as a result of the breach of contract, and the breach of the covenant of good faith and fair dealing.

2. Judgment against the Biles Team for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against the Biles Team for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

4. Judgment against the Biles Team for exemplary and punitive damages in an amount consistent with the allegations contained herein to be proven at trial.

5. Judgment against the Biles Team for liquidated damages, costs, interest, and such other and further relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Defendant and Counter-Plaintiff John H. Schneider, as *pro se* litigant, requests this matter be tried to a jury.

{SIGNATURE PAGE FOLLOWS}

The Attached is subscribed and sworn by me, John H. Schneider, MD MS-ADR on this date:

*[signature]*

CERTIFICATE OF SERVICE

I, Adam H. Owens hereby certify that on the 15th day of May 2019, a copy of the foregoing document was served via first class mail to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248

Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com

Attorney for Plaintiff

Via Personal Delivery to:

Granite Peak Law PLLC
Adam H. Owens
Gregory Costanza
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com

Attorneys for Medport, LLC

_____
Adam H. Owens