Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JIMMIE G. BILES, | ) | |
| | ) | Docket No. 19-CV-48-F |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN H. SCHNEIDER, JR.; | ) | |
| MICHELLE R. SCHNEIDER; | ) | |
| And MEDPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## JIMMIE G. BILES' MEMORANDUM OF LAW IN SUPPORT OF HIS
## MOTION TO DISMISS DEFENDANT JOHN H. SCHNEIDER'S
## FIRST AMENDED COUNTERCLAIMS

Plaintiff, Jimmie G. Biles ("Dr. Biles"), by and through his counsel, Anna Reeves Olson

of Park Street Law Office, and pursuant to F.R.C.P. 12(b)(6), moves this Court for an order

dismissing Defendant John H. Schneider's *First Amended Counterclaims* (see, ECF No. 33) on

the basis that he has failed to state a claim for relief "that is plausible on its face," *Ashcroft v.

Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).

## INTRODUCTION

On March 8, 2019, Plaintiff, Jimmie G. Biles, M.D., filed his *Complaint, Request for

Temporary Restraining Order and Preliminary Injunction and Demand for Jury Trial*

("Complaint") against, *inter alia,* Defendant John H. Schneider.  *See generally* Doc. 1.  The *Complaint* provides that on May 12, 2012, Defendant Schneider and Dr. Biles executed a confidential Settlement Agreement that resolved the pending litigation between them, namely: *Biles v. Schneider,* No. 2:11-cv-00366-NDF and *Biles v. Fallon,* No. 2:11-cv-00294-NDF.  *Id.* at ¶¶2, 29, 30, 31, 42-43.  Dr. Biles also alleges that approximately seven years later, in early 2019, Defendant Schneider intentionally breached the Settlement Agreement by proceeding to post disparaging and defamatory material regarding Dr. Biles on Facebook and on a website entitled "Healthcare-Malpractice.com."[1]  *Id.* at ¶¶33-34; 43-57.  Dr. Biles seeks both general and specific damages for Defendant Schneider's conduct.  *Id.* at ¶¶76-77.

On April 12, 2019, Defendant Schneider, proceeding *pro se,* answered the *Complaint* and filed a *Counterclaim* against Dr. Biles.  *See generally* Doc. 21 (*Answer to Complaint and Counterclaims*).  In his *Answer,* Defendant Schneider denied that the Settlement Agreement resolved the previous litigation and also denied that Dr. Biles had set forth the material terms of the Settlement Agreement.  Doc. 21 at p. 4; ¶17.  With regard to his initial *Counterclaim,* Defendant Schneider did not plead any specific causes of action against Dr. Biles, but the following claims could be gleaned from his pleading:

COUNTERCLAIM 1:   INVASION OF PRIVACY/INTRUSION UPON SECLUSION.   Defendant Schneider claimed that on some unknown date, Dr. Biles, through his attorneys, R. Daniel Fleck and M. Kristeen Hand, committed "electronic document intrusion and auditory surveillance of private property."  Doc. 21 at p. 5.

COUNTERCLAIM 2:   BREACH OF CONTRACT.   Defendant Schneider claimed that on

---

[1] Defendant Schneider, directly and by innuendo, admits in his Answer that he also disseminated this material in violation of the Contract to other physicians, within the bankruptcy courts, to the U.S. District Court, District of Montana, and to the United States Court of Appeals, Ninth Circuit.   *See* Doc. 21, ¶¶12, 13 & 23 (Answer to Complaint and Counterclaims).

some date unknown, Dr. Biles breached the confidentiality provisions of the Settlement Agreement by discussing its terms with "Cody medical staff and his former employees and family members." *Id.* at p. 6; ¶3.

COUNTERCLAIM 3:    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED"). Defendant Schneider claimed that on some unknown date, Dr. Biles intentionally inflicted emotional harm on Mr. Schneider by breaching the Settlement Agreement and presenting "distorted 'facts,' false claims and conclusions . . . to the media, civilian non-parties, legal and administrative panels." *Id.* at p. 6; ¶4.

On May 1, 2019, Dr. Biles moved to dismiss Mr. Schneider's *Counterclaim. See* Docs. 30 and 31 (*Motion & Memorandum in Support*).   On May 16, 2019, Mr. Schneider, without leave of court, filed his *First Amended Answer, Affirmative defenses and First Amended Counterclaims. See generally* Doc. 33.   In this amended pleading, Mr. Schneider voluntarily removed his Invasion of Privacy and IIED counterclaims, but continues with his Breach of Contract Counterclaim. *Id.* at pp. 11-12 at ¶¶1-5.

Mr. Schneider's new breach of contract counterclaim alleges that on some unknown date, Dr. Biles breached the settlement agreement by discussing "details protected by the confidentiality clause of the settlement agreement" with "Cody medical staff, and [Dr.] Biles' former employees and family members."   Doc. 33 at pp. 11-12, ¶2.   Defendant Schneider also alleges that this Court hold Dr. Biles liable "for directing or acting with his employed legal counsel . . . to continually breach the settlement agreement though presentation of distorted 'facts' . . . to the media, civilian non-parties, legal and administrative panels, . . .." *Id.* at p. 12, ¶3.

As set forth below, Mr. Schneider's amended counterclaim must also be dismissed.

<u>STANDARD OF REVIEW</u>

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  Legitimate, non-conclusory factual allegations, to satisfy the plausibility requirement, must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct that is alleged." *Id.* at 678.

"Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss; rather, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead, "a complaint must allege facts suggestive of [the prohibited] conduct." *Id.* at 588, n. 8.

Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim.  When a *pro se* plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Twombly*, 550 U.S. at 569 (overruling *Conley v. Gibson*, 355 U.S. 41 (1967)).

<u>ARGUMENT</u>

I.    THE FACTUAL ALLEGATIONS IN DEFENDANT SCHNEIDER'S AMENDED COUNTERCLAIM ARE INSUFFICIENT TO STATE A BREACH OF CONTRACT COUNTERCLAIM.

As set forth above, the United States Supreme Court's *Iqbal* and *Twombly* decisions "not only [ ] weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also [ ] inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility L.L.C.,* 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.")). Indeed, the *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 555 U.S. 591, n.10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Robbins,* 519 F.3d at 1248.

1.  BREACH OF CONTRACT

Under Wyoming law, parties asserting claims for breach of contract must allege and prove that: (1) there was a binding contract; (2) the terms of the contract; (3) the opposing party breached one or more terms of the contract; and (4) the breach caused damages. *See, e.g., Schlinger v. McGhee*, 268 P.3d 264, 268 (Wyo. 2012) ("The elements for a breach of contract

claim consist of a lawfully enforceable contract, an unjustified failure to timely perform all or any part of what is promised therein, and entitlement of injured party to damages.").

Here, Defendant Schneider's breach of contract counterclaim must be dismissed because he has failed to adequately plead the claim. Although Defendant Schneider now admits the existence of a valid and binding contract between himself and Dr. Biles, *see* Doc. 33 at p. 6, ¶¶ 42, 43, he does not set forth any facts or circumstances relating to Dr. Biles' alleged breach of the contract, *id.* at pp. 11-12. Instead, Defendant Schneider simply makes the conclusory statement that Dr. Biles is liable for breach of contract because he has had "discussions with Cody medical staff and his former employees and family members of details protected by the prior settlement confidentiality agreement." *Id.* at pp. 11-12; ¶2.

Defendant Schneider also does not provide any timeframe of when the alleged "discussions" took place, who the "discussions" took place with, what was allegedly stated by Dr. Biles, or how Dr. Biles' purported statements violated the settlement agreement. As Defendant Schneider does not mention any timeframe, place, or person, as mandated by *Twombly*, 555 U.S. 591, n. 10, Defendant Schneider has failed to sufficiently plead his breach of contract counterclaim and it must be dismissed. *See Ashcroft*, *supra*, 556 U.S. at 678 ("Labels and conclusions" do not suffice to state a claim).

## CONCLUSION

It is respectfully requested that Defendant Schneider's *First Amended Counterclaim* be dismissed as set forth above.

DATED this 29th day of May 2019.

s/Anna Reeves Olson
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 facsimile

Attorney for Plaintiff Biles

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addresses:

| | |
|---|---|
| The Spence Law Firm, LLC | Adam H Owens |
| R. Daniel Fleck | Gregory G Costanza |
| M. Kristeen Hand | GRANITE PEAK LAW LLC |
| 15 South Jackson | PO Box 635 |
| P.O. Box 548 | Bozeman, MT 59771 |
| Jackson, WY 83001 | 406/530-9119 |
| fleck@spencelawyers.com | adam@granitepeaklaw.com |
| hand@spencelawyers.com | gregory@granitepeaklaw.com |
| Attorneys for Plaintiff | Attorneys for MedPort LLC |

And also certify this was sent via U.S. Mail to:

John H Schneider, Jr
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
        PRO SE

/Anna Reeves Olson
Anna Reeves Olson