John H. Schneider, MD, MS-ADR
Reg# 64084298
Metropolitan Correction Center
808 Union St
San Diego, CA 92101

Pro Se Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUN 13   AM 11 07

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | CAUSE NO. 19-CV-48-F |
| Plaintiff | |
| v. | |
| JOHN H. SCHNEIDER; and MEDPORT, LLC, | **DEFENDANT AND COUNTER-CLAIMANT JOHN H. SCHNEIDER, JR.'S RESPONSE TO PLAINTIFF AND COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM** |
| Defendants | |
| JOHN H. SCHNEIDER, | |
| Counter-Claimant | |
| v. | |
| JIMMIE G. BILES, JR., | |
| Counter-Defendant | |

COME NOW, Defendant and Counter-Claimant JOHN H. SCHNEIDER, hereby files his

response to Plaintiff and Counter-Defendant, Jimmy Biles' Motion to Dismiss filed with the Court

on May 29th, 2019, requesting this court dismiss the amended counter-claim John H. Schneider filed against Jimmie Biles on May 16th, 2019.

John H. Schneider requests this court take notice that Schneider has received no direct communication from Biles in this case following the initial service of the original complaint in March 2019 at 808 Union St in San Diego County, San Diego, CA and to date has not received a copy of Biles' Motion to Dismiss. Schneider became aware of this court's denial of Biles' first Motion to Dismiss Schneider's counter-claims as well as the recent Motion to Dismiss Schneider's First Amended Counter-claim through the limited email exchange under the Federal Bureau of Prisons notification system from Medport LLC counsel as a courtesy communication.

Attorney for Biles argues that John H. Schneider has not provided any evidence supporting Schneider's claims that Biles breeched the settlement agreement contract signed by Biles and John Schneider in May of 2012. Biles' arguments before this court neglect mentioning the well documented and voluminous lay press articles directly quoting agents of Biles, members of the Spence law firm, including Danial Fleck and Kristine Hand, whose first breech of the settlement agreement contract began post settlement on May 15th, 2012 with an interview by CJ Baker of the Powell Wyoming Tribune titles "Damning emails from Dr. Schneider uncovered." Fleck, as Biles surrogate, continued this breech of the settlement agreement influencing the lay press to bias and prejudice this court and the Wyoming jury pool requested by both Biles and Schneider to adjudicate this case.

On multiple occasions between 2012-2018, Fleck and Hand breached the settlement agreement through editorialization and false testimony, providing skewed, damaging, inaccurate and false information to the lay press, unassociated members of the court in Montana and Wyoming,

and law enforcement personnel regarding the complete discovery of information in the original *Biles v. Schneider* litigation. Fleck has even intimated, without concrete or factual knowledge, that Schneider bribed Lisa Fallon, prior co-defendant in *Biles v. Schneider*, and attempted to cause Fallon to provide false testimony to this court, and even was the paternal biological father of one of Fallon's children. None of these allegations were ever proven, despite Fleck's referral of the case to the Wyoming Attorney General for criminal investigation.

Nevertheless, as Biles agent and surrogate, Fleck and his cronies continue to espouse this information as indisputable facts against Schneider, irreparably damaging Schneider's reputation and medical career and in clear violation of the confidentiality and non-disparagement clauses of the settlement agreement. Fleck has gone to extreme measures on behalf of, and at the direction of Biles, to influence the outcome of unrelated litigation in both civil and criminal courts related to Schneider through proffered false testimony and disparaging non-factual testimonials.

Fleck, in the above referenced post settlement Powell tribune article from May 15, 2012, is quoted as saying, "This case is utterly and completely built on deceit... what they did to Jimmie Biles is atrocious...". In fact, evidence in this current case demonstrates Fleck's proclivity to misinform the public through his misdirection and false representation, despite proclaiming the validity of his statements, all at the direction of Biles.

Fleck's misrepresentation of Schneider's thousands of electronic communications with co-defendant Fallon in 2011 and 2012 was based on evidence collected by Fleck who selected less than 10 communications and fabricated a distorted fact pattern on behalf of his client. Regardless, the settlement contract of 2012 sealed these proceedings and evidence, yet when subsequent subpoena request for all of the Schneider-Fallon communications were made to the Spence law firm during

subsequent administrative and legal proceedings, Fleck provided only his selected few emails from thousands to represent his version of the facts, continuing to influence and bias subsequent court proceedings with false information, breeching the settlement agreement of 2012 in conversation with counsel adverse to Schneider, all at the instruction of Biles. Fleck and Hand are both agents and surrogates of Biles. Biles must be held accountable in this court for the actions of his agents and surrogates who breeched the 2012 settlement agreement with flagrant disregard, dismissing the authority of this court's confirmation of the settlement agreement as irrelevant.

The court is notified that the contractual language in the May 2012 settlement agreement states, "The parties agree not to disparage each other personally or professionally or TO USE SURROGATES OR OTHER ENTITIES TO DO THE SAME." John H. Schneider's pleadings include adequate information notifying Biles that he breeched the May 2012 agreement through the news dissemination actions of his agents and surrogate attorneys acting at his direction. As Biles employed these agents and surrogates, under Wyoming law, Biles is liable for their actions, including their repetitive breech of the May 2012 settlement agreement.

Plaintiff Schneider requests this court take notice that because of Schneider's current incarceration with the Federal Bureau of Prisons, Schneider cannot research, receive, locate or send specific articles and references to this court beyond this abbreviated motion and reference due to Federal Bureau of Prisons restrictions that are immutable. Schneider has not elected to or purposely disregarded the statutes and protocol accepted as prosecution of this claim; these challenges are simply beyond Schneider's control. Schneider requests the court take judicial notice of the above referenced article available online as the first example of the Biles breech and recognize that Schneider intends on submitting further support of his arguments that:

1. Biles' breach of the settlement agreement began in May 2012 and culminated in May 2019 via his agents and surrogates employed by him.

2. The magnitude of deception proffered by Biles agents and surrogates intending to defame and malign John H. Schneider has caused irreparable damage to Schneider's medical career and has prejudiced and biased subsequent civil and criminal litigation caused by the deceptive practice of Biles agents and surrogates.

Plaintiff Schneider requests this court take notice that Schneider has received no communication from Biles since the original filed complaint was served on Schneider at the federal BOP facility in San Diego, California in March of 2019. The court is notified that Schneider does not receive timely mail while incarcerated. Furthermore, Schneider cannot research any civil or criminal case law, does not have access to the internet, and any document created by Schneider for this court often requires four weeks to process, after the FBOP reviews and decides if mail generated should be forwarded to the recipient intended. Biles' lawyers have already communicated to the Granite Peak Law firm they are unwilling to allow Defendant Schneider any extra time in filing motions, responses or arguments before this court, thus refusing to extend the time for Schneider to respond appropriately within the rules of procedure of this court. Information and freedoms normally appreciated by U.S. Citizens are severely restricted during incarceration and this fact inhibits Schneider from effective representation of his arguments before this court. John H. Schneider requests consideration by this court, due to these restrictions caused by the FBOP, as a prejudicial impasse for effective defense and as a plaintiff in this action.

John Schneider also wishes to notify the court that he is represented by appellate attorney Steven Preziosi of New York City, before the 9th Circuit Court of Appeals, seeing a resentencing for

anticipated time served as an incarcerated person. The final appellate arguments will be complete and submitted by June 19th, 2019. Per Schneider's attorney, the appellate court will likely decide the case within 4-6 months and a successful appeal should see Schneider's release from incarceration within 8-9 months of today's date. In the alternative, an unsuccessful appeal will result in Schneider's release from incarceration in 13-14 months. This date does not include potential home confinement, up to 6 months, which may result in Schneider's release in 7-8 months from this date. Home confinement status would allow Schneider to participate in all timely arguments, conferences, and motions before this court as well as depositions obtained in San Diego County. Prior to home confinement, halfway house, or probation, Schneider's ability to participate in this civil process are extremely restricted.

Based upon the preceding limited argument, John H. Schneider respectfully requests this court deny Defendant Biles' Motion to Dismiss the first amended counter-claim submitted by Schneider before this court.

I, John H. Schneider, do swear and affirm that the above statements are true and correct to the best of my knowledge.

Respectfully,

/s/ John H. Schneider
Pro-se Defendant/Counter-Claimant

The attached is subscribed and sworn
by me, John H. Schneider, MD MS-ADR
on this date:

## CERTIFICATE OF SERVICE

I, Julie Nelson, hereby certify that on the 12th day of June 2019, a copy of the foregoing document was served via first class mail to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248

Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com

Attorney for Plaintiff


Via Personal Delivery to:

Granite Peak Law PLLC
Adam H. Owens
Gregory Costanza
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com

Attorneys for Medport, LLC

_____
Julie Nelson
Paralegal


Certificate of Service for Response to Motion to Dismiss