Granite Peak Law, PLLC
P.O. Box 635
Bozeman, MT 59771
Adam@GranitePeakLaw.com
(406) 404-6533

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,  Plaintiff  v.  JOHN H. SCHNEIDER and MEDPORT, LLC,  Defendants | CAUSE NO. 19-CV-48-F  HON. NANCY D. FREUDENTHAL |
| JOHN H. SCHNEIDER,  Counter-Claimant  v.  JIMMIE G. BILES, JR.,  Counter-Defendant | DECLARATION OF ADAM H. OWENS |

I, Adam H. Owens, make the following declaration pursuant to 28 U.S. Code § 1746 under penalty of perjury.

1.     The information contained in this Declaration is true and correct and is based upon my personal knowledge.

2.     I am an attorney duly licensed to practice law in the State of Montana and California as a partner in Granite Peak Law, PLLC ("Granite Peak Law"), located at 2320 W. Main St., Suite 6A, Bozeman, MT 59718, with the mailing address of P.O. Box 635 Bozeman, MT 59771.

3.     I am counsel for Defendant and Counter-Plaintiff Medport, LLC ("Medport").

4.         I provide this Declaration in Support of Medport's Motion to Stay Proceedings.

5.         The website http://www.healthcare-malpractice.com/ with the content described in Plaintiff Biles' Complaint has been removed and is no longer available to the public.

6.         John H. Schneider is the principal officer and sole shareholder for Medport.

7.         Since February 19, 2019, Dr. Schneider has been incarcerated at the Federal Bureau of Prisons, Metropolitan Correctional Center in San Diego, California ("MCC") to serve a 24-month sentence after pleading guilty to a single count of bankruptcy fraud in the Federal District Court of Montana, Billings Division.

8.         Granite Peak Law does not represent Dr. Schneider individually in this action, but at the request of Dr. Schneider, our firm has agreed to transcribe his handwritten legal documents into typed documents and then file those documents with the Court on his behalf as a *pro se* Defendant.

9.         Due to Dr. Schneider's incarceration since February, it has been extremely difficult to obtain the information needed to effectively and timely research issues and provide responses on behalf of Medport.

10.       Dr. Schneider can only communicate through the Bureau of Prisons (BOP) messaging system known as Corrlinks, or by correspondence sent via U.S. Mail according to the special procedures and mandates of the BOP. Failure to follow these procedures, set forth in 28 CFR § 540.10-540.25, including with respect to legal mail, results in delay, interruption and inspection by the BOP prior to reaching Dr. Schneider.

11.       A true and correct copy of the U.S. Department of Justice Federal BOP Program Statement on Correspondence ("BOP Correspondence Statement") is attached hereto as Exhibit A. This Program Statement sets forth the procedures one must follow in order for the inmate to receive mail by implementing aspects of 28 CFR §§ 540.10-540.25.

12. A true and correct copy of the Metropolitan Correctional Center, San Diego, California Admission and Orientation Inmate Handbook (the "MCC Handbook"), updated March 3, 2014, is attached hereto as Exhibit B. The MCC Handbook sets forth mail regulations (pg. 14), special mail rules (pg. 15), and electronic messaging guidelines (pg. 15) that are specific to MCC but appear congruent with the BOP Correspondence Statement.

13. From my use of Corrlinks to date, there appears to be at least a two to four-hour delay between sending and receiving electronic messages.

14. Significantly, Corrlinks does not provide the ability for our firm or anyone else to attach documents to messages sent to Dr. Schneider. ("Allowing attachments is at the discretion of the correctional agency. Neither the Federal Bureau of Prisons nor the Iowa Department of Corrections allow attachments to messages.") *See* support options at www.corrlinks.com/help.aspx.

15. The only way to send a document through Corrlinks is to type or cut and paste the document's contents into a Corrlinks message, which is time consuming, costly, and ineffective for documents with tables, images, or other content that does not readily copy-and-paste because of format.

16. Corrlinks limits the number of characters in each message to 13,000, including the text to which one is replying. Depending on the size of the document to be sent, a sender may have to cut and paste the contents of a document into multiple messages in order to send the recipient all of the contents of the document. This character limit has resulted in my office having to send multiple messages on a few occasions to relay the contents of larger documents. *See* support options at www.corrlinks.com/help.aspx.

17. In addition to these issues, Dr. Schneider has limited daily access to a computer on which he can read and respond to Corrlinks messages. It is our understanding that Schneider has no access to Corrlinks until mid-afternoon, and his access is limited to around twenty minutes per

day, if at all, based on the usage needs of all inmates. Due to these circumstances, Corrlinks messages that take 2-4 hours to reach Schneider's inbox are often not read until 24 hours after they are sent, and occasionally longer.

18. Moreover, the MCC Handbook states that "electronic messages are subject to monitoring." *See* MCC Handbook, pg. 15. The Corrlinks FAQ page states: "[m]essages are generally delivered by the institution staff at a time of their choosing." https://www.corrlinks.com/FAQ.aspx#Answer2. Additionally, in response to the question, "[c]an my message be held up for delivery," this FAQ page states, "[t]he institution staff shall have the final authority for delivery of any and all messages and may review it, hold it or reject it just like any other package or letter entering the institution."

19. Dr. Schneider's written outgoing mail is subject to search and delay by BOP officials without notification, causing consistent delays of his handwritten correspondence.

20. On April 16, 2019, due to the difficulty I had communicating with Dr. Schneider through Corrlinks, I attempted to schedule a call with Dr. Schneider pursuant to information he relayed to me, which he received from MCC staff and other prisoners. I called MCC at 619.232.4311 ("MCC Number") in an attempt to schedule a call with Dr. Schneider, to no avail. I attempted multiple phone calls to the MCC Number but was unable to reach anyone to discuss scheduling a call with Dr. Schneider. I attempted to speak to the operator through the main menu of the MCC Number, but it continuously rang without answer or without an option to leave a voicemail. I then attempted to speak with MCC's legal department but was only able to leave a voicemail with an MCC senior attorney, requesting a call back.

21. On May 8th, 2019 I attempted to call again in an effort to speak with Dr. Schneider but was unable to reach anyone on this date as well.

22. To date, I have not received a return call from MCC's legal department, nor have I

been able to speak with anyone at MCC to schedule a call with Dr. Schneider.

23. My business partner, attorney Gregory Costanza, who is also representing Medport, was able to visit Dr. Schneider at MCC on May 20, 2019. Attorney Costanza was limited to a two-hour meeting to receive signatures and discuss legal matters, but pursuant to MCC policy, attorney Costanza could not leave any documents with Dr. Schneider.

24. All mail to be received by Dr. Schneider must follow the Special Mail procedures set forth in Exhibits A and B hereto.

25. Since April 15, 2019, on multiple occasions I have corresponded with Dr. Schneider through Corrlinks in an effort to obtain the relevant information to adequately prepare legal documents and to effectively and reasonably represent Medport in this action. Due to the limitations of Corrlinks and Dr. Schneider's limited access to his own records, and my inability to speak with Dr. Schneider by telephone, I have had difficulty obtaining the information needed to effectively and timely research the issues of this case, prepare for and respond to motions practice, and otherwise maintain the depth of communication expected between attorney and client during the normal course of civil litigation.

26. As a result of these difficulties, I support a temporary stay of this matter to allow Dr. Schneider's appeal before the Ninth Circuit Court of Appeals to be decided, which may result in either a reduced sentence or, if not, then Dr. Schneider likely qualifies for supervised release into home confinement under the First Step Act.

27. A true and correct copy of the U.S. Department of Justice, BOP Operations Memorandum, dated April 4, 2019 and issued by the BOP Acting Director (the latest "Home Confinement Memo") is attached hereto as Exhibit C.

28. The Home Confinement Memo states that Section 602 of the 2018 First Step Act ("FSA") modified 18 U.S.C. § 3621(c)(1), authorizing the BOP to **maximize** the amount of time

spent on home confinement when possible. The new FSA provision states in bold: "Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. **The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.**"

29. Ten percent of Schneider's 24 month term of imprisonment would equal 2.4 months or approximately 73 days (30.42 average days in a non-leap year month x 2.4 months). As Schneider would likely qualify as lower risk given his education, service to the community, nature of the crime, and good behavior, he is likely to be released into home confinement around September 1, 2020, if not sooner based on the implementation of the new "risk and needs assessment system" under 18 U.S.C. § 3632(a). Assuming Schneider participates in this new assessment system for around 390 days (the max. time he could participate, rounded to the nearest 30 days), Schneider would then be released from MCC into home confinement between February 19, 2020 and April 24, 2020.

30. A stay of this matter pending the outcome of Dr. Schneider's appeal will allow the Court and parties hereto to re-assess the propriety and length of the stay. As it has already been fully briefed by the U.S. government and Schneider's counsel since June 13, 2019, it is expected that Schneider's appeal will be decided around the median response time in the 9th Circuit for all criminal appeals, which in the period ending in September 2017 was 6.3 months between "Filing of Appellee's Last Brief to Oral Argument or Submission on Briefs" and either 1 month or 0.2 months respectively between "Oral Argument to Last Opinion or Final Order" and "Submission on Briefs to Last Opinion or Final Order." *See Judicial Business 2017*, Table B-4A, U.S. Court of Appeals – Median Time Intervals in months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month period Ending September 30, 2017, published by the Administrative

Office of the U.S. Courts on behalf of the Federal Judiciary (the "Table of Median Appeal Length"). A true and correct copy of the Table of Median Appeal Length is attached hereto as Exhibit D. Under this scenario, Schneider's appeal is likely to be decided by the 9th Circuit Court of Appeals between December 27, 2019 and January 23, 2020, or 6.5 to 7.3 months from June 13, 2019.

31. Accordingly, I support a temporary stay in this matter for 7 to 9 months, or until April 24, 2020, to allow Dr. Schneider's sentencing appeal to be decided and/or until Schneider is released into home confinement, at which point a status conference could occur to determine how to further schedule this case.

32. I, Adam H. Owens, declare under the penalty of perjury that the foregoing is true and correct.

Further affiant sayeth naught.

Executed: July 3, 2019

GRANITE PEAK LAW, PLLC:

/s/ Adam H. Owens
By:   Adam H. Owens, Esq.
      P.O. Box 635
      Bozeman, MT 59771
      T: 406-530-9119
      F: 406-794-0750
      adam@granitepeaklaw.com

Attorney for Defendant Medport LLC

<u>Certificate of Service</u>

I hereby certify that on the 5th day of July 2019, a copy of the foregoing document was served on the following persons via CM/ECF:

| | |
|---|---|
| Anna Reeses Olson #6-3692<br>Park Street Law Office<br>242 S. Park Street<br>Casper, WY 82601<br>T: (307) 265-3843<br>F: (307) 235-0243<br>aro@parkstreetlaw.com<br><br>Attorneys for Counter-Defendant<br>Jimmy Biles | R. Daniel Fleck<br>M. Kristeen Hand<br>THE SPENCE LAW FIRM, LLC<br>15 South Jackson<br>P.O. Box 548<br>Jackson, WY 83001<br>T: 307.733.7290<br>F: 307.733.5248<br><br>Attorneys for Plaintiff Jimmy Biles |

                <u>/s/Gregory G. Costanza</u>

I hereby certify that on the 5th day of July 2019, a copy of the foregoing document was mailed to the following persons via USPS and BOP Special Mail:

John H. Schneider, Jr.
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101

                <u>/s/ Gregory G. Costanza</u>