John H. Schneider, MD, MS-ADR
Reg# 64084298
Metropolitan Correction Center
808 Union St
San Diego, CA 92101
Pro Se Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUL -8 AM 11: 47

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>       Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER; and MEDPORT, LLC,<br><br>       Defendants | CAUSE NO. 19-CV-48-F<br>HON. NANCY D. FREUDENTHAL<br><br><br>DEFENDANT AND COUNTER-CLAIMANT JOHN H. SCHNEIDER, JR.'S RESPONSE TO PLAINTIFF AND COUNTER-DEFENDANT'S MOTION TO STRIKE COUNTERCLAIM |
| JOHN H. SCHNEIDER,<br><br>       Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>       Counter-Defendant | |

COME NOW, Defendant and Counter-Claimant JOHN H. SCHNEIDER ("Schneider"), hereby files his response to Plaintiff and Counter-Defendant, Jimmy Biles' ("Biles") Motion to Strike

Counterclaim filed with the Court on May 1st, 2019, requesting this court strike the amended counter-claim John H. Schneider filed against Jimmie Biles on May 16th, 2019.

## BILES MOTION IS WITHOUT MERIT

Biles motion to strike Schneider's language from the amended complaint is arbitrary and contrary to fact. Biles cites case law implying that Schneider's allegations are "redundant, immaterial, impertinent and scandalous." A review of written and radio media proffered by Biles' agents on the day of the settlement agreement from 2012 between Biles and Schnedier, and repeated for years thereafter, define the breech of said contractual agreement by Biles' agents. Biles agents and advocates, on Biles direction, without adjudicated facts or proof, were purposely scandalous with the intent to damage Schneider's reputation and tortuously interfere with Schneider's medical practices. Biles maliciously intended to influence both civil and criminal litigation involving Schneider beyond the scope of prior litigation between Biles and Schneider. Schneider's counter-complaint is not substantially different from the Biles Team rhetoric designed to malign Schneider. Once Schneider is free to access his records, Schneider shall produce all such evidence before this court proving his allegations within the counter-complaint.

## BILES MOTION IS PREJUDICIAL AND BIASED AGAINST SCHNEIDER

Biles asserts that Schneider has "representation" following Schneider's receipt of Biles recent motions before this Court through the courteous but limited email communication from Medport, LLC's ("Medport") counsel, Granite Peak Law Firm. Biles attempts to bias the court arguing that Schneider, as both a pro-se Defendant and counter-claimant in this matter, is adequately independently represented before this Court. Factually, Granite Peak Law Firm recognized that Biles various attorneys in this matter have violated Rule 5 of the Federal Rules of Civil Procedure, which codify the rules for filing and serving parties while pleading before this

Court. These rules, including Fed.R.Civ.P. Rules 5(a)(1)(B),(D), and (E), and Rules 5(b)(2)(A), (B), (C), (D), and (F), all require Biles to ensure Schneider receives in full all pleadings and motions submitted by Biles in this matter. Factually, except for the initial service of Biles' complaint and amended complaint in March 2019, Schneider has not received any other documents in any format from Biles in this case. Review of the Fed. R. Civ. P. advisory committee amendments and positions from 1970, 1980, 1991, 1996, 2001, 2007, and 2018, including Federal opinions on the validity of local rule 5 variances, confirms that:

1. Biles must provide Schneider with timely copies of all pleadings via U.S. Postal Service ("USPS") that comport with the Federal Bureau of Prisons ("FBOP") "special mail mandate" for legal communication to ensure Schneider's receipt of said documents. Biles ignores FBOP policies and has not adequately demonstrated 'proof of service' compliance before the Court by simply sending documents via USPS.

2. Obtain written permission from Schneider to use electronic filing protocols whereby Schneider would waive his rights to physical document receipt. Biles has no written authorization.

3. Electronic filing that may satisfy 28 U.S.C. 1746 does not satisfy notification to Schneider as Schneider is not a registered user of the electronic system (under Rule 5(b)) and Schneider has no access to electronic filing submitted by Biles during incarceration. Out of deference to their client Medport, Granite Peak's Attorneys have copied and sent messages via CorrLinks (requiring several submissions and over 24 hours to receive) of recent motions and pleadings filed by Biles, without supporting evidentiary attachments, which does not constitute representation of Schneider before this Court, nor doe this courtesy release Biles from following the Federal and local rules guaranteeing service to litigants in this case.

4. Pursuant to the advisory committee's amended Rule 5 of Fed. R. Civ. P. from 1996, governing filing of briefs and motions before the court, the "standard requires appropriate access and

retrieval mechanisms" for pleading file with the Court unless by Judicial conference alternative rules apply. No conference was made available to Schneider on this topic. Per Fed. R. Civ. P. Rule 5(b)(3), Biles presumption of receipt using general USPS mail service is inadequate in these circumstances and the rule requires that "sender must take additional steps" when necessary to secure proof of service, including following the special mail mandate of the FBOP.

## BILES ACCESS TO RECORDS, DISCOVERY, AND CASE LAW UNFAIRLY PREJUDICES SCHNEIDER IN THIS CASE

All previous pleadings are incorporated in this response to the Motion to Strike Schneider's amended cross-complaint and the language used in Schneider's arguments. As Schneider argues through judicial notice, Schneider has no access to records, the internet, unfettered email, unrestricted phone contact, or any legal library. Schneider recognizes this court expects Schneider as a pro-se litigant to know and follow all procedural rules, however local rules and the pro-se litigant guidelines are not available to Schneider, nor can Schneider research this information. Moreover, it is doubtful that this information contemplates parallel civil and criminal proceedings for a custodial litigant which exists in this case.

Biles further assertion that Schneider's very limited access to past examples of Biles' contractual breach as the exclusive or substantial evidence that Schneider would argue before this court is fallacious. Schneider cannot provide further specific supporting evidence at this time as a result of the custodial care enforced upon Schneider and not because such evidence does not exist or is immaterial to this case, resulting in Schneider's claims void of merit. Biles' Motion to Dismiss Schneider's cross-complaint and strike language and allegations plead by Schneider is profoundly biased and prejudiced against Schneider.

Litigant Schneider requests the Court take notice of the practical timeline that would occur if Schneider hired an attorney to argue this case on Schneider's behalf. A filing/pleading before this court would require 7-10 days to reach Schneider's attorney, then 24-48 hours for Schneider's attorney to respond to Schneider using the FBOP CorrLinks regulated system necessary for Schneider to review. Schneider and Counsel would then need at least 3-4 days of interpretation, email discussion, recommended response and conclusion, even without research or further discovery. During this time, Schneider may be restricted or prohibited at any time from said communication with counsel, at the arbitrary discretion of various FBOP personnel. This also applies to written mail sent via USPS by Schneider's counsel. All direct mail to Schneider requires 7-10 days before Schneider's possible receipt of documents, and any handwritten response mailed back to counsel would anticipate no less than 7-10 days before receipt by counsel because of FBOP restrictions. Any response by Schneider requiring review of records or research by Schneider could not be preformed by Schneider due to FBOP restrictions on inmate freedoms. In essence, particularly because Biles has refused to grant extension to filing times, even with counsel Schneider could not adequately and timely respond and file responses in this case within the timeframe defined by the local rules while Schneider is incarcerated by the FBOP.

## BILES MOTION TO STRIKE MISCONSTRUES SCHNEIDER'S ARGUMENTS AND SEEKS TO PREJUDICE THIS COURT

Biles attempts to prejudice this Court with veiled misdirection complaining that Schneider uses disparaging adjectives in reference to members of the Spence Law Firm. It is unclear to this respondent what subjective language interpretation Biles alludes to as the isolated substance of Biles' Motion to Strike using an unknown derogatory connotation or interpretation when referencing Schneider's descriptive use of "crony." Schneider notices the Court that his subjective intent of such language aligns with the Merriam-Webster definition of "crony" as "a close friend of

long standing; Pal." The Oxford English Etymology from mid-17th century referring to "crony" as a "chum or friend, derived from the Greek khronois, as a long standing contemporary." Schneider had no maligned intention, implied or subliminal, existing within the context of Schneider's pleadings.

## BILES ARGUMENT TO STRIKE DISTORTS SCHNEIDER'S REQUEST FOR A STAY IN THESE PROCEEDINGS

In his motion to strike, Biles misconstrues Schneider's pleadings before this Court, including Schneider's substantive arguments, as a protracted and indefinite request for stay, which would be prejudicial to Biles. However, Schneider never requested an indefinite stay of proceedings before this Court.

Schneider incorporates in this pleading all past arguments demonstrating a timeline of restricted access to information and procedural response time caused by the FBOP that is applied to all incarcerated persons. Schneider provided this Court a best and worst case scenario regarding a requested stay of judicial proceedings to ensure Schneider's due process rights are not violated in this matter. This request does not prejudice Biles as Biles has no on-going claim for damages or harm requiring immediate court intervention. Schneider, prior to this Court's ruling in March of 2019, agreed to remove any and all references to Biles on the healthcare-malpractice.com website. No ongoing publication referencing Biles, under Schneider's control, exists in any format outside these proceedings.

The only existing prejudice going forward in this case during the next 9-12 months is against Schneider, not Biles. Schneider prays this Court remain sensitive to Schneider's ability to defend against Biles' claims, which are contrary to Schneider's First Amendment and other state and federal constitutional rights.

## SUMMARY

Schneider pleads before this Court to dismiss Biles' Motion to Dismiss Schneider's first amended cross-complaint and dismiss Biles' Motion to Strike language and arguments, preserving all claims against Biles before this court. Schneider's prayer for relief includes a request to stay all current legal proceedings in this case pending Schneider's release from incarceration from any FBOP facility into home confinement.

Respectfully submitted this 5th day of July, 2019

Respectfully Submitted,

/s/ John H. Schneider
Pro-se Defendant and Counter-Claimant

This document is respectfully submitted, Subscribed and Sworn by me on this date 07/05/2019.

*John W. Schweiner*

## CERTIFICATE OF SERVICE

I, Gregory Costanza, hereby certify that on the 6th day of July 2019, a copy of the foregoing document was served via first class mail to the following persons:

THE SPENCE LAW FIRM, LLC
R. Daniel Fleck
M. Kristeen Hand
15 South Jackson St.
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
*Attorneys for Plaintiff*

Park Street Law Office
Anna Reeves Olson
242 S. Park St.
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com
*Attorney for Plaintiff*

Via Personal Delivery to:
Granite Peak Law PLLC
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com
*Attorneys for Medport, LLC*

_____
Gregory G. Costanza, Esq.

Certificate of Service for Pro Se Defendant Schneider's Response to Motion to Strike