

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN H. SCHNEIDER, JR.; MICHELLE R. SCHNEIDER; and MEDPORT, LLC,<br><br>Defendants, | Case No. 19-CV-48-F |

## ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE

This matter is before the Court on Plaintiff Dr. Jimmie Biles' Motion to Dismiss and Motion to Strike Defendant John Schneider's First Amended Counterclaim. (Docs. 37, 43). The Court has considered the motions and is fully informed in the premises. For the following reasons, Plaintiff Biles' Motion to Dismiss (Doc. 37) is GRANTED, while his Motion to Strike (Doc. 43) is DENIED.

## BACKGROUND

Roughly seven years ago, this Court entertained a set of cases titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF ("*Biles v. Schneider I*"); and *Biles v. Fallon,* No. 2:11-cv-00294-NDF. Both cases featured allegations that Defendant John Schneider and his wife, Michelle Schneider, had conspired with Lisa Fallon to defame Dr. Jimmie Biles. Indeed, Biles claimed those defendants paid Fallon to mail defamatory fliers to 14,239 homes in various Wyoming communities. *Biles v. Schneider I,* Doc. 1 at ¶ 41; *Biles v.*

*Fallon*, Doc. 1 at ¶ 22. Ultimately, the parties settled these matters, and the Court dismissed both cases with prejudice.

The settlement agreement resolving the prior litigation forms the basis for this suit. Biles claims Schneider or his surrogates have been posting defamatory remarks on Facebook and the internet, in violation of the settlement agreement. (Doc. 1 at ¶¶ 37, 39). Based on these events, Biles filed suit in this Court for breach of contract, intentional infliction of emotional distress, and joint enterprise on March 8, 2019. (*Id.* at ¶¶ 41-69).

On April 12, 2019, Defendant John Schneider answered Biles' complaint and filed several counterclaims. (Doc. 21). Schneider apparently pled claims under four legal theories: "electronic document intrusion," "auditory surveillance of private property," breach of contract, and intentional infliction of emotional distress. (*Id.* at 5-6, ¶¶ 1-6). Biles moved to dismiss those counterclaims on May 1, 2019. (Docs. 30, 31).

Schneider then amended his answer and counterclaim. (Doc. 33).[1] In his amended pleading, Schneider apparently narrows his counterclaim to a single claim for breach of contract. (*Id.* at 11-12, ¶¶ 1-5). On May 29, 2019, Biles moved to dismiss the amended counterclaim under Rule 12(b)(6). (Docs. 37, 38). Three weeks later, he also filed a motion to strike the amended counterclaim under Rule 12(f). (Doc. 43). The motions are now ready for disposition.

---

[1] Rule 15(a)(1)(B) provides that a party may amend a pleading to "which a responsive pleading is required" without leave of court if he does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In this case, Biles moved to dismiss and strike under Rules 12(b) and 12(f) on May 1, 2019. (Docs. 29-31). Schneider then filed his amended answer and counterclaim within 21 days (Doc. 33, May 16, 2019]). Schneider accordingly did not seek or need leave of court to amend his counterclaim.

2

## STANDARDS OF REVIEW

### I.   *Motions to Dismiss Under Rule 12(b)(6)*

When ruling on a motion to dismiss for failure to state a claim, it is not the Court's function "to weigh [the] potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a motion to dismiss, the plaintiff's "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard "is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Thus, although the plaintiff does not need to provide detailed factual allegations, the complaint must contain more than mere "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555. It must accept all factual allegations contained in the complaint as true. *Id.* at 572. The Court must also view the facts in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Further, because Plaintiff is *pro se*, the Court must construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F. 3d 1198, 1201 n.2 (10th Cir. 2010). This rule means the court will "make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading

3

requirements." *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II.   *Motions to Strike Under Rule 12(f)*

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter" either on its own or on a motion by either party. Fed. R. Civ. P. 12(f). Counterclaims are subject to this rule because they must be stated in a pleading. Fed. R. Civ. P. 13(a), 7(a) (answer is a pleading). The party seeking to strike allegations carries the burden of showing sufficient grounds, and any doubts should be resolved against the movant. *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007). While motions to strike are disfavored, they are within the sound discretion of the Court. *Scherer v. U.S. Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003); *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).

## DISCUSSION

As noted above, Biles has filed two motions regarding Schneider's breach of contract counterclaim. Since Biles filed his Motion to Dismiss first, the Court will begin its analysis with a discussion of that motion. Then, the Court will move on to address Biles' Motion to Strike and finally will consider whether to allow Schneider leave to amend if his counterclaim is subject to dismissal.

## I.   *Biles' Motion to Dismiss*

Biles argues the Court should dismiss Schneider's breach of contract counterclaim because he has "not set forth any facts or circumstances related to [Biles'] alleged breach

4

of the contract." (Doc. 38 at 6). Thus, Biles contends that Schneider has failed to provide sufficient factual detail to satisfy *Twombly* and has not sufficiently explained how his claim could give rise to liability for breach of contract. (*See id.* at 5-6). In Wyoming, litigants alleging breach of contract must demonstrate: 1) the existence of "a lawfully enforceable contract," 2) "an unjustified failure to timely perform," and 3) "entitlement of the injured party to damages." *Halling v. Yovanovich*, 2017 WY 28, ¶ 13, 391 P.3d 611, 619 (Wyo. 2017) (quoting *Schlinger v. McGhee*, 2012 WY 7, ¶ 12, 268 P.3d 264, 268 (Wyo. 2012)). In considering whether the second element is satisfied, courts must determine whether a party has failed to abide by the terms of the contract. *See Kemper Architects, P.C. v. McFall, Konkel & Kimball Consulting Eng'rs*, 843 P.2d 1178, 1185 (Wyo. 1992) (recognizing that the "distinction between a contract action and a tort action is that the breach of contract is the failure to perform a duty expressly stated or implied by the terms of the agreement, whereas a tort is the violation of a duty which is imposed by law.")

In this case, Schneider claims that Biles breached the settlement agreement when he discussed details "protected by the confidentiality clause" of that contract "with Cody medical staff, and Biles' former employees and family members." (*Id.* at ¶ 2). As Biles seems to suggest, Schneider's allegation is problematic for two reasons. First, Schneider's conclusory statement does not contain enough factual description to satisfy *Twombly*. Schneider offers no meaningful explanation of Biles' alleged discussion with Cody medical center staff, his employees, and his family. Schneider does not describe the content of these discussions or explain when they occurred. Further, Schneider fails to explain how Biles' alleged discussions give rise to liability for breach of contract. Schneider does not cite the

5

language of a settlement agreement provision that could trigger liability. As such, the Court has no way of knowing whether Biles failed to perform by the terms of the settlement agreement.[2] While the Court construes *pro se* pleadings liberally, Schneider still must give Biles "fair notice" of his claims under Rule 8(a). His vague allegation regarding Biles' "discussions" of matters protected by the settlement agreement does not do so, and the Court must dismiss this portion of his breach of contract counterclaim. This dismissal is bolstered by the fact that Schneider has already amended his counterclaims, and despite Biles raising these issues in his first motion to dismiss, Schneider did not add any factual allegations for this portion of his counterclaim.

Aside from his allegations regarding Biles' discussions with Cody medical staff, employees and family members, Schneider also suggests Biles is liable for actions taken by his agents. (Doc. 33 at ¶ 3). Specifically, he asserts that Biles' attorneys breached the agreement when they made false claims "to the media, civilian non-parties, [and] legal and administrative panels." (*Id.*). Though Biles briefly references this assertion in the introduction to his motion to dismiss, he does not offer an exhaustive discussion regarding this portion of the counterclaim. (Doc. 38 at 3). While the Court would have appreciated more detailed briefing from Biles, it would independently note that Schneider's assertion regarding Biles' attorneys suffers from many of the same defects as Schneider's claim regarding Biles' "discussions" with non-parties to the settlement agreement. Schneider

---

[2] While Schneider does reference language of a settlement agreement provision in his response to Biles' Motion to Dismiss, he does not include a similar reference in his complaint. (Doc. 41 at 4). Since a Rule 12(b)(6) motion requires the Court to consider the sufficiency of the *complaint*, Schneider's citation in his brief will not prevent dismissal.

makes no attempt to explain the alleged statements made by Biles' attorneys.[3] He does not describe the content of these statements or explain the context in which they occurred. He does not explain how the statements of Biles' agents give rise to liability for breach of contract. As such, this portion of Schneider's breach of contract counterclaim is also subject to dismissal.[4]

## II.   *Biles' Motion to Strike*

Aside from its arguments in favor of dismissal, Biles claims the Court should strike Schneider's counterclaim under Rule 12(f) because his response contains "immaterial, impertinent, or scandalous allegations." (Doc. 43 at 2-3). In applying Rule 12(f), the Tenth Circuit has recognized that relief is only proper where a motion is directed at matters within pleadings. *See, e.g., Searcy v. Social Sec. Admin.*, No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. 1992) (recognizing that courts cannot strike matters contained in "motions and memoranda" under Rule 12(f)). Likewise, at least one court within the Tenth Circuit has explicitly stated that material offered in a response brief is not the proper subject of a motion to strike under this rule. *Tapia v. City of Albuquerque*, No. 13-0206 JB/ACT, 2014 U.S. Dist. LEXIS 82678, at *105-06 (D.N.M. 2014).

---

[3] In his response to Biles' Motion to Dismiss, Schneider attempts to explain how Biles' attorneys breached the settlement agreement. Schneider did not offer a similar discussion in his counterclaim. (Doc. 41). The Court cannot consider arguments presented in a response brief in analyzing the sufficiency of Schneider's counterclaim.

[4] Aside from arguments regarding Biles' counterclaim, the parties also use their responsive briefing on Biles' Motion to Dismiss to discuss the merits of a stay in this case. (Doc. 41 at 4-6; Doc. 42 at 4-5). Schneider advocates for a stay in his response to Biles' Motion to Dismiss. (Doc. 41 at 4-6). The Court does not address these arguments here because Schneider did not properly raise this request in a motion. Another defendant in this case, Medport, LLC, recently moved for a stay (Docs. 44-46), and the Court sees no reason to discuss the merits of a stay until that motion is fully briefed.

In this case, Biles claims the Court should strike Schneider's counterclaim because his "[r]esponse to Dr. Biles' Motion to Dismiss improperly casts a derogatory light on Dr. Biles' Counsel – R. Daniel Fleck and M. Kristeen Hand." (Doc. 43 at 2). As Biles notes, Schneider refers to Fleck and Hand as "cronies" and claims that Fleck has attempted to "influence the outcome of unrelated litigation in both civil and criminal courts relating to Schneider through proffered false testimony and disparaging non-factual testimonials." (*Id.* at 2) (quoting Doc. 41 at 3). The Court agrees that Schneider's insults to Fleck and Hand are unsubstantiated, unnecessarily personal, and immaterial to the present case. However, the statements cited by Biles come from Schneider's response brief. Biles does not point to a single "immaterial" statement in the counterclaim itself. Because Biles does not seek to strike allegations from a pleading, relief is not proper under Rule 12(f).

Moreover, the Court would note that Biles' request would still face significant obstacles even if he pointed to material from Schneider's counterclaim. Under Rule 12(g), "a party that makes a motion under [Rule 12] must not make another motion under [that rule] raising a defense or objection that was available to the party but omitted from its earlier motion" except "as provided in Rule 12(h)(2) or (3)." Neither Rule 12(h)(2) or (3) permit a party to file a subsequent motion under Rule 12(f), having already filed a motion under Rule 12(b). In this case, Biles moved to strike Schneider's counterclaim under Rule 12(f) three weeks after he moved to dismiss Schneider's counterclaim under Rule

8

12(b)(6).[5] Because Biles did not raise these arguments in his Rule 12(b)(6) motion, his Motion to Strike is improper under Rule 12(g).

## CONCLUSION

For the reasons stated in this order, the Court dismisses Schneider's breach of contract counterclaim. However, the Court must consider whether to grant Schneider leave to amend this claim. The Tenth Circuit has indicated that "dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (citations omitted). "[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Id.* (citations omitted).

It is unclear to the Court whether Schneider can allege facts to make his breach of contact counterclaim plausible, but the Court will give Schneider leave to amend. However, in doing so, the Court cautions Schneider that failure to provide factual support for his counterclaim will carry consequences. Schneider has already attempted to plead his counterclaim twice. To date, he has only provided bare, conclusory statements regarding Biles' alleged discussions with non-parties to the settlement agreement and the actions of Schneider's attorneys. Continued failure to bolster his counterclaim with factual support will likely subject his breach of contract counterclaim to dismissal with prejudice.

---

[5] Given the similarity between the allegations presented in Biles' counterclaim and response, the Court is unsure why Biles waited to make arguments regarding the "immaterial nature" of Schneider's assertions until three weeks after filing a motion to dismiss.

Conversely, the Court will not strike any allegations from Schneider's counterclaim based on immaterial arguments contained in Schneider's response to Biles' Motion to Dismiss.

IT IS ORDERED that Biles' Motion to Dismiss under Rule 12(b)(6) (Doc. 37) is GRANTED.

IT IS FURTHER ORDERED that Schneider's breach of contract counterclaim is DISMISSED WITHOUT PREJUDICE. Schneider can file an amended counterclaim on or before July 30, 2019.

IT IS FINALLY ORDERED that Biles' Motion to Strike (Doc. 43) is DENIED.

Dated this __16__ day of July, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE