Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN H. SCHNEIDER, JR.; ) <br> MICHELLE R. SCHNEIDER; ) <br> And MEDPORT, LLC, ) <br> ) <br> Defendants. ) | Docket No. 19-CV-48-F |

## JIMMIE G. BILES' RESPONSE IN OPPOSITION TO
## DEFENDANT MEDPORT, LLC'S MOTION FOR STAY OF PROCEEDINGS

Plaintiff, Jimmie G. Biles ("Dr. Biles"), by and through his counsel, Anna Reeves Olson of Park Street Law Office, responds in opposition to Defendant Medport, LLC's ("Medport") Motion for a Stay of Proceedings as follows:

INTRODUCTION

Defendant Schneider has far more resources and access to this Court than many of his fellow incarcerated litigants. For example, Defendant Schneider states that following Dr. Biles' Motion to Dismiss, Granite Peak Law Firm agreed to assist him by: (1) emailing him copies of pleadings, albeit through a somewhat cumbersome process, *see* Doc. 49 at 2 (Defendant Schneider's Response to Dr. Biles Motion to Strike); and (2) "transcrib[ing] his handwritten

legal documents into typed documents and then file those documents with the Court on his behalf . . . ," Doc. 48 at 2, ¶8 (Declaration of Adam Owens). Defendant Schneider also was able to have a two-hour in-person meeting with Counsel for Medport, LLC, in order "to receive signatures and discuss legal matters . . . ," *id.* at 5, ¶23. Defendant Schneider has also been able to timely answer the Complaint, file a Counterclaim, amend his Counterclaim, respond to Dr. Biles's Motion to Dismiss and respond to Dr. Biles's Motion to Strike.

Furthermore, Defendant Medport, LLC[1] has unlimited access to the Court and all of the other litigation benefits that come along with not being incarcerated. Medport, LLC's sole argument is that it is currently difficult to communicate with Defendant Schneider, the principal officer and sole shareholder for Medport, LLC, but that cannot warrant an indefinite stay. *See generally* Doc. 48 (Declaration of Adam Owens). Indeed, Medport, LLC has not cited to any authority in which a stay has been granted for an LLC whose managing member is incarcerated.

Both Defendants Schneider and Medport have failed to satisfy their burden of demonstrating circumstances establishing the propriety of a stay. To the contrary, an analysis of the circumstances establishes that no stay is warranted and the Motion must be denied.

STANDARD OF REVIEW

A stay of proceedings is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Niken v. Holder*, 556 U.S. 418, 433 (2009) (quotations and citations omitted). As "an intrusion into the ordinary processes of administration and judicial review," a stay "is not a matter of right, even if irreparable injury

---

[1] In the Declaration of Adam H. Owens, he states that he is "counsel for Defendant and Counter-Plaintiff Medport, LLC ("Medport")." Doc. 48 at 1, ¶3. However, Medport, LLC is not a "counter-plaintiff." It has never filed any counterclaim.

might otherwise result to the appellant." *Id*. The burden of "making out the justice and wisdom of a departure from the beaten track" of continuing proceedings "lay[s] heavily on the petitioners . . ." *Landis v. North Am. Co*., 299 U.S. 248, 256 (1936); *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else[,]" the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

ARGUMENT

I. DEFENDANT SCHNEIDER AND MEDPORT, LLC HAVE NOT MET THEIR BURDEN OF ESTABLISHING A NEED FOR A STAY OR A CLEAR CASE OF HARDSHIP OR INEQUITY.

It is fairly common for an inmate to request an indefinite stay of proceedings until he or she is released from prison. However, these requests are uniformly denied. *See, e.g., Wimberly v. Rogers*, 557 F.2d 671 (9th Cir. 1977) (The Ninth Circuit held that in civil rights action brought by state prisoner, trial court's order staying all further proceedings until prisoner "is released from custody" was tantamount to a denial of due process, and thus that portion of order would be stricken); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971) (Eighth Circuit held that the district court's indefinite stay of all proceedings until litigant was released from prison was tantamount to a denial of due process); *Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107, 112–13 (4th Cir. 1988) (the Fourth Circuit held that an indefinite stay should only be considered as a last resort after all other alternatives, such as securing the prisoner's presence at trial and trial by deposition, have been rejected); *McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982), (The Fifth Circuit held that an indefinite order of stay of a state prisoner's § 1983 lawsuit was an abuse of discretion); *see also* see also *Ryan v. Gonzales,* 568 U.S. 57, 76 (2013), (U.S. Supreme Court held that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings).

3

The reasons for denying an indefinite stay are clear -- simply because a person is inconvenienced by incarceration he or she is not "stripped of free access to the courts and the use of legal process to remedy civil wrongs." *Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977). Furthermore, a delay in an action until an individual is released from prison could "conceivably forever deny [a party from] securing presently available evidence [is] necessary to prove his claim. *See Peterson*, 452 F.2d at 756. To arbitrarily deny even the bare opportunity to process a claim for an indefinite number of years could render the legal process meaningless. *Id.*

In this case, Defendant Schneider has access to the USPS mail system and email (albeit limited email), he has been able to meet personally with Counsel for Medport, LLC, he can conduct written discovery, and can take depositions by written questions. Furthermore, Granite Peak Law, PLLC, has agreed to assist Mr. Schneider by emailing him copies of pleadings, and transcribing his pleadings, and ensuring that his pleadings are filed timely and appropriately. *See* Doc. 49 at 2; Doc. 48 at 2, ¶8. Defendant Schneider was also given notice of this Court's hearing on Dr. Biles' Motion for a Preliminary Injunction, Doc. 13 (Notice of Personal Service) and he chose not to participate, Doc. 17 (Minutes of Hearing). This fact alone demonstrates that Defendant Schneider has had no hinderance in accessing the Court, he is simply inconvenienced, but that is not a reason to grant a stay. It should also be noted that Mr. Schneider's incarceration is due to his own wrongdoing and a stay would result in Mr. Schneider benefitting from his felonious conduct.

Similarly, Medport, LLC, who is not incarcerated, may conduct routine discovery and has free access to the Court. Although Medport, LLC, claims that its defense is hampered by Defendant Schneider's incarceration, Medport, LLC may send daily emails to Defendant Schneider and has met with him on at least one occasion for two hours. *See* Doc. 48 at 5, ¶23.

Defendant Medport, LLC has also failed to cite to any case in which a case was indefinitely stayed until a prisoner was released from prison.

Finally, as set forth in the Complaint, Medport, LLC, owns and controls the Healthcare-Malpractice.com website.  *See* Doc. 1 at ¶11.  On or about February 20, 2019, the day before that Mr. Schneider began his prison term, disparaging information was uploaded to the Healthcare-Malpractice.com website.  This information was discovered by Dr. Biles the following day.  *Id.* at ¶¶32, 33.  It is likely, therefore, that Medport, LLC sought to disseminate the material and then be able to defend any future lawsuit by asking for a stay because Mr. Schneider was now incarcerated.

As Medport, LLC has failed to satisfy the high burden to show the necessity for a stay, its Motion must be denied.

    II.    MEDPORT LLC'S MOTION SHOULD BE DENIED BECAUSE IT FAILED TO CONFER IN GOOD FAITH WITH COUNSEL FOR DR. BILES BEFORE FILING ITS NON-DISPOSITIVE MOTION.

Rule. 7.1, L.C.R.D.C., provides:

> (A) Duty to Confer.  Except as otherwise ordered, the Court will not entertain any nondispositive motion unless counsel for the moving party has conferred orally, either in person or by telephone, and has made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion. The moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. The Court will not consider the motion until this information is provided. This provision shall not apply to cases involving pro se parties.

Here Counsel for Medport, LLC, Granite Peak Law Firm, PLLC, made no effort to confer in good faith with Counsel for Dr. Biles prior to filing its non-dispositive motion requesting a stay.  For that reason alone, Medport's Motion must not be considered.  While Medport may argue that Rule 7.1 "does not appeal to cases involving *pro se* parties," both Dr.

5

Biles and Medport are represented by Counsel and, therefore, Medport's failure to confer in good faith with Counsel for Dr. Biles is inexcusable.

III. MEDPORT LLC'S MOTION SHOULD BE DENIED BECAUSE IT FAILED TO COMPLY WITH RULE 7.1(B)(C).

Rule 7.1(b)(C), L.C.R.D.C., provides:

> (B) Page Limitation. Briefs in support of and in opposition to all nondispositive motions are limited to a maximum of ten (10) pages. Motions seeking permission to file briefs containing more than ten (10) pages will be granted only when complex or numerous legal issues justify such relief. The motion shall state how many pages the proposed brief will contain. A proposed order shall be submitted with the motion to exceed page limits.

Contrary to the explicit language of Rule 7.1(b)(C), Medport's brief in support of its Motion for a Stay of Proceedings was 14-pages -- four pages in excess of Rule 7.1(b)(C). Medport has also not justified the excess pages by certifying that the issues are complex or numerous and has not sought permission to file a brief in excess of the page limit. As Counsel for Medport has filed a brief in violation of this Court's Local Rules, the relief sought should be denied.

CONCLUSION

It is respectfully requested that Defendant Medport LLC's Motion for a Stay of Proceedings must be denied.

DATED this 18th day of July 2019.

                                           *s/Anna Reeves Olson*
                                           Anna Reeves Olson, #6-3692
                                           PARK STREET LAW OFFICE
                                           242 So. Park Street
                                           Casper, Wyoming 82601
                                           (307) 265-3843
                                           (307) 235-0243 *facsimile*

                                           *Attorney for Plaintiff Biles*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of July 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addresses:

| | |
|---|---|
| The Spence Law Firm, LLC | Adam H Owens |
| R. Daniel Fleck | Gregory G Costanza |
| M. Kristeen Hand | GRANITE PEAK LAW LLC |
| 15 South Jackson | PO Box 635 |
| P.O. Box 548 | Bozeman, MT 59771 |
| Jackson, WY 83001 | 406/530-9119 |
| *fleck@spencelawyers.com* | *adam@granitepeaklaw.com* |
| *hand@spencelawyers.com* | *gregory@granitepeaklaw.com* |
| *Attorneys for Plaintiff* | *Attorneys for MedPort LLC* |

    And also certify this was sent via U.S. Mail to:

John H Schneider, Jr
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
      *PRO SE*

                                         /*Anna Reeves Olson*
                                         Anna Reeves Olson