FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUL 29  PM 1: 37

STEPHAN HARRIS, CLERK
CHEYENNE

John H. Schneider, MD, MS-ADR
Reg # 64084298
Metropolitan Correction Center
808 Union St.
San Diego, CA 92101
*Pro Se Defendant*

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, MICHELLE R.<br>SCHNEIDER, and MEDPORT, LLC,<br><br>    Defendants | CAUSE NO. 19-cv-48-F<br><br><br>**JOHN SCHNEIDER'S SECOND<br>AMENDED ANSWER, AFFIRMATIVE<br>DEFENSES, AND SECOND AMENDED<br>COUNTERCLAIM** |
| JOHN H. SCHNEIDER,<br><br>    Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>    Counter-Defendant | |

COME NOW John H. Schneider Jr., as a pro se Defendant and Counter-Plaintiff, representing himself, hereby submits to the Court his second amended answer and second amended counterclaim pursuant to F.R.C.P. 15(a)(1)(B). The court is notified that I, John H. Schneider, am incarcerated at the Metropolitan Correction Center and must receive all legal correspondence

certified to my attention for John H. Schneider via Bureau of Prisons special mail procedures. Upon change of address, I shall promptly notify the court during this litigation.

## FIRST AMENDED ANSWER TO COMPLAINT

### PARTIES

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 of the complaint, and therefore denies the same.

2. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Regarding Paragraph 5, MEDPORT LLC was a Wyoming Limited Liability Company registered to do business in Wyoming, **but is now winding down its affairs under Wyoming statute.** Defendant JOHN SCHNEIDER denies all other allegations contained in Paragraph 5.

6. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 9 of

Plaintiff's Complaint.

10. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Regarding Paragraph 11, Defendant JOHN SCHNEIDER alone, except for website control and publication of all information created by employees of JTech Corporation of Bozeman, Montana; controls the website www.healthcare-malpractice.com. Defendant JOHN SCHNEIDER denies all other allegations contained in Paragraph 11.

12. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. **Medport had a past mailing address at the named address only.**

14. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In response to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the complaint, and therefore denies the same.

## JURISDICTION AND VENUE

18. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

19. Defendant JOHN SCHNEIDER admits the allegations contained in Paragraph 19 of

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, & SECOND AMENDED
COUNTERCLAIM                                                    Page 3

Plaintiff's Complaint.

20. Regarding Paragraph 20, MEDPORT LLC was a registered Wyoming Limited Liability Company but is not currently conducting business in the state of Wyoming or anywhere. **Medport is in the process of winding down its affairs under Wyoming statute.** Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Regarding Paragraph 24, all information on referenced website, including but not limited to Jimmie Biles, is accurate, factual and independently verifiable. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. In response to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the complaint, and therefore denies the same.

## STATEMENT OF FACTS AND CONSPIRACY

27. Defendant John H. Schneider realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

28. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 28 of

Plaintiff's Complaint.

29. Defendant JOHN SCHNEIDER admits Plaintiff sued JOHN SCHNEIDER, MICHELLE SCHNEIDER, and Lisa Fallon. Defendant JOHN SCHNEIDER denies remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant JOHN SCHNEIDER **denies** the allegations contained in Paragraph 31 of Plaintiff's Complaint with respect to the contract settling the matter. The contract is void and unenforceable under Wyoming public policy because it is perpetual and lacks a definite term of existence. Otherwise, the terms of the unenforceable contract speak for themselves.

32. Regarding Paragraph 32, Defendant JOHN SCHNEIDER denies he began a prison term on February 21, 2019, the actual date was February 19, 2019. Defendant JOHN SCHNEIDER admits his prison term is being served at the Metropolitan Correctional Center in San Diego, CA as the result of his guilty plea to bankruptcy fraud. However, JOHN SCHNEIDER currently, through his Attorney Steve Preziosi, has filed an appeal requesting re-sentencing before the 9th Circuit Court of Appeals due to ineffective assistance of counsel.

33. In response to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendant JOHN SCHNEIDER lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the complaint, and therefore denies the same.

34. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Regarding Paragraph 36, the referenced website is exclusively hosted and controlled by JTech

communication of Bozeman, Montana and Defendant JOHN SCHNEIDER. As the sole owner of MEDPORT, LLC, JOHN SCHNEIDER took the website as a distribution from MEDPORT, LLC as part of the winding down process and continued to use the website for his own purpose and not as an asset of Medport, LLC, as Medport distributed all of its assets to JOHN SCHNEIDER prior to SCHNEIDER'S incarceration. Moreover, all revenue from the website was distributed solely to JOHN SCHNEIDER and not to Medport, LLC, and all costs to develop and market the website came directly from JOHN SCHNEIDER and not from Medport, LLC. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

41. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

42. Defendant JOHN SCHNEIDER admits the first sentence in Paragraph 42 of Plaintiff's Complaint and denies that the contract settled the matter, as this litigation reflects.

43. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 43 of

Plaintiff's Complaint as the terms of an unenforceable and void contract are not material.

44. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 55 of

Plaintiff's Complaint.

56. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

59. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### JOINT ENTERPRISE

64. Defendant JOHN SCHNEIDER realleges and incorporates by reference his answers to the previous allegations contained in the paragraphs above as though fully set forth herein.

65. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 65 of

Plaintiff's Complaint.

66. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## <u>REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>

70. Defendant JOHN SCHNEIDER does not believe a response to Paragraph 70 is required, provided such a response is required, Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant JOHN SCHNEIDER does not believe a response to Paragraph 75 is required, provided such a response is required, Defendant JOHN SCHNEIDER denies the allegations

contained in Paragraph 75 of Plaintiff's Complaint.

## DAMAGES

76. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant JOHN SCHNEIDER denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff Biles fails to state a claim upon which relief can be granted because no breach of contract has occurred by Defendant Schneider.

2. Plaintiff fails to state a claim upon which relief can be granted because the information in question is already in the public domain.

3. Plaintiff's claims is barred by the doctrine of waiver because the information in question has been published in public court files and documents or newspapers since at least December 14, 2010.

4. Plaintiff's claims are barred by illegality and violation of public policy to the extent it attempts to stifle or frustrate the Wyoming Board of Medicine from exercising its authority under W.S. § 33-26-202.

5. Plaintiff's claims are void for vagueness to the extent the term disparagement is ambiguous.

6. Plaintiff's claims are barred to the extent Plaintiff has suffered no discernable loss in credit, esteem, regard or confidence that Plaintiff might have enjoyed prior to the acts in question.

7. Defendant Schneider asserts that the liquidated damages clause of the contract at issue is an unenforceable penalty because it imposes an obligation that is extravagant, exorbitant or unconscionable. Such clause is disproportionate to any legitimate business interest held by Plaintiff and is not a genuine pre-estimate of loss.

8. Plaintiff has suffered no legally cognizable loss attributable to the acts or omissions of Defendant Schneider.

9. Plaintiff's alleged injuries and damages were caused in whole or part by the acts or omissions of others for whose conduct Defendant Schneider is not responsible.

10. There is no proximate cause between any action on the part of Defendant Schneider and Plaintiff's alleged damages.

11. Plaintiff's damages claims are barred because they are speculative and unsubstantiated.

12. Plaintiff fails to allege with specificity their special damages.

13. Plaintiff's claims are barred by the doctrine of unclean hands.

14. Plaintiff's claims are barred by the doctrine of estoppel and collateral estoppel.

15. Plaintiff's claims are barred by the doctrine of laches.

16. Plaintiff's claim for Intentional Infliction of Emotional Distress fails to state a claim for which relief can be granted.

17. **Plaintiff's claims are barred because the contract in question is void and unenforceable and in violation of Wyoming public policy and common law because it is of perpetual or indefinite duration and impermissibly restricts Schneider's Constitutional Rights to Free Speech.**

18. At the time of filing this Answer, Defendant Schneider has neither commenced nor completed discovery in this action. Defendant Schneider hereby gives notice that he intends to rely upon any other and additional defenses that may become available or appear during or as a result of the discovery proceedings in this action and hereby reserves his right to amend his First Amended Answer and Affirmative Defenses to the Complaint to assert such defenses.

## SECOND AMENDED COUNTERCLAIM

## Wyoming Uniform Declaratory Judgments Act, W.S. §§ 1-37-101 et. seq.

1. Defendant and counter-Plaintiff John H. Schneider notifies the court of this counterclaim under the Wyoming Uniform Declaratory Judgments Act against counter-defendant Biles requesting this court construe the validity of the Settlement Agreement.

2. The Settlement Agreement entered by the parties around May 12, 2012 neither contains nor implies a term of existence, performance, or termination, and is therefore of perpetual or indefinite duration.

3. Schneider never expected to be bound to the Settlement Agreement perpetually or for an indefinite term, as Schneider sought to publish a variety of materials to advertise Schneider's medical malpractice evaluation and alternative dispute resolution services in exercise of Free Speech rights under the Wyoming and United States Constitutions.

4. It is unreasonable for Biles to expect the Settlement Agreement to be of unlimited duration when the Settlement Agreement contains no specific clause to this effect and any harm to Biles from events he engaged in nearly a decade ago is remote and speculative.

5. Counter-Plaintiff John H. Schneider requests a determination by this court under applicable sections of the Wyoming Uniform Declaratory Judgments Act (W.S. §§ 1-37-103, 1-37-103 and W.S. 1-37-107) that the Settlement Agreement entered around May 12, 2012 is void and unenforceable as contrary to Wyoming public policy and common law against indefinite or perpetual contracts.

6. Counter-Plaintiff John H. Schneider requests this Court declare the Settlement Agreement void and unenforceable, or terminated after a reasonable duration having already passed, and accordingly dismiss Biles' claims against him.

7. John H. Schneider requests the court further dismiss all claims against Medport, LLC and Michelle Schneider as entwined entities, and find **Biles** allegations and definition of "The Schneider Defendants" to be a fiction without merit or substance.

WHEREFORE, counter-Plaintiff Schneider requests the following relief:

1. A determination by this Court that the Settlement Agreement is void and unenforceable, or has terminated or expired, pursuant to the Wyoming Uniform Declaratory Judgments Act.

2. Judgment against Biles for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against Biles for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

4. Judgment against Biles for exemplary and punitive damages in an amount consistent with the allegations contained herein to be proven at trial.

5. Judgment against Biles for costs, interest, and such other and further relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Defendant and Counter-Plaintiff John H. Schneider, as *pro se* litigant, requests this matter be tried before a jury.

{SIGNATURE PAGE FOLLOWS}

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, & SECOND AMENDED COUNTERCLAIM                                                                 Page 13

The attached is subscribed and sworn by me, John H. Schneider, MD MS-ADR on this date : 7/25/19

MD -

## CERTIFICATE OF SERVICE

I, Julie Nelson, hereby certify that on the 25th day of July 2019, a copy of the foregoing document was served via first class mail to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com
Attorney for Plaintiff

Via Personal Delivery to:

Granite Peak Law PLLC
Adam H. Owens
Gregory Costanza
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com
Attorneys for Medport, LLC

Julie Nelson

$1.45⁰
US POSTAGE
FIRST-CLASS
FROM 59715
JUL 25 2019
stamps
endicia

Granite Peak Law, PLLC
PO Box 635
Bozeman MT 59771-0635

Johanna Galik
Deputy Clerk
US District Court of Wyoming
2120 Capitol Ave Ste 2131
Cheyenne WY 82001-3658