Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| JIMMIE G. BILES, | ) | |
| | ) | Docket No. 19-CV-48-F |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN H. SCHNEIDER, JR.; | ) | |
| MICHELLE R. SCHNEIDER; | ) | |
| And MEDPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

**JIMMIE G. BILES' MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS
DEFENDANT SCHNEIDER'S SECOND AMENDED COUNTERCLAIMS**

---

Plaintiff, Jimmie G. Biles ("Dr. Biles"), by and through his counsel, Anna Reeves Olson of Park Street Law Office, and pursuant to F.R.C.P. 12(b)(6), moves this Court for an order dismissing Defendant John Schneider's *Second Amended Counterclaims* (ECF No. 56) on the basis that he has failed to state a claim for relief.

INTRODUCTION

On March 8, 2019, Plaintiff, Jimmie G. Biles, M.D., filed his *Complaint, Request for Temporary Restraining Order and Preliminary Injunction and Demand for Jury Trial* ("Complaint") against, *inter alia*, Defendant John H. Schneider. *See generally* Doc. 1. The *Complaint* provides that on May 12, 2012, Defendant Schneider and Dr. Biles executed a

confidential Settlement Agreement that resolved the pending litigation between them, namely: *Biles v. Schneider,* No. 2:11-cv-00366-NDF and *Biles v. Fallon,* No. 2:11-cv-00294-NDF. *Id.* at ¶¶2, 29, 30, 31, 42-43. Dr. Biles also alleged that seven years later, in early 2019, Defendant Schneider intentionally breached the Settlement Agreement by posting disparaging and defamatory material regarding Dr. Biles on Facebook and on a website entitled "Healthcare-Malpractice.com." *Id.* at ¶¶33-34; 43-57. Dr. Biles seeks general and specific damages for Defendant Schneider's conduct. *Id.* at ¶¶76-77.

On April 12, 2019, Defendant Schneider, proceeding *pro se,* answered the *Complaint* and filed a *Counterclaim* against Dr. Biles. *See generally* Doc. 21 (*Answer to Complaint and Counterclaims*). In his *Answer*, Defendant Schneider denied that the Settlement Agreement resolved the previous litigation and also denied that Dr. Biles had set forth the material terms of the Settlement Agreement. Doc. 21 at p. 4; ¶17. With regard to his initial *Counterclaim,* Defendant Schneider alleged: (1) Invasion of Privacy/Intrusion Upon Seclusion, Doc. 21 at p. 5; (2) Breach of Contract, *id.* at p. 6; ¶3; and (3) Intentional Infliction of Emotional Distress, *id.* at p. 6; ¶4.

On May 1, 2019, Dr. Biles moved to dismiss Mr. Schneider's *Counterclaim*. *See* Docs. 30 and 31 (*Motion & Memorandum in Support*). On May 16, 2019, Mr. Schneider filed his *First Amended Answer, Affirmative defenses and First Amended Counterclaims. See generally* Doc. 33. In this amended pleading, Mr. Schneider voluntarily removed his Invasion of Privacy and IIED Counterclaims, but proceeded with the Breach of Contract Counterclaim. *Id.* at pp. 11-12 at ¶¶1-5.

Mr. Schneider's Breach of Contract Counterclaim alleged that Dr. Biles breached the Settlement Agreement by discussing "details protected by the confidentiality clause of the

settlement agreement" with "Cody medical staff, and [Dr.] Biles' former employees and family members." Doc. 33 at pp. 11-12, ¶2. Defendant Schneider also alleged that this Court hold Dr. Biles liable "for directing or acting with his employed legal counsel . . . to continually breach the settlement agreement though presentation of distorted 'facts' . . . to the media, civilian non-parties, legal and administrative panels, . . .." *Id.* at p. 12, ¶3.

Dr. Biles responded with a *Motion to Dismiss*. *See* Docs. 37 and 38 (*Motion & Memorandum*). On July 16, 2019, this Court granted Dr. Biles's *Motion* and dismissed Mr. Schneider's amended Breach of Contract Counterclaim, but also granted him leave to amend on or before July 30, 2019. *See* Doc. 50 at 9 (Order).

On July 29, 2019, Mr. Schneider filed his *Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaim*. *See* Doc. 56. In his *Second Amended Counterclaim,* Mr. Schneider dropped his previous argument that Dr. Biles had breached the valid and enforceable Settlement Agreement and, now, alleges the opposite. Specifically, Defendant Schneider seeks declaratory relief, pursuant to the Wyoming Declaratory Judgment Act, that the Settlement Agreement is invalid. *Id.* at 12, ¶¶1-7. Mr. Schneider claims that he "never expected to be bound to the Settlement Agreement perpetually or for an indefinite term," and "it is unreasonable for Biles to expect the Settlement Agreement to be of unlimited duration." *Id.* at 12, ¶¶3-4. In other words, Dr. Schneider never thought that he would be bound by the Settlement Agreement in perpetuity, and now that ten years have passed, he would like to start slandering Dr. Biles again so that he may "exercise of [his] Free Speech rights under the Wyoming and United States Constitutions." *Id.* at 12, ¶3.

As set forth below, Mr. Schneider's *Second Amended Counterclaim* must be dismissed.

<u>STANDARD OF REVIEW</u>

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint, and tests whether the party has pleaded cognizable claims. *See* FED. R. CIV. P. 12(b)(6). The Court, therefore, can dismiss a claim or controversy on the basis of a dispositive issue of law, if it is meritless, wastes judicial resources, or results in unnecessary discovery. *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989).

<u>ARGUMENT</u>

I. THIS COURT SHOULD EXERCISE ITS DISCRETION IN DISMISSING MR. SCHNEIDER'S SECOND AMENDED COUNTERCLAIM BECAUSE IT IS REDUNDANT.

Wyoming Statute § 1-13-102 provides that "[c]ourts of record within their respective jurisdictions *may* declare rights, status and other legal relations whether or not further relief is or could be claimed." Use of the word "may" means that district courts possess discretion in determining whether and when to entertain a declaratory judgment action. *See, e.g., Duke v. State*, 209 P.3d 563, 574 (Wyo. 2009) ("As a general matter, the word "may" when used in a statute, is permissive."); *see also* Federal Declaratory Judgment Act 28 U.S.C. § 2201(a) (the court "*may* declare the rights and other legal relations of any interested party seeking a declaration."); *Wilton v. Seven Falls Co*., 515 U.S. 277, 282 (1995) ("district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites*."); U.S. v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002) ("district courts are 'under no compulsion' to grant declaratory relief but have discretion to do so.").

In determining whether to exercise declaratory jurisdiction, a district court should first consider if the request for declaratory judgment is redundant or superfluous. This is because a

district court may dismiss declaratory judgment counterclaim as redundant if the issues "will be rendered moot by adjudication of the main action." *Am. Gen. Life Ins. v. Bagley,* 2013 WL 5916824, at *5 (D. Utah Nov. 4, 2013); *Kieran v. Johnson-March Corp.,* 7 F.R.D. 128, 131 (E.D.N.Y. 1945) ("[I] a litigation which is bound to result in one of two ways, and where either result will set the matter at rest forever, then defendant, under the guise of invoking the declaratory judgment statute, should not be permitted to say in substance that he wants a judgment in his favor, and no more."); *Great Am. Ins. Co. v. Goin*, 2017 WL 4238698, at *4 (N.D. Tex. Sept, 25, 2017) ("This court has previously declined . . . to adjudicate declaratory judgment actions that are duplicative of other claims in the same case . . . [or] are the mirror image of other claims in a lawsuit."); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc*., 2012 WL 6569774, at *2 (S.D. Tex. Dec. 17, 2012) ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted."); 6 WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 1406 ("When [a declaratory judgment counterclaim raises] issues that already have been presented in a plaintiff's complaint . . . a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.").

When the case involves a breach of contract claim and a counterclaim seeking declaratory relief that the contract is void or unenforceable, courts have repeatedly recognized that "[a] declaratory judgment [counterclaim] serves no 'useful purpose' when it seeks only to adjudicate an already-existing breach of contract claim." *Torchlight Loan Servs., LLC v. Column Fin., Inc.*, 2012 WL 3065929 at *33 (S.D.N.Y. July 25, 2012); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2012 WL 1416428, at *2 (S.D. Fla. 2012) ("[a] court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim"); *Narvaez v.*

5

*Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010) (dismissing as "redundant" a declaratory judgment claim that was asserted in addition to a claim for of breach of contract); *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (the declaration sought would "already be addressed in the breach of contract claim" and, thus, that "a declaratory judgment would not further clarify legal relations among the parties").

In this instance, Mr. Schneider seeks nothing more than the reverse of the relief that Dr. Biles seeks. This "mirror-image" Counterclaim cannot stand because it merely restates the legal or factual issues already put before the Court in Dr. Biles's Complaint. Defendant Schneider is merely asking the Court to declare that it has a valid defense to Plaintiff's claims, which is not a proper basis for an independent claim for declaratory relief. Indeed, Dr. Schneider's Counterclaim will be rendered moot upon adjudication of Plaintiff's Complaint. For these reasons, Mr. Schneider's Counterclaim is redundant and need not be entertained by this Court.

II. THIS COURT SHOULD EXERCISE ITS DISCRETION IN DISMISSING MR. SCHNEIDER'S SECOND AMENDED COUNTERCLAIM BECAUSE THE SETTLEMENT AGREEMENT IS PRESUMED VALID.

Generally, settlement agreements are presumed valid absent a showing of fraud or mutual mistake. *Callen v. Pennsylvania R. R. Co.*, 332 U.S. 625, 630 (1948) ("One who attacks a settlement must bear the burden of showing that the contract he had made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted."); *Guy v. Lexington-Fayette Urban Cnty. Gov't*, 57 Fed. Appx. 217, 224 (6th Cir. 2003) ("A valid settlement agreement can only be set aside for fraud or mutual mistake of fact."); *Windham v. Morris*, 121 N.W.2d 479, 481-82 (Mich. 1963) ("Generally, rescission of a contract will not lie except for mutual mistake or unilateral mistake induced by fraud."); *In re Mettlen*,

174 B.R. 822, 824 (D. Kan. 1994) ("generally, in the absence of bad faith or fraud, neither party is permitted to repudiate a settlement agreement.").

A unilateral mistake is insufficient to void a settlement agreement. *See, e.g., Westlake Investments, LLC v. MLP Mgmt., LLC*, 842 F. Supp. 2d 1119, 1126 (S.D. Iowa 2012) (a unilateral mistake of fact or law by a party is insufficient to avoid a settlement agreement); *Cheyenne-Arapaho Tribes of Indians of Oklahoma v. U.S.*, 671 F.2d 1305, 1311 (Ct. Cl. 1982) ("Unlike a mutual mistake, a unilateral mistake is not sufficient to allow the mistaken party to limit or avoid the effect of an otherwise valid settlement agreement.") (citing *Kline v. Florida Airlines, Inc.*, 496 F.2d 919, 920 (5th Cir. 1974); *U.S. v. Bissett-Berman Corp.*, 481 F.2d 764, 768 (9th Cir. 1973); V*irginia Impression Products Co. v. SCM Corp.*, 448 F.2d 262, 265 (4th Cir. 1971)).

Here, Mr. Schneider does not make any allegation that the Settlement Agreement was procured by fraud or entered into by mutual mistake. *See generally,* Doc. 56 at 12-13. At best, Mr. Schneider claims a unilateral mistake, *i.e.,* he did not know that he would be bound by the "Settlement Agreement perpetually." *Id.* at 12, ¶3. However, because the former neurosurgeon's purported "misunderstanding" about the duration of the Settlement Agreement was his alone, that is insufficient to set aside the Settlement Agreement.

## CONCLUSION

It is respectfully requested that Defendant Schneider's *Second Amended Counterclaim* be dismissed as set forth above.

DATED this 2nd day of August 2019.

*s/Anna Reeves Olson*
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorney for Plaintiff Biles*

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addresses:

The Spence Law Firm, LLC
R. Daniel Fleck
M. Kristeen Hand
15 South Jackson
P.O. Box 548
Jackson, WY 83001
*fleck@spencelawyers.com*
*hand@spencelawyers.com*
*Attorneys for Plaintiff*

Adam H Owens
Gregory G Costanza
GRANITE PEAK LAW LLC
PO Box 635
Bozeman, MT 59771
406/530-9119
*adam@granitepeaklaw.com*
*gregory@granitepeaklaw.com*
*Attorneys for MedPort LLC*

And also certify this was sent via U.S. Mail to:

John H Schneider, Jr
Reg #64084298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
  *PRO SE*

*/Anna Reeves Olson*
Anna Reeves Olson