John H. Schneider, MD, MS-ADR
Reg# 64084298
Metropolitan Correction Center
808 Union St
San Diego, CA 92101
Pro Se Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG 19 AM 10: 07

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER; and MEDPORT, LLC,<br><br>    Defendants<br><br>―――――――――――――――<br><br>JOHN H. SCHNEIDER,<br><br>    Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>    Counter-Defendant | CAUSE NO. 19-CV-48-F<br>HON. NANCY FRUEDENTHAL<br><br><br><br>DEFENDANT AND COUNTER-PLAINTIFF JOHN H. SCHNEIDER, JR.'S RESPONSE TO PLAINTIFF AND COUNTER-DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS |

COME NOW, Defendant and Counter-Plaintiff JOHN H. SCHNEIDER, hereby files his response to Plaintiff and Counter-Defendant Jimmie Biles' Motion to Dismiss filed with the Court on August 2, 2019 requesting this court dismiss the second amended counter-claim for declaratory relief that John H. Schneider filed against Jimmie Biles on July 29, 2019.

Schneider's Response in Opposition to Biles' Motion to Dismiss      Page 1 of 10

I. THE SETTLEMENT AGREEMENT SHOULD NOT BE PRESUMED VALID

Perpetual contracts are not favored in the law, and no presumption of validity should arise when the agreement contains no definite term. Perpetual contracts are contrary to public policy in certain states, including Wyoming. *Police Protective Ass'n of Casper v. City of Casper*, 575 P. 2d 1146, 1149 (1978); *Rico Industries, Inc. v. TLC Group, Inc.*, 6 NE 3d 415, 420 (Ill.App.Ct. 2014); *Armstrong Bus. Servs., Inc. v. H & R Block*, 96 S.W.3d 867, 877 (Mo.Ct.App. 2002).

The Wyoming Supreme Court has held that perpetual agreements are null and void, or if an agreement is not perpetual by its terms but still "not susceptible to the implication of a specific period of duration," then such agreements are to "be terminated at will upon the giving of reasonable notice." *Police Protective Ass'n of Casper v. City of Casper*, 575 P. 2d 1146, 1149 (1978).

A contract whose validity is in question due to a lack of term cannot be presumed valid. A breach of contract claim would lead to such an outcome, as Biles has asserted, while the declaratory judgment claim would not necessitate such a one-sided burden that is prejudicial to Schneider's Second Amended Claim that the agreement has expired and is no longer enforceable, if it ever was valid from the outset.

To the extent there was an appropriate duration, by conduct and deed both Biles and Schneider have provided reasonable notice to each other that they both intended on terminating the settlement agreement. Retaining a breach of contract action alone, with its "presumption of validity," creates a burden of proof on Schneider that would not exist in the declaratory judgment action. This lack of presumption, combined with the allegations of slander surrounding the

website and social media postings, reinforce the need to enlarge this action beyond a narrow breach of contract claim in favor of a greater declaration of the parties' rights.

Significantly, Biles requests this Court disregard a critical and intractable fact intrinsic in the settlement agreement: such agreement was created exclusively by Biles current counsel, the Spence Law Firm, on or around May 12th, 2012. Biles now expects this Court to enforce a perpetual contract against Schneider when it was never the intention of Biles or Schneider to form a perpetual obligation between them.

Biles first argument is invalidated by his second argument, alleging that the settlement agreement remains valid in perpetuity, though void of an enforceable term. Without a defined term, the Court cannot infer or presume the underlying agreement is an enforceable contract.

This Court should disregard Biles' implicit argument that the egregious and fundamental error of craft, or deliberate ambiguity that Spence Law Firm committed when constructing the 2012 settlement agreement, was a singular mistake of Schneider. Citing the lack of term as a "unilateral mistake" is not supported with evidence or testimony by Biles' current counsel, and has been belied by the conduct of the Biles team immediately after the agreement was entered and for years thereafter.

Although Biles attempts to utilize Dr. Schneider's past pleadings as evidence that the agreement is a valid contract, the Court itself has already rendered the opinion that Schneider's First Amended Counterclaim arguments are without merit, dismissing the First Amended Counterclaim for breach of contract. Nonetheless, a review of this claim reveals that Schneider alleged that Biles directed and acted with his legal counsel to "continually breach the settlement agreement through presentation of distorted 'facts' … to the media, civilian non-parties, legal and

administrative panels, all designed to destroy the livelihood and reputation of John H. Schneider..." Doc. 33, FAC, ¶3. In his response brief [Doc. 41] to Biles' Motion to Dismiss, Schneider further argued that Biles' counsel began immediately in 2012 to methodically spread disinformation about Schneider's conduct in the Biles v. Schneider litigation, contrary to the confidentiality mandate in the agreement. Nonetheless, Schneider diligently complied with the settlement agreement by well compensating Biles to rectify potential harm to Biles' reputation from the previous conduct in question, and thereafter remaining absolutely silent on the circumstances surrounding such conduct.

Biles would request a double standard of interpretation by this Court in their current argument asserting that Schneider's earlier counter-claim must in fact be found as evidence of a contractual obligation of the settlement agreement. Biles requests the Court overlook the Biles team strategic decision to avoid a term descriptor in their crafted settlement agreement, such that only now do they wish to fill it to create a perpetually binding contract.

Biles assumes that the court will consider the purposeful lack of a defined term in the settlement agreement as a simple and singular error on the part of Biles' counsel, who exclusively crafted and prepared every parameter set forth in this agreement. This is artful misdirection by Biles, as the second claim in their argument is not accompanied by any evidence that Biles or his agents presumed the settlement agreement would survive and be legally enforceable in perpetuity.

Schneider intends on providing evidence to the Court of Biles communications with media, administrative bodies, and the public, protected by the same 2012 agreement affirming that Biles never considered the agreement a legally enforceable contract indefinitely. A contract in

perpetuity was not defined and agreed upon by all parties; it only pertained to settlement and confidentiality from conduct arising in the 2012 litigation.

## II.  SCHNEIDER'S POSTS WERE NOT SLANDEROUS

Biles once again argues that the posts found on social media and the website www.healthcare-malpractice.com were contrived and fictitious and therefore constitute defamation and slander, and a violation of an invalid contractual obligation that neither Biles nor Schneider ever agreed to in perpetuity.

Schneider requests the Court review said postings on these sites to confirm Schneider has not proffered slanderous allegations against Biles in any way. Dr. Schneider merely reproduces independent and verifiable testimony from third parties who neither influence nor benefit from litigation between Biles and Schneider. Unrebutted, the Court should accept these testimonials as factual, as Biles offers neither argument nor evidence to challenge the authenticity, accuracy, or validity of any of these profoundly disturbing events annotated by multiple third parties.

Biles therefore implicitly acknowledges what can only be concluded as a profound level of antisocial and reckless behavior by Biles to stifle the alternative dispute resolution services and advertising for those services provided by Schneider through his master's degree level training from Creighton Law School.

Dr. Schneider reasserts all past arguments including his first amendment right to communicate publicly and privately on issues brought forth in this litigation that are of public safety concern. Dr. Schneider is not bound by the 2012 settlement agreement, as this agreement is not a valid contract, being devoid of a term of enforcement, and having long lost its utility to preserve any confidentiality between the parties.

Biles and his agents purposefully avoided a term limit to the agreement and as such Dr. Schneider could only view the term of this agreement as extremely limited based upon the Biles' parties actions and behavior. Dr. Schneider cannot be restrained by an agreement lacking clear language that it exists in perpetuity when the behavior of neither party comports with this interpretation.

### III.   DECLARATORY RELIEF IS APPROPRIATE UNDER WYOMING LAW

The settlement agreement, lacking a term, cannot be construed as perpetual in nature, and is therefore null and void. Alternatively, should the settlement agreement be construed as executory in nature, then it is terminable at will. In either case, the declaratory judgment remedy can construe the relations between Biles and Schneider under the settlement agreement without having to interpret whether any contractual provision has been breached. Accordingly, to properly determine the status of the agreement between Biles and Schneider, this court should liberally construe and administer the Wyoming Declaratory Judgments Act, as the act itself mandates.

As cited by Biles, Wyoming Statute § 1-13-102 appears to be an old version of the Wyoming code. Declaratory judgments in Wyoming are found in the Uniform Declaratory Judgments Act, §§ 1-37-101 et. seq. W.S. section 1-37-102 of this Act states:

> "Courts of record within their respective jurisdictions may declare rights, status and other legal relations whether or not further relief is or could be claimed. **No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for.** The declaration may be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment."

Schneider prays for a declaratory judgment in this proceeding, which is not "open to objection." Contrary to this statute, Biles nonetheless objects, claiming that declaratory relief is a "mirror-image" counterclaim. It is not. Schneider seeks relief under the Uniform Declaratory

Judgments Act because such act affords supplemental relief under W.S. § 1-37-110 which broadens this court's ability to interpret the relations between Biles and Schneider beyond the four corners of the settlement agreement. Particularly, Biles has leveled new allegations of slander against Schneider. Declaratory relief would better serve to interpret and adjudicate such questions that are beyond the scope of a breach of contract.

As elaborated above, this court should also deny Biles' request because a declaration of the contract's validity due to a lack of "term" provision should not presume that the contract is valid. Further, Wyoming statute § 1-37-103 creates a more specific statutory right to have the settlement agreement interpreted, where it states:

> "Any person interested under a deed, will, **written contract** or other writings constituting a contract, or **whose rights, status or other legal relations** are affected **by the Wyoming constitution** or by a **statute**, municipal ordinance, **contract** or franchise, **may have any question of construction or validity** arising under the instrument determined and obtain a declaration of rights, status or other legal relations." (emphasis added)

The Wyoming Uniform Declaratory Judgments Act should not be construed as narrowly as Biles requests. The Act creates a positive right in persons to petition the court to construe the validity of a written instrument to which that person is a party. In this case, there is a controversy regarding the enforceability of the agreement because the settlement agreement lacks a definite term. Schneider appropriately asserts that the term has well expired after Biles was afforded several years to offset any negative effects from the unfortunate mailing which gave rise to the settlement agreement. While Biles has now had sufficient opportunity and has doubtless bolstered his marketing and advertising presence for years in the marketplace, Schneider did not bargain away his First Amendment rights indefinitely, nor does the settlement agreement contemplate such an

outcome. Schneider does not to wish and has no intention to slander or defame Biles, but does wish to use his past experiences to inform the public in conflict resolution in medicine.

W.S. § 1-37-104 reinforces Schneider's right to have the settlement agreement reviewed for its construction or validity, where it states that "[a] contract may be construed either before or after there has been a breach thereof." Thus, there cannot be a "mirror-image" counterclaim bar for declaratory relief that negates the express statutory clause permitting precisely such approach.

W.S. § 1-37-107 also affirms the court's ability to provide declaratory relief when such final judgment will "terminate the controversy or remove an uncertainty." Here, the lack of a contract term creates enormous uncertainty. Should the court render the contract void and unenforceable, this controversy would immediately terminate.

Finally, Wyoming statute § 1-37-114 regarding construction of the Uniform Declaratory Judgments Act states that this Act "is to be liberally construed and administered" to effect its purpose "to settle and to afford relief from uncertainty and insecurity with respect to legal relations." The settlement agreement contains a gaping hole of uncertainty and insecurity because Biles reads into the agreement something that is not there: a clear and definite term of performance obligation or enforcement.

Schneider presumed that the agreement had expired after all vestiges of harm to Biles from the flyer mailing had well since passed. Schneider's posting of facts in the context of medical conflict resolution does not slander or threaten to slander Biles in any way. Biles over-reacts to the significance and reach of a website with negligible viewership. Declaratory relief will help resolve the scope and nature of speech Schneider makes that Biles attempts to unjustly stifle.

Begrudging availability of the Declaratory Judgments Act is inconsistent with the remedial tenor expressed in the Act, directed to the elimination of uncertainty and insecurity and settlement of controversy. *Brimmer v. Thomson*, 521 P.2d 574 (Wyo. 1974), quoting favorably from *Planned Parenthood Center of Tucson, Inc. v. Marks*, 1972, 17 Ariz. App. 308, 497 P.2d 534, 538.

The Declaratory Judgments Act unequivocally allows parties to a written contract to seek its remedial relief, whether "before or after there has been a breach thereof" (W.S. § 1-37-104). Because the Act itself contemplates "before or after" a breach, the plain language of the Act clearly allows a contracting party to seek declaratory relief even when a breach of contract claim has arisen. For the foregoing reasons, declaratory relief in these circumstances is appropriate.

## SUMMARY

Biles' arguments invalidate their own claims of breech of contract. The failure to define a term in the original settlement agreement as a "simple and singular mistake" of Schneider is without evidentiary support when such agreement was drafted by the Spence Law Firm alone. Furthermore, the assertion that Biles considered the agreement as a contract in perpetuity is unsupported by evidence of Biles' parties' post-agreement behavior. Dr. Schneider further asserts his first amendment rights to free speech for both advertising his own trade and for public safety, and notes that Biles' claim that Schneider "should have" considered the 2012 agreement as a contract in perpetuity is unreasonable and without merit.

Dr. Schneider requests the Court acknowledge the settlement agreement as an invalid contract and rule in favor of Schneider for declaratory relief, appropriate under Wyoming law. Based upon the preceding, John H. Schneider respectfully requests this court deny defendant Biles' motion to dismiss Schneider's second amended counter-claim for declaratory relief.

I, John H. Schneider, do swear and affirm that the above statements are true and correct to the best of my knowledge.

Respectfully,

/s/ John H. Schneider

Pro-se defendant/Counter-Claimant

The attached is subscribed and sworn by me, John H. Schneider. MD MS-ADR on this date: 8/16/19

*[signature]* M.D.

## CERTIFICATE OF SERVICE

I, Adam H. Owens, hereby certify that on the 16th day of August 2019, a copy of the foregoing document was served via first class mail to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248

Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com

Attorney for Plaintiff

Via Personal Delivery to:

Granite Peak Law PLLC
Adam H. Owens
Gregory Costanza
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com

Attorneys for Medport, LLC

_____
Adam Owens

Certificate of Service for Response to Motion to Dismiss