IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



FILED
3:40 pm, 9/5/19
Stephan Harris
Clerk of Court

| | |
|---|---|
| JIMMIE G. BILES, JR, MD,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN H. SCHNEIDER, MICHELLE R. SCHNEIDER, and MEDPORT, LLC,<br><br>Defendants, | Case No.  19-CV-48 |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Plaintiff Biles' Motion to Dismiss Defendant Schneider's Second Amended Counterclaim.  Doc. 57.  The Court has considered the motion and response and is fully informed in the premises.  For the following reasons, Plaintiff's motion to dismiss is GRANTED.

The background for this dispute is detailed in this Court's Order granting Plaintiff's first motion to dismiss Defendant's first counterclaim.  Doc. 50.  As noted, the Court granted Plaintiff's motion but permitted Biles to file an amended counterclaim if he wished to continue to assert claims against Plaintiff.  Defendant timely filed a second amended counterclaim which asserts a single claim under the Wyoming Uniform Declaratory Judgments Act, Wyo. Stat. §§ 1-37-101 et seq., requesting the Court construe the validity of the Settlement Agreement.

In response to the second amended counterclaim, Plaintiff filed a motion to dismiss. Plaintiff argues the Court should exercise its discretion and dismiss the counterclaim as it is duplicative and serves no useful purpose in the underlying lawsuit given the already-existing breach of contract claim. In addition, Plaintiff argues settlement agreements are presumed valid and Defendant includes no allegation (such as fraud or mutual mistake) that is recognized for purposes of defeating this presumption.

In considering the arguments by the parties, the Court agrees with Plaintiff that it has discretion in deciding whether to consider an action for declaratory relief. Specifically, "[t]here is no reason to bring an action for a declaratory judgment unless some good purpose will be subserved thereby." *Beatty v. Chicago, B.&Q.R. Co.*, 49 Wyo. 22, 52 P.2d 404, 408-409 (1935), (citing *Holly Sugar Corporation v. Fritzler*, 42 Wyo. 446, 296 P.206 (1931)). In this instance, the dispute would be terminated and the Defendant would receive the benefit requested by his second amended counterclaim were the Court to agree with Defendant that the agreement is unenforceable or otherwise limited to a specific term. The Court need not have two proceedings – one on the complaint and another on the second amended counterclaim, where one would suffice. *Id.* In this instance, an adjudication of Plaintiff's claim of breach of contract would suffice, and would adequately afford Defendant an ability to advance all allegations and claims he makes by way of the second amended counterclaim.

For these reasons, IT IS HEREBY ORDERED that Defendant's second amended counterclaim is DISMISSED.

Dated this 5th day of September, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE