

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JIMMIE G. BILES, JR., MD,

Plaintiff,

vs.

JOHN HENRY SCHNEIDER, JR., MD
and MEDPORT, LLC,

Defendants.

Case No. 19-CV-48-F

# ORDER ON INITIAL PRETRIAL CONFERENCE

On November 14, 2019 the Honorable Nancy D. Freudenthal, District Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were Dan Fleck and Kristeen Hand for Plaintiff and Gregory Costanza for Defendant Medport.

**Jurisdiction and Venue** —

The Court has jurisdiction over the parties and the subject matter, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge** —

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.2 and acknowledge that this case will proceed before the District Judge assigned hereto, and not before a Magistrate Judge. However, the parties are not precluded from consenting to trial before Magistrate Judge Mark L. Carman anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

*Plaintiff's contentions.* Roughly seven years ago, this Court entertained a set of cases titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF ("*Biles v. Schneider I*"); and *Biles v. Fallon*, No. 2:11-cv-00294-NDF. Both cases featured allegations that Defendants John Schneider ("Schneider") and Michelle Schneider had conspired with Lisa Fallon to defame Dr. Jimmie Biles, Jr. ("Biles"). Biles claimed those defendants paid Ms. Fallon to mail defamatory fliers to 14,239 homes in various Wyoming communities. (*Biles v. Schneider I*, (Doc. 1 at ¶ 41); *Biles v. Fallon*, (Doc.1 at ¶ 22)). Ultimately, the parties settled these matters and the Court dismissed both cases with prejudice. (*Biles v. Schneider I* (Doc. 53); *Biles v. Fallon* (Doc. 62)). The settlement agreement resolving the prior litigation forms the basis for the instant suit. Under that agreement, Schneider agreed to refrain from making disparaging remarks about Biles. In alleged violation of this agreement, Schneider created a website ("Healthcare-Malpractice.com") to publish defamatory and disparaging material about Biles. Biles seeks relief for breach of contract and intentional infliction of emotional distress through Schneider's and Medport's alleged joint enterprise.

*Defendants' contentions.* Schneider admits he is the exclusive owner and operator of www.healthcare-malpractice.com. (Doc. 56). Schneider alleges he received this website as an asset distribution from Medport, LLC in 2018 and that he exercised his constitutional rights to freedom of speech and freedom of the press when he, alone, reproduced testimonials from independent third parties regarding their experience with Biles. Schneider denies this information is slanderous and, if considered disparaging, the truth inherent in the information protects its disclosure based upon constitutional protection of the individual and the individual's corporation. Schneider states he was not bound by any enforceable prior contracts with Biles that prevented the

republication of the information on healthcare-malpractice.com or when disclosed as part of Schneider's bankruptcy filing documents in May 2015.

**Complexity of the Case —**

The Judge is of the opinion that this is a non-complex case.

**Amendments to Pleadings and Joinder of Parties — December 16, 2019.**

The parties do anticipate adding parties or otherwise amending pleadings at this time. The parties shall have until the above date to move to amend the pleadings and/or join additional parties in compliance with Fed. R. Civ. P. 15(a).

**Rule 26(f) Scheduling Conference and Self-Executing Routine Discovery —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff contends that Defendants have not complied with self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a).

**Stipulations as to Facts — December 16, 2019.**

The parties shall exchange "[p]roposals for stipulations and agreement upon facts to avoid discovery" in accordance with U.S.D.C.L.R. 16.1(b)(6) by the above date.

**Discovery Cutoff Date — August 14, 2020.**

All written discovery requests must be served upon and received by opposing counsel on or before the discovery cutoff date. The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Fed. R. Civ. P. 26(a). All discovery depositions must be completed by the discovery cutoff. Trial depositions may be taken up to seven (7) days prior to the trial date. The parties <u>should not</u> file notices of depositions, subpoenas, or other discovery notices.

**Expert Witness Designations —**

**Plaintiff's Designation Deadline — April 15, 2020.**

**Defendant's Designation Deadline — May 15, 2020.**

In accordance with Fed. R. Civ. P. 26(a)(2), the parties shall designate expert witnesses, including a complete summary of the testimony expected from each expert by the respective deadlines above. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). The parties are each limited to one testifying expert witness for each field of expertise, absent a showing that complex issues necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field. **THE PARTIES SHALL FILE THEIR EXPERT DESIGNATIONS WITH THE COURT**.

In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify in part or in full as an expert witness, **the party calling the medical or mental health providers shall designate them as expert witnesses.**

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witness will insist upon with respect to taking their depositions, including the compensation the expert witness will require and the rate per unit of time for said compensation. In the event counsel is unable to include such information in the designation, counsel shall set forth in the designation his or her efforts to obtain the same and when such information shall be provided. Plaintiff may depose Defendant's experts after the discovery cutoff date but must complete the depositions at least **fourteen (14) days prior to the final pretrial conference.**

In any case in which a party (here assumed to be the plaintiff, but it could be any party) satisfies the criteria for a physical or mental examination under Federal Rule of Civil Procedure 35, the Defendant(s) may require Plaintiff to submit to physical and psychological examinations by experts designated by Defendant(s) any time up to **five full weeks prior to trial**. Defendant(s) shall designate said expert witnesses no later than one week after the examination. Plaintiff may depose the examining expert witnesses any time during the last **four weeks prior to trial.** If Defendant(s) conduct an examination earlier than five weeks prior to trial, Defendant(s) must designate the opinions of the experts no later than **twenty (20) days** following the examination. Plaintiff may depose said expert any time prior to trial.

**Non-Dispositive Motions —**

Pursuant to the General Order Regarding Discovery Motions available at http://www.wyd.uscourts.gov/pdfforms/orders/General%20Order%20re%20Discovery%20Motions%20KHR%20MLC.pdf, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Chambers of the referral magistrate judge prior to filing any written discovery motions. All proposed orders regarding non-dispositive civil motions shall be emailed to Magistrate Judge Carman's Chambers (wyojudgemlc@wyd.uscourts.gov) in a word processing format.

**Telephone Status Conference –July 9, 2020 at 9:00 a.m.**

At this time, the parties do believe there will be dispositive motions. A telephone status conference is set to discuss whether the parties anticipate filing dispositive motions, if such motions can be obviated by agreement or stipulation, and the status of settlement efforts. Counsel should appear by telephone by calling into the following conference line: (877) 336-1829; access code 3509533; security code 2967.

**Dispositive Motions — Hearing – September 8, 2020 at 10:00 a.m.**

**Dispositive Motion Deadline August 14, 2020, Response August 28, 2020.**

A dispositive motion hearing is set before the Honorable Nancy D. Freudenthal. The parties shall appear at the U.S. Courthouse, 2120 Capitol Avenue, Courtroom #1, Cheyenne, Wyoming. All briefs, affidavits and other materials in support of the party's motion or opposition are due by the above filing deadlines. Parties relying on deposition testimony for their motions or oppositions shall also email the e-transcript version of the deposition(s) to Chambers (wyojudgendf@wyd.uscourts.gov). Together with their briefs, counsel shall file (in pdf) and email (in Word) to Chambers proposed findings of fact and conclusions of law supported by the record which reflect the position the party will take at the hearing. If a hearing is set on a dispositive motion, the Court does not allow reply briefs.

**Final Pretrial Conference —November 5, 2020 at 1:30 p.m.**

A final pretrial conference is set in the Chambers of Judge Freudenthal, 2120 Capitol Avenue, Room 2242, Cheyenne, Wyoming 82001. Counsel shall appear in person.

*Joint Proposed Final Pretrial Order.* In sufficient time to submit a proposed order **at least seven (7) days before** the final pretrial conference, counsel for represented parties must confer to prepare and sign a joint proposed final pretrial order in the format provided on the District of Wyoming's website under "Forms." If you cannot locate the form, please contact Chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order, but **unless counsel otherwise agree, Plaintiff's counsel shall take the lead in drafting the joint final pretrial order**. The proposed order must be emailed in Word to Chambers (but not filed) at least seven (7) days before the final pretrial conference.

*Witness and Exhibit Lists.*  **At least fourteen (14) days before** the final pretrial conference, the parties shall exchange (but not file) witness and exhibit lists.  The parties shall attach their exhibit lists (including objections, if any) to the proposed final pretrial order.  The parties shall include their witness lists (including objections, if any) in the proposed order.  The parties are not required to list rebuttal witnesses or impeachment exhibits.  The parties shall separately identify will call and may call witnesses and shall state whether each witness will testify in person, by deposition, or if warranted under Federal Rule of Civil Procedure 43(a), by videoconference.  If either side wishes to present witnesses by videoconference, counsel shall note any objections in the proposed order.

*Exhibit List Format.*  Any exhibit not listed on a party's exhibit list is subject to exclusion at trial.  The Court may deem any objection not stated on the exhibit list as waived.  The parties shall use the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

* This column is for the judge's use at trial.  The parties should not enter anything in this column.

The parties shall use the following categories for objections to exhibits:

A. **Category A**. These exhibits are admissible upon motion of any party and will be available for use by any party at any stage of the proceedings without further proof or objection.

B. **Category B**. Objections on grounds other than foundation, identification, or authenticity.  This category is for objections such as hearsay or relevance.

C.      **Category C**. Objections on only the grounds of foundation, identification, or authenticity.

*Objections to Authenticity/Requests for Authentication.*  Any counsel requiring authentication of an exhibit must notify the offering counsel in writing **within five (5) business days** after the exhibit is made available for examination.  Failure to do so is an admission of authenticity.

*Format for Marking Exhibits.*  Exhibits must be prepared for the final pretrial conference and for trial as follows:

A.      **Marking of Exhibits**: All exhibits must be listed and marked by the parties before trial, including the case number.  The plaintiff(s) shall use numerals; defendant(s) shall use letters.  For example, "Civil No.\_\_\_\_\_, Plaintiff's Exhibit 1;" "Civil No. _____, Defendant's Exhibit A."  If there are multiple parties, the surname or abbreviated name of the party shall precede the word exhibit, *e.g.,* "Defendant Jones Exhibit A," "Defendant Smith Exhibit A."

B.      **Elimination of Duplicates**.  The parties should eliminate duplicates.  If more than one party will offer the same exhibit, it should be listed as a joint exhibit on Plaintiff(s)' list.

C.      **Copies for the Court**.  There is no need to provide paper copies of exhibits to the Court.  The originals of any exhibits not submitted through JERS (see below) shall be provided to the Deputy Clerk as they are introduced and admitted at trial.

*Motions in Limine.*  Motions in limine relating to the exclusion of evidence shall be filed no later than **fourteen (14) days prior** to the final pretrial conference.  Responses shall be filed **seven (7) days before** the final pretrial conference.  Motions in limine are not a second chance to raise discovery issues, dispositive arguments, or *Daubert* issues.  Allegations that expert

designations are faulty or fail to satisfy *Daubert* and its progeny shall be brought by motion in a timely fashion. Do not wait and file such objections in the form of a motion in limine.

**Jury Trial — November 16, 2020 at 8:30 a.m.**

A jury trial of five (5) days is set before Judge Freudenthal at the U.S. Courthouse, 2120 Capitol Avenue, Courtroom 1, Cheyenne, Wyoming 82001. This case is stacked #1 on the civil docket.

*Jury Evidence Recording System (JERS).* The Court has implemented a system for electronic submission of exhibits to the jury, known as JERS. The system allows jurors to review evidence (documentary, photo, or video/audio exhibits) on a large LED screen during deliberations. JERS is not used for presentation of evidence during trial; counsel remain responsible for determining the format in which they will present evidence during trial. Counsel shall provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **five (5) days prior** to trial. Counsel shall provide all electronic evidence in the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Individual files should not exceed 500MB. If possible, exhibits approaching or exceeding the size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office at (307) 433-2120.

*Proposed Voir Dire, Joint Jury Instructions and Joint Special Verdict Forms.* The parties shall file (in pdf) and email (in Word) to Chambers their proposed voir dire questions, *joint* jury instructions and *joint* special verdict form no later than **seven (7) days before** trial. In order to produce the joint instructions, the parties shall meet and confer sufficiently in advance of the

required submission date.  Counsel need submit only proposed substantive jury instructions; the Court has its own general instructions, which can be found on the website under "Forms."

**Unless counsel otherwise agree, Plaintiff's counsel shall take the lead in drafting the jury instructions.**  Jury instructions must include citations of authority and must be formatted as a single document in Word.  The instructions shall be in the order in which the parties wish to have the instructions read.  If the parties cannot reach an agreement on the instructions, then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendant.

3. Those instructions propounded by Defendant, opposed by Plaintiff.

Disputed instructions shall include the objections and the parties' differing versions thereof, or a statement as to why the instruction should not be included.

Along with the jury instructions, the parties shall file a joint statement setting forth briefly and simply in a noncontentious manner the background of the case and the claims and defenses asserted.  The parties should make every effort to agree upon the statement.  If the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendants contend . . . ."

**Exclusion of Certain Personal Data from Filings**

To promote electronic access to case files while protecting personal privacy and other legitimate interests, parties shall comply with Federal Rule of Civil Procedure 5.2.  Parties shall refrain from including or shall redact the following information from all filings unless otherwise ordered by the Court: (a) *Social Security Numbers, Taxpayer Identification Numbers, and Financial Account Numbers;* if such numbers must be included, only the last four digits should be used; (b) *Names of Minor Children;* if the involvement of a minor child must be mentioned, only

the initials of the child's name should be used; and (c) *Dates of Birth;* if a birthdate must be included, only the year should be used.  The responsibility for redaction rests solely with counsel and persons filing the documents. The Clerk of Court will not review submissions for compliance.

**Settlement Conference–**

The Judge considers settlement possibilities of this case to be poor.  The parties should contact Magistrate Judge Mark L. Carman if they are interested in court-assisted settlement or mediation.

**Modifications of Filing Deadlines and the Schedule —**

The Court must approve any stipulated extensions of time for filing deadlines.  The schedule established in this Order may be modified only for good cause and with the Court's consent.  Barring unforeseen circumstances, the Court holds the final pretrial conference and trial dates firm.

Dated this  15  day of      November      , 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE