R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D., <br><br> Plaintiff, <br><br> v. <br><br> JOHN HENRY SCHNEIDER, JR. and MEDPORT, LLC, <br><br> Defendants. | Civ. No. 19-CV-48-F |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff, by and through his counsel, R. Daniel Fleck, M. Kristeen Hand, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, hereby files his Motion for Leave to File Under Seal, and states as follows:

I. INTRODUCTION

This case arises because Defendant John H. Schneider breached the terms of his settlement agreement with Plaintiff Jimmie Biles, M.D. by publishing (and publicizing) confidential documents that disparage Dr. Biles. Plaintiff now intends to file a motion for partial

summary judgment on Mr. Schneider's breaches of the settlement agreement's confidentiality clause. Plaintiff's motion is supported by confidential materials, including the settlement agreement and some of the documents published by Mr. Schneider. Therefore, pursuant to U.S.D.C.L.R. 5.1(g), Plaintiff seeks leave to file the following documents under seal:

- A copy of the parties' settlement agreement;

- Confidential interview notes from Mr. Schneider's former attorneys at Bonner Stinson, P.C. (hereinafter "Bonner Stinson Interviews");

- A document entitled "Biles Escapes Justice," which quotes from the Bonner Stinson Interviews; and

- An un-redacted copy of Plaintiff's Motion, and corresponding Proposed Order, which quotes the terms of the parties' confidential settlement agreement[1];

A proposed order is provided for the Court's convenience.

## II. Local Rule 7.1 Certification

Pursuant to Local Rule 7.1, Counsel for Plaintiff conferred orally with counsel for MedPort and made good faith efforts to obtain the consent of opposing counsel prior to filing this motion. Specifically, Sarah Kellogg, counsel for the Mr. Biles, spoke to Gregory Costanza, counsel for MedPort, on March 20, 2020, at which time MedPort's counsel indicated that MedPort does not oppose this Motion. Pursuant to the Local Rule, counsel was not required to confer with Mr. Schneider, who is representing himself pro se. *See* U.D.C.L.R. 7.1 (b)(1)(A) ("This provision shall not apply in cases involving pro se parties."). Mr. Schneider is incarcerated and therefore counsel believes that he is not easily accessible for a meet and confer conference.

---

[1] Plaintiff will also file a publically accessible copy of the Motion with any terms of the settlement agreement redacted.

2

III. ANALYSIS

Federal Rule of Civil Procedure 26(c)(1)(H) states that for "good cause" this Court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," such as by issuing an order "requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). Separate and distinct from Rule 26, the common law also recognizes a public right of access to documents once they are filed with the Court. "Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *Kile v. U.S.,* 915 F.3d 682, 688 (10th Cir. 2019).[2]

This Motion complies with Rule 26 and the common law standards because it is supported by good cause and is narrowly tailored so as not to unnecessarily infringe on the public's right of access. As to good cause, the parties agreed to keep the terms of the settlement confidential. If the Court does not allow Plaintiff to file the terms of the settlement agreement under seal, it will be difficult for Plaintiff to enforce the confidentiality clause without simultaneously waiving confidentiality. Likewise, the Court earlier reviewed the Bonner Stinson Interviews and "Biles Escapes Justice" (along with other documents), and held that the materials pose a substantial risk to Dr. Biles' professional reputation as an orthopedic surgeon. ECF # 19, at 4. Dr. Biles should not have to re-inject the same confidential materials into the public record in order to protect his legal interest in confidentiality. Further, this Motion protects the public's

---

[2] *See Suture Express Inc. v. Owens & Minor Distrib., Inc.,* 851 F.3d 1029, 1046 (10th Cir. 2017) (holding that "[t]he common-law right of access to judicial records is 'not absolute,' and we may seal documents if the public's right of access is outweighed by competing interest" and sealing "confidential documents, financial information, and contracts"); *Hardeman v. Smith,* 764 Fed.Appx. 658 (10th Cir. 2019) (upholding a district court's order sealing medical records).

right of access because the majority of Plaintiff's brief will be publically accessible, allowing the public to fully analyze and understand the substance of this dispute.

In short, this Motion is narrowly tailored to protect Plaintiff's interest in confidentiality and non-disparagement, while also ensuring the public's right of access.

## IV.  CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the Court grant this Motion.

Dated this 20th day of March, 2020.

　　　　　　　　　　　　　　　　　　　　/s/ Sarah A. Kellogg　　　　　　　　　
　　　　　　　　　　　　　　　　　　R. Daniel Fleck (WSB # 6-2668)
　　　　　　　　　　　　　　　　　　M. Kristeen Hand (WSB # 6-3544)
　　　　　　　　　　　　　　　　　　Sarah A. Kellogg (WSB # 7-5355)
　　　　　　　　　　　　　　　　　　THE SPENCE LAW FIRM, LLC
　　　　　　　　　　　　　　　　　　15 South Jackson Street
　　　　　　　　　　　　　　　　　　P.O. Box 548
　　　　　　　　　　　　　　　　　　Jackson, WY 83001
　　　　　　　　　　　　　　　　　　(307) 733-7290
　　　　　　　　　　　　　　　　　　(307) 733-5248 (Fax)
　　　　　　　　　　　　　　　　　　fleck@spencelawyers.com
　　　　　　　　　　　　　　　　　　hand@spencelawyers.com
　　　　　　　　　　　　　　　　　　kellogg@spencelawyers.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2020 I electronically filed the foregoing Motion to Seal with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following addresses:

>Adam H. Owens
>Gregory G. Costanza
>Granite Peak Law LLC
>PO Box 635
>Bozeman, MT 59771
>406-530-9119
>adam@granitepeaklaw.com
>gregory@granitepeaklaw.com
>
>*Attorneys for MedPort, LLC*

And also, I certify this was sent via U.S. Mail to:

>John H. Schneider, Jr.
>Reg # 64084298
>Metropolitan Correction Center
>808 Union Street
>San Diego, CA 92101
>
>*Pro Se*

Dated this 20th day of March, 2020.

>    /s/ Sarah A. Kellogg
>R. Daniel Fleck (WSB # 6-2668)
>M. Kristeen Hand (WSB # 6-3544)
>Sarah A. Kellogg (WSB # 7-5355)
>THE SPENCE LAW FIRM, LLC
>15 South Jackson Street
>P.O. Box 548
>Jackson, WY 83001
>(307) 733-7290
>(307) 733-5248 (Fax)
>fleck@spencelawyers.com
>hand@spencelawyers.com
>kellogg@spencelawyers.com