R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D., <br><br> Plaintiff, <br><br> v. <br><br> JOHN HENRY SCHNEIDER, JR. and MEDPORT, LLC, <br><br> Defendants. | Civ. No. 19-CV-48-F |

**PLAINTIFF'S MOTION EXTENSION OF PLAINTIFF'S
EXPERT DESIGNATION DEADLINE**

Plaintiff, by and through his counsel, R. Daniel Fleck, M. Kristeen Hand, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, hereby files his Motion for Extension of Plaintiff's Expert Designation Deadline, and states as follows:

On November 15, 2019, this Court issued its Order on Initial Pretrial Conference. ECF # 66. The Court's order set the deadline for Plaintiff's designation of experts as April 15, 2020. However, the parties are currently working to resolve several discovery issues, and Plaintiff's

1

counsel anticipates that a motion to compel may be forthcoming if the parties are unable to reach a resolution of these issues. Given the hold-up in the discovery process, Plaintiff respectfully requests that the Court extend the upcoming Plaintiff's expert disclosure deadline by forty-five days, pending resolution of the discovery issues.

## I. LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, Counsel for Plaintiff conferred orally with counsel for MedPort and made good faith efforts to obtain the consent of opposing counsel prior to filing this motion. Specifically, Sarah Kellogg, counsel for the Mr. Biles, spoke to Gregory Costanza, counsel for MedPort, on March 20, 2020, at which time MedPort's counsel indicated that MedPort does not oppose a forty-five day extension to Plaintiff's expert disclosure. During the parties' meet and confer conference with Judge Carman on March 23, 2020, Mr. Costanza again represented that MedPort would not oppose an extension of the expert deadline.

Pursuant to the Local Rule, counsel was not required to confer with Mr. Schneider, who is representing himself pro se. *See* U.D.C.L.R. 7.1 (b)(1)(A) ("This provision shall not apply in cases involving pro se parties."). Mr. Schneider is incarcerated and therefore counsel believes that he is not easily accessible for a meet and confer conference. Mr. Costanza represented that he believes Mr. Schneider will likely oppose the request.

## II. ANALYSIS

On January 24, 2020, Plaintiff served his first round of discovery on Defendants MedPort and Mr. Schneider. In response to Plaintiff's Requests for Production, Mr. Schneider implied that responsive documents exist, however, he did not produce the documents, claiming instead that he could not provide substantive responses as a consequence of his current incarceration. Ex. A, Schneider Discovery Response. Mr. Schneider also failed to provide substantive responses to most of the interrogatories. Likewise, MedPort represented that is was unable to provide

substantive responses to two different interrogatories and three requests for production due to Mr. Schneider's incarceration. Ex. B, Medport Discovery Responses. Plaintiff and Medport participated an informal discovery conference with Magistrate Judge Carman on March 23, 2020. Plaintiff is hopeful that the discovery conference may have helped the parties to resolve some of the issues, although Plaintiff anticipates that he will likely be filing a motion to compel on other issues.

However, in the meantime, these discovery issues have deprived Plaintiff of timely discovery in many areas related to the pending expert disclosure deadline. In fact, the lack of meaningful discovery has made it difficult to even identify which experts Plaintiff will need. Take for example, the issue of how Plaintiff will prove that Mr. Schneider was behind the disparaging postings. Initially, Plaintiff did not think it would be necessary to hire a computer forensic expert. After all, Mr. Schneider's answer conceded that the Facebook pages and website, healthcare-malpractice.com where "owned and controlled exclusively" by himself. ECF # 21, at ¶ 21. Now, in responding to Plaintiff's discovery, Mr. Schneider denies that he posted various content online. *See* Ex. A, Schneider FRA 11; RFA 15; RFA 17; RFA 18. At the same time, he refuses to answer an interrogatory providing the basis for these denials. *See Id.* at ROG 1. Plaintiff anticipates filing a motion for summary judgment shortly, and believes that there is sufficient evidence in the record to resolve this issue without a jury. Nevertheless, if the Court denies Plaintiff's motion, depending on the basis for Mr. Schneider's recent denials, Plaintiff may hire a computer forensic expert to testify at trial. Similarly, a dearth of substantive discovery on the relationship between MedPort and Mr. Schneider makes it difficult for Plaintiff to assess whether a forensic accounting expert is required.

The bottom line is that pending discovery disputes have denied Plaintiff access to the information required to even make an informed decision about what experts to designate, let alone the information required to obtain meaningful expert reports.

III.  CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the Court grant this Motion and extend Plaintiff's upcoming expert disclosure deadline by 45 days.

Dated this 23rd day of March, 2020.

    /s/ Sarah A. Kellogg
R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2020 I electronically filed the foregoing Motion to Extend Plaintiff's Expert Designation Deadline with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following addresses:

>Adam H. Owens
>Gregory G. Costanza
>Granite Peak Law LLC
>PO Box 635
>Bozeman, MT 59771
>406-530-9119
>adam@granitepeaklaw.com
>gregory@granitepeaklaw.com
>
>*Attorneys for MedPort, LLC*

And also, I certify this was sent via U.S. Mail to:

>John H. Schneider, Jr.
>Reg # 64084298
>Metropolitan Correction Center
>808 Union Street
>San Diego, CA 92101
>
>*Pro Se*

Dated this 23rd day of March, 2020.

>    /s/ Sarah A. Kellogg
>R. Daniel Fleck (WSB # 6-2668)
>M. Kristeen Hand (WSB # 6-3544)
>Sarah A. Kellogg (WSB # 7-5355)
>THE SPENCE LAW FIRM, LLC
>15 South Jackson Street
>P.O. Box 548
>Jackson, WY 83001
>(307) 733-7290
>(307) 733-5248 (Fax)
>fleck@spencelawyers.com
>hand@spencelawyers.com
>kellogg@spencelawyers.com