John H Schneider, MD, MS-ADR
Reg# 64084298
Metropolitan Correction Center
808 Union St
San Diego, CA 92101
*Pro Se Defendant*

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER, and MEDPORT, LLC,<br><br>Defendants | CAUSE NO. 19-CV-48-F<br><br><br>DEFENDANT AND COUNTER-CLAIMANT JOHN H. SCHNEIDER'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS |
| JOHN H. SCHNEIDER,<br><br>Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>Counter-Defendant | |

PROPOUNDING PARTY: Plaintiff and Counter-Defendant Jimmie G. Biles, Jr.

RESPONDING PARTY: Defendant and Counter-Claimant John H. Schneider

TO: Plaintiff and Counter-Defendant Jimmie G. Biles, Jr.

    Pursuant to Federal Rules of Civil Procedure, Rule 26, Responding Party provides the following responses under oath to Propounding Party's corresponding Discovery Requests, Set One.

## PRELIMINARY STATEMENT

Each response is given subject to all appropriate objections (including but not limited to objections to relevancy) which would require the exclusion of any statement contained herein if the request or interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court. Any and all such objections and the grounds therefor are expressly reserved and may be interposed at the time of trial. Further, except for the explicit facts admitted herein, no admission of any nature is to be implied or inferred.

Responding Party has not fully completed his investigation of the facts, discovery or preparation for trial. It is anticipated that further discovery, investigation, legal research and analysis will lead to new facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions. The foregoing may lead to substantial additions to, changes in or variation of these responses.

Accordingly, these responses are based upon only such information reasonably available, known and recalled at this time. All responses are made without prejudice to Responding Party's right to produce, at the time of trial, evidence of any fact which Responding Party may later discover, recall or determine to be material.

This preliminary statement is expressly incorporated by reference into each response hereto.

## DISCOVERY REQUESTS

Defendant and Counter-Claimant John H. Schneider hereby responds to the First Set of Discovery Requests from Plaintiff and Counter-Defendant Jimmie G. Biles (hereinafter, the "Propounding Party").

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION No. 1**: Admit that Exhibit A (Biles v. Schneider et al. 000001-17) is an authentic copy of the agreement (hereinafter "Settlement Agreement") signed by you on May

9, 2012. If your answer is anything other than an unequivocal admission, please answer Interrogatory Number 1.

**RESPONSE:** Schneider responds as follows: Admit

<u>REQUEST FOR ADMISSION No. 2</u>: Admit that you had the opportunity to consult with counsel prior to signing the Settlement Agreement.

**RESPONSE:** Schneider responds as follows: Admit

<u>REQUEST FOR ADMISSION No. 3</u>: Admit that you preformed your payment obligations under the Settlement Agreement.

**RESPONSE:** Schneider responds as follows: Admit

<u>REQUEST FOR ADMISSION No. 4</u>: Admit that Biles complied with paragraph 10 of the Settlement Agreement and dismissed his claims against Schneider in the case *Biles v. Schneider*,

**RESPONSE:** Schneider responds as follows: Admit

<u>REQUEST FOR ADMISSION No. 5</u>: Admit that the Settlement Agreement has never been amended.

**RESPONSE:** Schneider responds as follows: Admit

<u>REQUEST FOR ADMISSION No. 6</u>: Admit that paragraph 3 of the Settlement Agreement States: See reference to paragraph 3 of Settlement Agreement.

**RESPONSE:** Schneider responds as follows: Paragraph 3 of the Settlement Agreement speaks for itself and therefore defendant believes that no response is required. To the extent that a response is required Defendant denies this request for admission.

REQUEST FOR ADMISSION No. 7: Admit that paragraph 6 of the Settlement Agreement states: See reference to paragraph 6 of Settlement Agreement.

RESPONSE: Schneider responds as follows: Paragraph 6 of the Settlement Agreement speaks for itself and therefore defendant believes that no response is required. To the extent that a response is required Defendant denies this request for admission.

REQUEST FOR ADMISSION No. 8: Admit that JTech hosted the website healthcare-malpractice.com

RESPONSE: Schneider responds as follows: Admit

REQUEST FOR ADMISSION No. 9: Admit that you requested that JTech give you independent access to share content on the website healthcare-malpractice.com

RESPONSE: Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 10: Admit that you had independent access to share content on the website healthcare-malpractice.com

RESPONSE: Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 11: With respect to Exhibit B (Biles v. Schneider et al. 000095-97) (hereinafter "Biles Escapes Justice"), admit that after you signed the Settlement Agreement, you posted, or directed other to post, this information to the website Healthcare-malpractice.com.

RESPONSE: Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 12: With respect to Exhibit B (Biles v. Schneider et al. 000095-97) ("Biles Escapes Justice") admit that the source of this information is interviews conducted by your attorneys or your attorneys' office, Bonner Stinson, LLC, during the case *Biles v. Fallon*, No. 11-

CV-294-F or *Biles v. Schneider*, No. 11-CV-366-F and/or *Biles v. Schneider et al*, No. 11-CV-366-F. If you answer is anything other than an unequivocal admission, please answer Interrogatory Number 1.

**RESPONSE:** Schneider responds as follows: Deny

**REQUEST FOR ADMISSION No. 13:** With respect to Exhibit C (*US v. Schneider*, 1:17-CR-00077-SPW, ECT # 58-12 (D. Wyo. Filed Sept. 4, 2018)), admit that this document is a true and accurate copy of notes created as part of your attorneys' investigation during the *Biles v. Schneider* litigation in 2011/2012.

**RESPONSE:** Schneider responds as follows: Deny

**REQUEST FOR ADMISSION No. 15:** With respect to Exhibit C (*US v. Schneider*, 1:17-CR-00077-SPW, ECF # 58-12 ( D. Wyo. Filed Setp. 4, 2018)), admit that after you signed the Settlement Agreement, you directed Gregory G. Costanza and/or Granite Peak Law, PLLC to file this document.

**RESPONSE:** Schneider responds as follows: Deny

**REQUEST FOR ADMISSION No. 16:** With respect to Exhibit C (*US v. Schneider*, 1:17-CR-00077-SPW, ECF # 58-12 ( D. Wyo. Filed Setp. 4, 2018)), admit that you have no facts demonstrating that this document was available in the public record at the time you executed the Settlement Agreement.

**RESPONSE:** Schneider responds as follows: Deny

**REQUEST FOR ADMISSION No. 17:** With respect to Exhibit D (Biles v. Schneider et al. 000171-72), admit that after you signed the Settlement Agreement, you posted this information to the website healthcare-malpractice.com

**RESPONSE:** Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 18: With respect to Exhibit D (Biles v. Schneider et al. 000171-72), admit that after you signed the Settlement Agreement, you directed others to post this information to the website healthcare-malpractice.com.

RESPONSE: Schneider responds as follows: Deny

[REDACTED]

REQUEST FOR ADMISSION No. 20: Admit that Exhibit D states: See Exhibit Reference.

RESPONSE: Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 21: Admit that the above quoted statements from Exhibit D are disparaging.

RESPONSE: Schneider responds as follows: Deny

REQUEST FOR ADMISSION No. 22: Admit that Medport, LLC is your alter ego.

RESPONSE: Schneider responds as follows: Deny

## INTERROGATORIES

INTERROGATORY NO. 1: If your response to any of the above Requests for Admission is anything other than an unequivocal admission, please set forth the basis for your failure to admit.

RESPONSE: Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive

director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory.

**INTERROGATORY NO. 2.:** Do you contend that the document Exhibit B (Biles v. Schneider et al. 000095-97) ("Biles Escapes Justice") existed in the public record before you executed the Settlement Agreement? If so, please identify the basis for that contention, citing to each public source with enough specificity to allow counsel to reasonably locate the source (including but not limited to, publisher, date of publication, court docket number and filing date).

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory.

**INTERROGATORY NO. 3.:** Do you contend that the document Exhibit B (Biles v. Schneider et al. 000095-97) ("Biles Escapes Justice") existed in the public record after you executed the Settlement Agreement? If so, please identify the basis for that contention, citing to each public source with enough specificity to allow counsel to reasonably locate the source (including but not limited to, publisher, date of publication, court docket number and filing date).

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory.

**INTERROGATORY NO. 4.:** Please set forth the basis of the seventh affirmative defense set forth in your Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaim (ECF# 56).

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his incarceration with the federal BOP, has no current access to any past answers, pleadings of filings he provided in this case and therefore cannot accurately answer Biles question on this matter.

**INTERROGATORY NO. 5.:** Please identify (including but not limited to, publisher, date of publication, court docket number and filing date) any other location (including but not limited to a website, social media, print media, or court filing) where you published information about the Plaintiff after you signed the Agreement.

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory.

**INTERROGATORY NO. 6.:** Please state the facts that support the allegations contained in paragraph 14 of your Answer to Complaint and Counterclaims (ECF# 21), which was filed April 12, 2019.

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his incarceration with the federal BOP, has no current access to any past answers, pleadings of filings he provided in this case and therefore cannot accurately answer Biles question on this matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Please produce the public court files, documents, and/or newspapers that provided the basis for the allegations in your third affirmative defense, as set forth in your Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaim (ECF# 56). In lieu of production, you may specifically identify the documents, providing sufficient

detail (such as publication, date, page, or URL) to reasonably allow Plaintiff's counsel to locate the documents, if no such documents exist, please so state.

RESPONSE: Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

REQUEST FOR PRODUCTION NO. 2: Please provide all documents related to the affirmative defense of "unclean hands" identified in paragraph 17 of the affirmative defenses set forth in your Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaim.

RESPONSE: Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

REQUEST FOR PRODUCTION NO. 3: With respect to Exhibit B (Biles v. Schneider et al. 000095-97) ("Biles Escapes Justice"), Exhibit D (Biles v. Schneider et al 000171-72) please provide any documents related to the question of whether the "facts" contained therein are true.

RESPONSE: Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

REQUEST FOR PRODUCTION NO. 4: Please provide any documents reflecting any distributions that you received from Medport.

RESPONSE: Schneider responds as follows: Schneider, as a consequence of his current

incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

**REQUEST FOR PRODUCTION NO. 5**: Please provide any documents reflecting your ownership interest (past or present) in Medport.

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

**REQUEST FOR PRODUCTION NO. 6**: Please provide the "Court order" referenced in paragraph 13 of your Answer to Complaint and Counterclaims (ECF# 21), which was filed on April 12, 2019.

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

**REQUEST FOR PRODUCTION NO. 7**: Please provide all documents that support the allegations contained in paragraph 14 of your Answer to Complaint and Counterclaims (ECF #21), which was filed on April 12, 2019.

**RESPONSE:** Schneider responds as follows: Schneider, as a consequence of his current incarceration with the federal BOP, is unable to access his personal files as the sole and exclusive director, owner and operator of www.healthcare-malpractice.com and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this request.

REQUEST FOR PRODUCTION NO. 8: Please provide your tax returns from 2010 through 2019.

RESPONSE: Schneider responds as follows: Schneider objects to this discovery request based on it being overly broad, not relevant to any claim or defense, and not appearing reasonably calculated to lead to the discovery of admissible evidence.

DATED: February 27, 2020

Respectfully submitted,

_____

John H. Schneider

The information contained in this declaration AND Arguement is true AND correct, Subscribed AND Sworn by me on this date  2/27/20  .

John H. Schweiger, MD
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I, Julie Nelson, hereby certify that on the 27th day of February a copy of the foregoing document was served via first class mail to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com
Attorney for Plaintiff

Via Personal Delivery to:

Granite Peak Law PLLC
Adam H. Owens
Gregory Costanza
2320 W. Main St., Ste. 6A
Bozeman, Montana 59718
T: 406.530.9119
F: 406.794.0750
E: adam@granitepeaklaw.com;
gregory@granitepeaklaw.com
Attorneys for Medport, LLC

_____
Julie Nelson

16

Schneider's Response to Biles' First Set of Discovery Requests