GRANITE PEAK LAW PLLC
Adam H. Owens, Esq.
Gregory G. Costanza, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com
gregory@granitepeaklaw.com

Attorneys for Defendant Medport LLC

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER,<br>and MEDPORT, LLC,<br><br>    Defendants<br><hr>JOHN H. SCHNEIDER,<br><br>    Counter-Claimant<br><br>v.<br><br>JIMMIE G. BILES, JR.,<br><br>    Counter-Defendant | CAUSE NO. **19-cv-48-F**<br><br>**DEFENDANT MEDPORT, LLC'S<br>RESPONSE TO PLAINTIFF'S FIRST SET<br>OF DISCOVERY REQUESTS** |

PROPOUNDING PARTY: Plaintiff and Counter-Defendant Jimmie G. Biles, Jr.

RESPONDING PARTY: Defendant Medport, LLC.

TO: Plaintiff and Counter-Defendant Jimmie G. Biles, Jr.

Pursuant to the Federal Rules of Civil Procedure, Rule 26, Responding Party provides the following responses under oath to Propounding Party's corresponding Discovery Requests, Set One.

**PRELIMINARY STATEMENT**

Each response is given subject to all appropriate objections (including but not limited to objections to relevancy) which would require the exclusion of any statement contained herein if the request or interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court. Any and all such objections and the grounds therefor are expressly reserved and may be interposed at the time of trial. Further, except for the explicit facts admitted herein, no admission of any nature is to be implied or inferred.

Responding Party has not fully completed its investigation of the facts, discovery or preparation for trial. It is anticipated that further discovery, investigation, legal research and analysis will lead to new facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions. The foregoing may lead to substantial additions to, changes in or variation of these responses.

Accordingly, these responses are based upon only such information reasonably available, known and recalled at this time. All responses are made without prejudice to Responding Party's right to produce, at the time of trial, evidence of any fact which Responding Party may later discover, recall or determine to be material.

This preliminary statement is expressly incorporated by reference into each response hereto.

**DISCOVERY REQUESTS**

Defendant Medport LLC hereby responds to the First Set of Discovery Requests from Plaintiff and Counter-Defendant Jimmie G. Biles (hereinafter, the "Propounding Party").

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION No. 1**: Admit that at all times since July 5, 2018, Defendant

Medport's Response to Biles' First Set of Discovery Requests

2

Schneider has been the sole owner of Medport.

**RESPONSE:** Medport responds as follows: Admit

**REQUEST FOR ADMISSION No. 2**: Admit that at all times since July 5, 2018, Defendant Schneider has been the sole officer of Medport.

**RESPONSE:** Medport responds as follows: Admit

**REQUEST FOR ADMISSION No. 3**: Admit that Medport paid the rent for Defendant Schneider's home in California

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 4**: Admit that Medport paid Defendant Schneider's living expenses.

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 5**: Admit that Medport purchased a property located at 543 Camino De Orchidia, Encinitas, CA 92024, also described as "Lot 1 of Parcel Map No. 18618, in the city of Encinitas, County of San Diego, State of California, filed in the Office of the Country Recorder, December 29, 2000 as File No. 2000-0716219 of Official Records" (hereinafter "Camino De Orchidia Property").

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 6**: Admit that Defendant Schneider lived at the Camino De Orchidia Property.

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 7**: Admit that Defendant Schneider paid no rent to MedPort to live at the Camino De Orchidia Property.

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 8**: Admit that Defendant Schneider comingled his funds with MedPort.

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 9**: Admit that Medport owns the website healthcare-malpractice.com

**RESPONSE:** Medport responds as follows: Deny

**REQUEST FOR ADMISSION No. 10**: Admit that JTech hosted the website healthcare-malpractice.com.

**RESPONSE:** Medport responds as follows: Admit

## INTERROGATORIES

**INTERROGATORY No. 1**: If your response to any of the above Requests for Admission is anything other than an unequivocal admission, please set forth the basis for your failure to admit.

**RESPONSE:** Medport responds as follows: As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory on behalf of Medport.

**INTERROGATORY No 2.:** As to the individuals listed in MedPort's Rule 26 disclosure, please

4

Medport's Response to Biles' First Set of Discovery Requests

describe the discoverable information that each individual is likely to have and identify any conversations that you have had with these individuals about the facts at issue in this case.

**RESPONSE:** Medport responds as follows: As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory on behalf of Medport.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST No. 1**: Please produce any joint defense agreement between MedPort and Defendant Schneider.

**RESPONSE:**  Medport responds as follows: No such agreement exists.

**REQUEST No. 2**: Please provide all communications with the individuals identified in your Rule 26 disclosure that relate to the facts at issue in this litigation.

**RESPONSE:** Medport responds as follows: See Bates Nos. 493-541.

**REQUEST No. 3**: Please produce all communications between Medport (including MedPort's agents, employees, or attorneys) and Defendant Schneider relating to this lawsuit or the facts at issue in this lawsuit.

**RESPONSE:** Objection: Medport objects to this request to the extent it requests privileged attorney-client communications between Medport and its attorneys. Such communications are privileged and will not be produced. **Subject to the foregoing objection,** Medport responds as follows: See Bates Nos. 493-541. As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore Medport cannot supply any additional

documents at this time other than what has already been provided herein.

**REQUEST No. 4**: Please produce any documents referencing the Settlement Agreement in the case *Biles v. Schneider*, No. 11-cv-366-F.

**RESPONSE:** No Documents exist nor does Medport have in its possession any documents referencing the settlement Agreement in the case Biles v. Schneider, No. 11-cv-36-F.

**REQUEST No. 5**: Please produce any documents relating to whether MedPort paid any fees, litigation expenses, or settlement funds in the case *Biles v. Schneider*, No. 11-cv-366-F.

**RESPONSE:** No documents exist nor does Medport have in its possession any documents relating to whether Medport paid any fees, litigation expenses, or settlement funds in the case *Biles v. Schneider*, No. 11-cv-366-F.

**REQUEST No. 6**: Please produce any complete copies of any insurance policies that may provide coverage for the claims at issue in this Action.

**RESPONSE:** Medport responds as follows: Medport does not have any insurance policies that may provide coverage for the claims at issue in this Action.

**REQUEST No. 7**: Please produce any reservation of rights letters or any communications denying coverage for the claims at issue in this Action.

**RESPONSE:** Medport responds as follows: No such documents exist.

**REQUEST No. 8**: Please produce any business plans for health-caremalpractice.com

**RESPONSE:** Medport responds as follows: See Bates Nos. 001-049, 051-172, 178-204, 210-489, 542-550, 574-611, 616-1122.

**REQUEST No. 9**: Please provide any policies or procedures relating to content posted to the website healthcare-malpractice.com.

**RESPONSE:** Medport responds as follows: See Bates Nos. 001-049, 051-172, 178-204, 210-489, 542-550, 574-611, 616-1122.

**REQUEST No. 10**: Please produce all communications with J-Tech relating to the website healthcare-malpractice.com

**RESPONSE:** Medport responds as follows: See Bates Nos. 173-177, 490-192, 493-541, 551-573, 612-615.

**REQUEST No. 11**: Please produce all billing records for services relating to the website healthcare-malpractice.com

**RESPONSE:** Medport responds as follows: See Bates Nos. 173-177, 490-192, 493-541, 551-573, 612-615.

**REQUEST No. 12**: Please produce all documents evidencing MedPort's "winding down," including but not limited to minutes from board meetings discussing the "winding down" process.

**RESPONSE:** Medport responds as follows: As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the former owner of Medport and therefore cannot supply any additional documents at this time other than what has already been provided herein. Notwithstanding, Medport directs Plaintiff to the Wyoming Secretary of State for any documents related to the "winding down" of Medport, LLC, including the resignation of its Registered Agent, failure to renew its Annual Report, and administrative dissolution.

**REQUEST No. 13**: Please produce all documents produced by MedPort, LLC in the bankruptcy

Medport's Response to Biles' First Set of Discovery Requests

case *In re Henry Schneider,* Case No. 14-61357 (Mont. Bankr.), or any associated adversary proceeding (including but not limited to Adversary No. 15-00015.)

**RESPONSE:** Medport responds as follows: MedPort objects to this discovery request to the extent the information requested can be obtained from some other source that is more convenient and less burdensome. Propounding Party may acquire this information by requesting these documents from the Court. Medport further objects that this discovery request is overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence due to the fact the bankruptcy is unrelated to this matter and the request is not proportionate to the needs of this case. As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply any additional documents at this time other than what has already been provided herein

**REQUEST No. 14**: Please produce all communications between Medport and Defendant Schneider relating to: ownership of healthcare-malpractice.com; control of the healthcare-malpractice.com; content of healthcare-malpractice.com, or the case of *Biles v. Schneider,* No. 11-cv-366-F.

**RESPONSE:** Medport objects to this discovery request based on it being overly broad, not relevant to any claim or defense, and not appearing reasonably calculated to lead to the discovery of admissible evidence. No such communications between John Schneider and Medport exist.

**REQUEST No. 15**: Please produce any indemnity agreements between Medport and Defendant Schneider.

**RESPONSE:** Medport responds as follows: No such documents exist.

**REQUEST No. 16**: Please provide any business plan for healthcare-malpractice.com

**RESPONSE:** Medport responds as follows:  See Bates Nos. 001-049, 051-172, 178-204, 210-489, 542-550, 574-611, 616-1122.


DATED: March 2, 2020

                                        Respectfully submitted,

                                        GRANITE PEAK LAW, PLLC

                                        */s/ G. Costanza*
                                        Gregory G. Costanza, Esq.
                                        Attorney for Defendant Medport LLC

## CERTIFICATE OF SERVICE

  I, Julie Nelson, hereby certify that on the 2nd day of March a copy of the foregoing document was served via email to the following persons:

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff

Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 facsimile
aro@parkstreetlaw.com
Attorney for Plaintiff

John H Schneider, MD, MS-ADR
Reg# 64084298
Metropolitan Correction Center
808 Union St
San Diego, CA 92101
*Pro Se Defendant*

_____
Julie Nelson