Granite Peak Law, PLLC
Gregory G. Costanza, Esq.
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
Gregory@GranitePeakLaw.com
(o) (406) 586-0576
*Attorneys for Medport, LLC and Limited Scope Counsel for Schneider*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>   Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER and MEDPORT, LLC,<br><br>   Defendants | CAUSE NO. 19-CV-48-F<br><br>DEFENDANT MEDPORT'S REPLY TO PLAINTIFF'S RESPONSE TO MEDPORT'S MOTION FOR EXTENSION OF TIME |

Defendant Medport, LLC ("Medport"), by and through its counsel, Granite Peak Law, PLLC ("Granite Peak"), and Defendant Schneider, using Granite Peak as limited scope counsel, hereby files this reply to Plaintiff's Response in opposition to Medport's Motion for an Extension of Time (Doc. 76).

   I.   Legal Standard

Granite Peak's offices mis-calendared the deadline to respond to Plaintiff's Motion for Partial Summary Judgment, apparently basing the response deadline on the Wyoming Rules of Civil Procedure. This oversight is acknowledged, but does not change the basic facts, expanded upon below, which support a determination that the good cause and excusable neglect standards have been met to justify an extension of time to respond to Plaintiff's Motion.

II. The Covid-19 Outbreak Meets Both the "Good Cause" and "Excusable Neglect" Standards

As Plaintiff readily admits, the COVID-19 outbreak has caused difficulties, but these difficulties are not to be trivialized in the context of the Bureau of Prisons' modified operations policies and how these policies have affected Defendant Schneider. Plaintiff states that Medport failed to proffer facts explaining how the outbreak has impacted Schneider's ability to respond on his own behalf. The BOP's policies and practices in this fluid and unstable situation have clearly disrupted the normal course of business among inmates, including Schneider, sufficient to support a finding that the good cause and excusable neglect standards have been met.

First, good cause has been met because the Covid-19 outbreak has disrupted Schneider's ability to use the mail and/or has led to severe delays in the sending of regular mail and electronic mail. Several days after Plaintiff filed their Motion for Partial Summary Judgment, Schneider informed counsel on March 31, 2020 that he would be responding to Plaintiff's Motion. On this same day, it was reported by NPR[1] that the BOP had implemented a 14-day "lockdown" and issued a press release stating that "inmates in every institution will be secured in their assigned cells/quarters to decrease the spread of the virus." *See Request for Judicial Notice, Exhibit A*, BOP Press Release dated March 31, 2020[2]. This lockdown was effective April 1, 2020.

On April 1, 2020, Schneider informed counsel that he was in a two-week lockdown and would be unable to timely respond to Biles' Motion. Schneider requested that counsel inform the court of this fact. Unfortunately, because of the deadline being miscalendared, counsel believed there was adequate time to request an extension prior to the response deadline. Moreover, at this point counsel did not see the BOP's press release and wanted more information from the BOP

---

[1] Unfortunately this broadcast was not heard by counsel.
[2] *Accessed at* https://www.bop.gov/resources/news/pdfs/20200331_press_release_action_plan_5.pdf

before proceeding. Schneider should not be held responsible for counsel's mistaken calendaring and delay informing the court as counsel was waiting for more information, when Schneider himself was diligent in reporting his lockdown to counsel, and the news of his lockdown was publicly available information.

Several days later on April 3rd, Schneider informed counsel that he was able to get onto a computer for "5 minutes," and that he had sent updated responses to Medport's interrogatories by mail to Granite Peak several days prior. This led counsel to believe that some mail communication with Schneider was possible. However, to date these responses have not been received by Granite Peak, which leads counsel to now believe that the BOP mail procedures have also been delayed and disrupted by Covid-19, as the majority of previous mail sent by Schneider is received by Granite Peak within 7-10 days of being sent.

On April 6, 2020, Schneider informed counsel that he had "2 minutes" on the computer, and otherwise no access to "mail, computer time, etc.," raising the inference that the BOP's lockdown was sweeping in scope by greatly restricting an inmate's ability to communicate or use media or the mail in the ordinary course of incarceration. On April 8, 2020, Schneider told counsel he was in "complete quarantine" with "minimal computer and no phone access," and that the restriction may last for 45 days. Thus, Schneider has met a showing that he communicated his plight in "good faith" sufficient to meet the excusable neglect standard.

On April 14, 2020, the BOP announced "phase six" of their COVID-19 action plan, stating that all measures from their "Phase 5" plan announced in the previous March 31, 2020 press release (including the "lockdown") had been extended "for all institutions, until May 18, 2020." *See Exhibit B*. By this date, it was clear to counsel that mail and email communication with Schneider would continue to be difficult and counsel requested an extension from opposing counsel after explaining the situation. A day later, on April 15, Schneider reported that he is only let out of his cell for three

hours per week, and that he wanted to file a motion with the court arguing for a 30-day extension through May 18th given the severity of his restrictions.

The BOP's announcement of a continuing 30-day plus lockdown meets the "excusable neglect" standard as there was a "reasonable basis for noncompliance within the time specified.[3]" The fact that counsel monitored the fluid situation ahead of the deadline is a reasonable basis to justify noncompliance within the time specified, independent of the miscalendaring, because counsel sought clarity from the BOP on how its operations were affecting inmates. Moreover, had counsel requested an extension of time before the deadline, it would have only been for fourteen days, which would have been inadequate. Even a 30-day extension at this point may be insufficient if communications with Schneider are practically impossible through May 18th.

Accordingly, a day after the BOP's Phase Six announcement, and on the same day that Schneider stated that he wanted to file a motion for extension, Medport filed its Motion for Extension of Time requesting at least 30 days to respond on behalf of itself and Schneider, based on counsel's assumption that some mail and limited email communication with Schneider will allow progress to be made to respond to Plaintiff's motion within this timeframe. A 30-day extension of time to file a response seems appropriate in light of the unpredictable pandemic wreaking havoc on the BOP's normal operations. A review of other press releases from the BOP shows that inmates are getting infected and dying across the country, necessitating stringent measures among inmates that unfortunately affects the schedule in this civil litigation. If proper communication cannot occur during the next 30 days, then Granite Peak, as counsel for Medport and limited scope counsel for Schneider, will update this court and opposing counsel that this outbreak is leading to further delays.

Medport's Motion for an Extension of Time described the difficulty the outbreak has had on counsel's ability to communicate with Schneider by email and regular mail. Plaintiff ignores the

---

[3] *Utah Republican Party*, 678 F. App'x at 700-01.

fact that the "lockdown" means that Schneider, as a pro se litigant, is unable to review the Federal Rules of Civil Procedure and the Local Rules for dispositive motions, in order to respond in a timely manner to Plaintiff's motion himself, as he originally sought to do. With his ability to review the rules impaired and with mail communications disrupted, excusable neglect exists to find that Schneider, despite his efforts, could not timely respond to Plaintiff's Motion.

### III.     Conclusion

This case should be resolved on the merits by allowing all parties the opportunity to meaningfully respond to dispositive motions. Dr. Schneider's incarceration has thus far allowed the parties to proceed with discovery in this matter, despite ongoing limitations imposed on Schneider that hinder his ability to review evidence and communicate with counsel in an ordinary way. The Covid-19 outbreak has led to much slower mail and email communication within the BOP that justifies an extension of the time to respond to Plaintiff's Motion for Partial Summary Judgment under both the "good cause" and "excusable neglect" standards.

Respectfully submitted this 16th day of April, 2020.

/s/ Gregory G. Costanza
Gregory G. Costanza, Esq.
Granite Peak Law, PLLC
P.O. Box 635
Bozeman, MT 59771
Gregory@GranitePeakLaw.com
(o) (406) 404-6533
(c) (307) 264-2994

Attorney for Defendant Medport LLC

<u>Certificate of Service</u>

I hereby certify that on the 16th day of April 2020, a copy of the foregoing document was served on the following persons via CM/ECF:

| | |
|---|---|
| Anna Reeses Olson #6-3692<br>Park Street Law Office<br>242 S. Park Street<br>Casper, WY 82601<br>T: (307) 265-3843<br>F: (307) 235-0243<br>aro@parkstreetlaw.com<br><br>Attorneys Plaitniff Jimmy Biles | R. Daniel Fleck<br>M. Kristeen Hand<br>Sarah Kellogg<br>THE SPENCE LAW FIRM, LLC<br>15 South Jackson<br>P.O. Box 548<br>Jackson, WY 83001<br>T: 307.733.7290<br>F: 307.733.5248<br>Attorneys for Plaintiff Jimmy Biles |

John H. Schneider, Jr. MD
Reg #64084-298
METROPOLITAN CORRECTION CENTER
808 Union St
San Diego, CA 92101
Pro Se
Sent by USPS and BOP Special Mail

                                                                           /s/Gregory G. Costanza