IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



JIMMIE BILES, JR., M.D.,

    Plaintiff,

vs.

JOHN H. SCHNEIDER and MEDPORT, LLC,

    Defendants.

Case No.  19-CV-48-F

## ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Defendant Medport LLC's ("Medport") Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Breach of Contract Claim (CM/ECF Documents 76), Plaintiff Jimmie Biles' Response in Opposition (Doc. 78), and Medport's Reply (Doc. 79).  Pursuant to its Motion, Medport, LLC seeks a thirty (30)-day extension of time to respond to Plaintiff's Motion for Partial Summary Judgment.  Although Defendant John H. Schneider does not join in Medport's Motion for Extension, Medport seeks also to extend Defendant Schneider's response deadline by thirty (30) days.

### BACKGROUND

On March 26, 2020, Plaintiff Biles filed a Motion for Partial Summary Judgment on his breach of contract claim.  (Doc. 76).  Under Local Rule 7.1(b)(2)(a), Medport's

deadline to respond to the motion was fourteen (14) days from the date it was filed, on April 9, 2020. Because he receives service by mail, Schneider received an additional three days to respond by operation of Federal Rule of Civil Procedure 6(d), making a response due April 13, 2020. However, both deadlines expired without response by either defendant.

On April 15, 2020, Medport filed the present motion to extend Defendants' response deadline. From Medport's motion, it appears Medport erroneously believed that the response deadline was April 16, 2020, or twenty-one (21) days following Plaintiff's Motion for Summary Judgment. (Doc. 76, at 1). Additionally, Medport argues that the delay of both parties was the result of a thirty (30)-day lockdown of the Metropolitan Correction Center, ordered by the Bureau of Prisons ("BOP") on March 31, 2020 in response to the current outbreak of COVID-19. Medport states that the BOP lockdown has affected its ability to communicate with co-Defendant Schneider. Moreover, Medport argues the lockdown has affected Schneider's access to mail, necessary legal materials, phone use, and a computer.

Plaintiff Biles opposes the request for extension. He states that Medport has failed to demonstrate excusable neglect for its failure to timely respond or for its failure to timely request an extension. Biles also asserts that the BOP lockdown had no cognizable effect on Medport's ability to timely respond, as Medport has representation and does not share Schneider's extenuating circumstances. Further, Biles argues that to the extent Schneider represents himself pro se in this matter, Medport's request for an extension should not be effective as to Schneider.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline on request for "good cause." However, if the request for the extension is made after the original deadline, as occurred in this case, the court may only grant the requested extension on finding that the party seeking extension so delayed due to "excusable neglect." Rule 6(b)(1)(B). In other words, if the extension request was filed after the original deadline, "the court must also determine whether the failure to timely meet the deadline was due to excusable neglect." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990)). "Inadvertence, ignorance of the rules, and mistakes construing the rules" do not generally constitute excusable neglect for purposes of an extension sought under Rule 6(b). *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). The Supreme Court has instructed that "[f]our factors should be considered in determining whether neglect is excusable, including 1) the danger of prejudice to the other party, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assos. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

## DISCUSSION

The Court first turns to whether Medport has demonstrated good cause for the requested extension of its response deadline. The Court finds that good cause exists to extend the response deadlines of both Medport and Schneider, who apparently intend to

file a joint response. As to Defendant Schneider, the Court finds that the COVID-19 related disruptions to the prison mail system and to inmate computer access constitute good cause for an extension. While it is true that Defendant Medport does not face the same obstacles to responding as Schneider, it is reasonable for Medport to seek an extension for the opportunity to confer with Schneider on their intertwined defenses to the pending motion for summary judgment. Thus, the Court finds good cause for an extension of the response deadline as to both Defendants.

Second, the Court must determine whether Medport has demonstrated "excusable neglect" to justify its request for an extension filed after the expiration of the response deadlines. As to Defendant Schneider, the Court finds that the BOP lockdown creates a more than sufficient basis for "excusable neglect," as the lockdown has impeded Schneider's ability to consult the Federal Rules of Civil Procedure or the Local Civil Rules and Schneider's timely receipt of mail service.

The Court also finds that Medport has pled a sufficient basis of "excusable neglect." As Medport notes in its reply brief, its failure to timely respond owes at least in part to its mis-calendaring of the response deadlines on the Wyoming Rules of Civil Procedure, rather than the Local Civil Rules for District of Wyoming. By itself, this mistake would not constitute "excusable neglect" sufficient for the Court to grant an extension sought after the original response deadline. *Quigley*, 427 F.3d at 1238. However, Medport also asserts its delay was due to its inability to timely communicate with Schneider under the conditions of lockdown.

Medport's explanation for its delay, including its monitoring of the effect of the COVID-19 situation on Schneider, is reasonable. Applying the Supreme Court's *Pioneer* analysis, the Court finds that Defendants' delay is only several days and the requested extension would have minimal effect on these proceedings. Moreover, Defendants have previously requested an extension only once in this matter and appear to seek this extension in good faith. Ultimately, the Court finds that the unprecedented COVID-19 pandemic has created extenuating circumstances for both Defendants and has impeded their ability to timely respond. Defendants are not prejudiced by this delay and the Court determines an extension is warranted on good cause and excusable neglect.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant Medport's Motion for Extension of Time. (Doc.  Defendants shall have an additional thirty (30) days in which to respond to Plaintiff's Motion for Partial Summary Judgment (Doc. 76).

Accordingly, IT IS ORDERED that Defendants shall respond to Plaintiff's Motion for Partial Summary Judgment (Doc. 76) no later than May 18, 2020.

Dated this  16th  day of April, 2020.

*Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE