R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN HENRY SCHNEIDER, JR. and MEDPORT, LLC,<br><br>    Defendants. | Civ. No. 19-CV-48-F |

**PLAINTIFF'S MOTION TO COMPEL MEDPORT, LLC TO RESPOND TO DISCOVERY**

Plaintiff, by and through his counsel, R. Daniel Fleck, M. Kristeen Hand, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, hereby files his Motion to Compel Defendant MedPort, LLC to Respond to Discovery, and states as follows:

This case arises because of disparaging and confidential posts that Defendant John Henry Schneider, Jr. made on a website, www.healthcare-malpractice.com, owned by his now defunct company, Defendant MedPort, LLC, in violation of the parties' 2012 Settlement Agreement.

1

Plaintiff served discovery requests on MedPort on January 24, 2020 and MedPort responded to several of the requests by stating that due to Mr. Schneider's incarceration, MedPort was unable to access responsive documents or information. MedPort's counsel represents that he is continuing to work on gaining access to responsive information and may supplement MedPort's discovery responses. However, it has now been more than four weeks since the parties' informal discovery conference with Judge Carman and Plaintiff has not received any supplemental responses from MedPort, nor any affirmation of MedPort's intent to respond fully to discovery. Accordingly, Plaintiff respectfully asks the Court to issue an order requiring Mr. Schneider to grant MedPort's counsel access to MedPort's files, and requiring MedPort to provide complete answers to Interrogatories 1–2 and complete responses to Requests for Production 12–13.

## I. Background

By way of background, Plaintiff named MedPort in this case because MedPort owned the website www.healthcare-malpractice.com, which Mr. Schneider used as a vehicle to post the disparaging and confidential content at issue in this case. MedPort was formed on May 1, 2012, less than a week before Mr. Schneider and Dr. Biles agreed to their Settlement Agreement. ECF# 74-1 (Sealed Copy of Settlement Agreement); Ex. A, MedPort Articles of Organization. In negotiating the settlement, Dr. Biles was concerned that Mr. Schneider might use his corporate and trust entities to bypass his obligations under the Agreement, so all of Mr. Schneider's known entities were made a party to the Agreement.[1] *See* ECF #74-1, at 1.

MedPort was not expressly referenced in the Settlement Agreement because Mr. Schneider did not disclose MedPort's existence. MedPort was, however, incorporated by reference, as the Agreement states that none of the parties would disparage Dr. Biles through

---

[1] These entities included John H. Schneider, M.D., P.C., Northern Rockies NeuroSpine, P.C., BSC, LLC, and Schneider Limited Partnership.

"surrogates." *Id.* at ¶ 6.  Furthermore, "traditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third party beneficiary theories, waiver, and estoppel." 21 WILLISTON ON CONTRACTS § 57:19 (4th ed.).

Plaintiff believes discovery will show that MedPort was used as a surrogate to bypass Mr. Schneider's obligation under the Settlement Agreement — and therefore, in addition to being incorporated into the Agreement by reference, MedPort is bound to the Agreement under the doctrines of estoppel and alter ego.  Indeed, during Mr. Schneider's bankruptcy proceeding, the Bankruptcy Trustee initiated adversary proceeding No. 15-00015, which alleged "a complex fraudulent scheme whereby Debtor John Henry Schneider, with the assistance of members of his family, attempted to employ a web of entities, trusts, and transfers to hide his personal assets from creditors."  Ex. B, Adversary Complaint, at 2.  MedPort was specifically identified as an entity created to defraud Mr. Schneider's creditors and the Trustee alleged that MedPort was Mr. Schneider's alter ego.  Further, Mr. Schneider filed pleadings in this action stating, "MedPort is nothing more than an alter ego of John H. Schneider alone." ECF # 21, at ¶ 14, *see id.* at ¶¶ 6, 20, 21 (also referring to MedPort as an alter ego).

The full story of MedPort is difficult to piece together at this juncture, because Plaintiff has only portions of information.  For example, Mr. Schneider's most recent supplemental response to Interrogatory 6 states that MedPort remained in good standing in Wyoming from 2013–2018, and "[a]t no time during this period was John Schneider an officer or shareholder of this corporation . . . ."  Ex. C, Schneider Second Supp. Resp. at ROG 6.  Curiously, Mr. Schneider then claims that in 2018, MedPort's "shareholders and officers relinquished their positions and claims," so Mr. Schneider, despite having no prior ownership of MedPort, became

3

the sole owner of MedPort, and he distributed all of MedPort's assets to "John Schneider MD.[2]" *Id.* The Wyoming Secretary of State's website reveals that MedPort is a "delinquent" LLC, with no registered agent. Ex. D, Screenshot (Apr. 22, 2020).

Against this background, Plaintiff served discovery requests on MedPort on January 24, 2020. The Requests sought information relating to various defenses raised in MedPort's answer and also focused on discovering the relationship between Mr. Schneider and MedPort to support Plaintiff's claim that MedPort is bound by the Settlement Agreement. Because MedPort takes the position that Mr. Schneider's incarceration prevents it from reviewing responsive information and providing accurate and complete discovery response, Plaintiff now files this Motion to Compel.

## II.   LOCAL RULES 7.1 & 37.1 CERTIFICATION

Pursuant to Local Rules 7.1 and 37.1, on March 19, 2020 Plaintiff's Counsel mailed a letter to MedPort's Counsel, setting forth the basis of Plaintiff's discovery objections. A copy of that letter is attached hereto as Exhibit E. Next, Counsel for Plaintiff conferred orally with Counsel for MedPort about Plaintiff's discovery objections on March 20, 2020. The parties then attended an informal discovery conference with Judge Carman on March 23, 2020 and Judge Carman granted Plaintiff permission to file this Motion. Plaintiff understands (and appreciates) that Defendant may voluntarily supplement its responses while this Motion is pending. However, to date Defendants' Counsel has been unable to provide a concrete answer as to how and when MedPort intends to supplement its responses. Therefore, given impending expert deadlines, Plaintiff was left with no choice but to file this Motion.

## III.   LEGAL STANDARDS

---

[2]   Plaintiff is not clear if this is a reference to Mr. Schneider, in his personal capacity, or his entity, John Schneider, MD, PC.

Federal Rule of Civil Procedure 26 governs the scope of discovery. The Rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable**.

Fed. R. Civ. P. 26(b)(1).

Parties have a responsibility to conduct a "reasonable inquiry" into documents and information within their possession, custody, or control before responding to discovery requests. Fed. R. Civ. P. 26 (g)(1)(A) (an attorney who signs a discovery response certifies that "to the best of the person's knowledge, information, and belief **formed after a reasonable inquiry**," the response "is complete and correct as of the time it is made.") (emphasis added); *Pearson v. Weischedel,* No. No. 09-CV-084-B, 2010 WL 11618778, *2 (D. Wyo. Nov. 5, 2010) ("Defendant has an affirmative duty to make a reasonable inquiry into the existence of the materials sought by [a discovery] request."). "Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand." *Pearson,* No. 09-CV-084-B, 2010 WL 11618778 at *1.

Objections to discovery requests must be timely stated with specificity and any objections that are not so stated, may be deemed waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived"); Fed. R. Civ. P. 26 (b)(5)(A) (a party must specifically state a claim of privilege or trial protection); Fed. R. Civ. P. 37(d)(1) (allowing sanctions when a party fails to timely object to a discovery requests); *Millward v. Bd. of Cnty. Comm'r of the Cnty. of Teton, Wyo.,* No. 17-CV-117-SWS, 2018 WL 9371673, * 2 (D. Wyo. July 17, 2018) (slip

5


opinion) (holding that Court's have "considerable discretion" to "deem a party has waived objections to discovery as a sanction for violating the discovery process.").

IV. ANALYSIS

1. **MedPort has an obligation to respond to discovery despite Mr. Schneider's incarceration.**

Throughout its discovery responses, MedPort repeatedly stated that it was unable to review responsive materials because of Mr. Schneider's incarceration. As an overarching matter, Plaintiff is concerned that MedPort's attorneys have not meaningfully searched for and reviewed responsive information in answering Plaintiff's first set of discovery, and therefore MedPort's responses fall short of Rule 26(g)(1)'s "reasonable inquiry" requirement. Earlier in this case, the Court rejected MedPort's request for a stay pending Mr. Schneider's release from prison. ECF # 44, Motion for Stay; ECF # 59, Order Denying Stay. The same logic now compels MedPort to participate meaningfully in discovery. *See Adams v. Warren Analytical Lab., Inc.,* No. 05-cv-01536-EWN-MEH, 2007 WL 1725247, * 2 (D. Col. 2007) (holding that an incarcerated party must still follow the discovery rules). Accordingly, Plaintiff respectfully requests that the Court order Mr. Schneider to make MedPort's files available to MedPort's attorneys so they can conduct a "reasonable inquiry" and fully respond to discovery.

2. **MedPort should answer Interrogatory 1 and state the basis for its denial of certain requests for admissions.**

More specifically, the Court should order MedPort to answer Interrogatory 1, which asked for the "basis of [MedPort's] failure to admit" Requests for Admission No. 3–9. Ex. F, Discovery at ROG 1. MedPort did not object to this interrogatory — it merely stated that it could not provide an answer because Mr. Schneider's incarceration prevented it from obtaining responsive information:

As a consequence of John Schneider's current incarceration with the federal BOP,

6

> Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory on behalf of Medport.

*Id.* MedPort also did not object to the Requests for Admissions No. 3–9. *Id.* at RFA 3–9.

If MedPort truly has no facts in its possession to support its denial of these requests for admissions, Federal Rules of Civil Procedure 11 and 36 require MedPort to admit the requests.[3] *See* Fed. R. Civ. P. 11(b)(4) (an attorney signing a paper represents that "the denials of factual contentions **are warranted on the evidence** or, if specifically so identified, are reasonably based on belief or lack of information.") (emphasis added); Fed. R. Civ. P. 36(4) ("A denial must fairly respond to the substance of the matter . . . ."). Otherwise, MedPort should conduct a reasonable inquiry and answer Interrogatory No. 1 by providing the factual basis of its denials. *See Telemedia Commc'n, Inc. v. St. Francis Inv. Prop., L.P.,* No. No. 8:07-cv-1112-T-17MAP, 2007 WL 9723859, * 1 (M.D. Fl. Oct. 3, 2007) ("[A] party propounding requests for admission may also propound an interrogatory asking for an explanation of the denial.").

3. **MedPort should answer Interrogatory No. 2 and identify the basis for its disclosure of eighty-four different individuals in its initial disclosure statement.**

Next, MedPort's initial disclosure statement designated eighty-four different individuals as "likely to have discoverable information that the disclosing party may use to support its claims or defenses," but MedPort provided no contact information for these individuals and no details

---

[3] Requests for admissions No. 3–9 are based on facts alleged by the Bankruptcy Trustee in adversary proceeding No. 15-00015 (Mont. Bankr. Case No. 14-61357), which is attached hereto as Ex. B.  These requests are probative of whether MedPort was Mr. Schneider's alter ego.  For example, Request for Admission No. 3 asks MedPort to admit that it paid rent for Mr. Schneider's home in California, Request for Admission No. 4 asks MedPort to admit that it paid Mr. Schneider's living expenses, Request No. 5 seeks an admission that MedPort purchased Mr. Schneider's home in Encinitas, CA, Request No. 6 seeks an admission that Mr. Schneider lived in said home, and Request No. 7 sought an admission that he paid no rent to do so.  Ex. F, Discovery, at RFA 3–7; Ex. B, Adversary Complaint, at ¶ 57 ("MedPort directly pays rent for Debtor's and Debtor's wife's home in California, as well as living expenses.") & ¶ 75 (alleging that MedPort used $1.8 to purchase a residence for Mr. Schneider in Encinitas, CA).

about the types of information the individuals are likely to have — MedPort simply listed eighty-four names.  Ex. G, MedPort Rule 26 Disclosure at 1–5.  Accordingly, Plaintiff served Interrogatory No. 2, which asked MedPort to "describe the discoverable information that each individual [listed in MedPort's Rule 26 disclosure] is likely to have and identify any conversations that you have had with these individuals about the facts at issue in this case."  Ex. F, Discovery at ROG 2.  In response, MedPort stated:

> As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply documents or cite factual and provable time lines in order to accurately respond to this interrogatory on behalf of Medport.

*Id.*

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) required MedPort to state in its initial disclosure "the subjects of [discoverable information]" that each disclosed individual is likely to have.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).  This interrogatory asks little more than compliance with the self-executing discovery rules.  Plaintiff respectfully requests that the Court compel MedPort to fully answer Interrogatory No. 2.

4. **MedPort should provide information about its "winding down" process in response to Request for Production No. 12.**

In light of Mr. Schneider's representations that he has distributed all of MedPort's assets, Request No. 12 sought "documents evidencing MedPort's 'winding down,' including but not limited to minutes from board meetings discussing the 'winding down' process."  Ex. F, Discovery at RFP 12.  MedPort did not object to this request — once again it simply stated that it did not have access to responsive documents due to Mr. Schneider's incarceration:

> As a consequence of John Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the former owner of Medport and therefore cannot supply any additional documents at this time other than what has already been provided herein.  Notwithstanding, Medport directs

8

> Plaintiff to the Wyoming Secretary of State for any documents related to the 'winding down' of MedPort, LLC, including the resignation of its Registered Agent, failure to renew its Annual Report, and administrative dissolution.

*Id.*

Plaintiff anticipates that documents responsive to this request (such as documents transferring ownership of healthcare-malpractice.com) may be relevant to MedPort's defense that healthcare-malpractice.com was "owned exclusively by" Mr. Schneider at the time of his disparaging postings. ECF # 32, at ¶ 36. Further, the Wyoming Limited Liability Company Act provides that once the assets of a dissolved LLC have been distributed, a claim against the LLC may be enforced against the dissolved LLC's members or transferees. *See* W.S. § 17-20-704(d). In light of Mr. Schneider's representations that all of MedPort's assets have been distributed, responsive documents showing how and when MedPort's assets were distributed, may also be relevant to identifying other parties potentially liable for any judgment in this case. Plaintiff respectfully requests that the Court compel Mr. Schneider to fully respond to Request for Production 12.

5. **MedPort should provide documents responsive to Request for Production No. 13, which are likely to show that MedPort is Mr. Schneider's alter ego and therefore bound by the Settlement Agreement.**

Finally, Request for Production 13 sought "all documents produced by MedPort, LLC in the bankruptcy case *In re Henry Schneider,* Case No. 14-61357 (Mont. Bankr.), or any associated adversary proceeding (including but not limited to Adversary No. 15-00015)." Ex. F, Discovery at RFP 13. MedPort responded as follows:

> MedPort objects to this discovery request to the extent the information requested can be obtained from some other source that is more convenient and less burdensome. Propounding Party may acquire this information by requesting these documents from the Court. MedPort further objects that this discovery request is overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence due to the fact the bankruptcy is unrelated to this matter and the request is not proportionate to the needs of the case. As a consequence of John

9

> Schneider's current incarceration with the federal BOP, Schneider is unable to access any files in his possession as the owner of www.healthcare-malpractice.com and former owner of Medport and therefore cannot supply any additional documents at this time other than what has already been provided herein.

*Id.* Counsel has since represented that MedPort is attempting to receive responsive documents from Mr. Schneider's bankruptcy counsel, but that law firm has so far refused to produce the documents.

It appears that during the bankruptcy, MedPort and/or Mr. Schneider provided the Trustee with documents that prompted the Trustee to file an adversary proceeding alleging that MedPort was Mr. Schneider's alter ego. Here, an alter ego determination would support Plaintiff's argument that MedPort is bound by the Settlement Agreement. Accordingly, the documents are highly relevant to the claims at issue in this case. Further, MedPort has not carried its burden to show that the cost of production of these materials is disproportionate the needs of the case — presumably these documents can be easily obtained from MedPort's own files or from its bankruptcy counsel. *See Sinclair Wyo. Ref. Co. v. A&B Builders, Ltd.*, No. 15-CV-91-ABJ, 2017 WL 10309306, at *5 (D. Wyo. Oct. 31, 2017) ("The burden to prove disproportionality remains with the party resisting discovery."). Plaintiff respectfully requests that the Court compel Mr. Schneider to fully respond to Request for Production 12.

## V.  CONCLUSION

Plaintiff understands that Mr. Schneider's incarceration makes it difficult for him to access responsive information. However, Mr. Schneider should provide MedPort's attorneys access to MedPort's files so that they may comply with Rule 26 and fully respond to discovery. For all of these reasons, Plaintiff respectfully requests that the Court issue an order compelling MedPort to fully respond to Plaintiff's First Combined Discovery.

Dated this 23rd day of April, 2020.  /s/ Sarah A. Kellogg

                R. Daniel Fleck (WSB # 6-2668)
                M. Kristeen Hand (WSB # 6-3544)
                Sarah A. Kellogg (WSB # 7-5355)
                THE SPENCE LAW FIRM, LLC
                15 South Jackson Street
                P.O. Box 548
                Jackson, WY 83001
                (307) 733-7290
                (307) 733-5248 (Fax)
                fleck@spencelawyers.com
                hand@spencelawyers.com
                kellogg@spencelawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion to Compel with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following addresses:

>Adam H. Owens
>Gregory G. Costanza
>Granite Peak Law LLC
>PO Box 635
>Bozeman, MT 59771
>406-530-9119
>adam@granitepeaklaw.com
>gregory@granitepeaklaw.com
>
>*Attorneys for MedPort, LLC*

And also, I certify this was sent via U.S. Mail to:

>John H. Schneider, Jr.
>Reg # 64084298
>Metropolitan Correction Center
>808 Union Street
>San Diego, CA 92101
>
>*Pro Se*

Dated this 23rd day of April, 2020.

>    /s/ Sarah A. Kellogg
>R. Daniel Fleck (WSB # 6-2668)
>M. Kristeen Hand (WSB # 6-3544)
>Sarah A. Kellogg (WSB # 7-5355)
>THE SPENCE LAW FIRM, LLC
>15 South Jackson Street
>P.O. Box 548
>Jackson, WY 83001
>(307) 733-7290
>(307) 733-5248 (Fax)
>fleck@spencelawyers.com
>hand@spencelawyers.com
>kellogg@spencelawyers.com