

THE SPENCE LAW FIRM, LLC

15 S. JACKSON ST. • P.O. BOX 548 • JACKSON, WY 83001
SPENCELAWYERS.COM • 307-733-7290

March 19, 2020

Adam H. Owens
Gregory G. Costanza
GRANITE PEAK LAW LLC
P.O. Box 635
Bozeman, MT 59771

      Re: *Biles v. Schneider,* Civ. No. 19-CV-48-F (D. Wyo.)

Dear Mr. Owens and Mr. Costanza,

This letter is to inform you that Dr. Biles objects to MedPort, LLC's responses to Plaintiff's first combined discovery requests.

Specifically, Dr. Biles objects to your failure to provide substantive answers to Interrogatories 1–2 and responses Requests for Production 3, 12, 13, claiming, in part, that MedPort does not have access to responsive information as "a consequence of John Schneider's current incarceration." Earlier in this case, the Court held that Mr. Schneider's incarceration did not justify a stay of this case. ECF # 59. Given that ruling, we do not believe that the Court will allow MedPort to use Mr. Schneider's incarceration as an excuse to avoid providing substantive discovery responses.

MedPort's refusal to provide discovery responses is perhaps most problematic with respect to **INTERROGATORY NO. 1**, which asked for the basis of MedPort's denials of certain requests for admission. MedPort did not object to this interrogatory, and as such, has waived any objections. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Instead, MedPort essentially conceded that due to Mr. Schneider's incarceration, MedPort has no facts in its possession to support the denials. If that is the case, Federal Rules of Civil Procedure 11 and 36 require MedPort to admit Requests for Admission No. 3, 4, 5, 6, 7, 8, and 9. *See* Fed. R. Civ. P. 11(b)(4) (an attorney signing a paper represents that "the denials of factual contentions **are warranted on the evidence** or, if specifically so identified, are reasonably based on belief or lack of information.") (emphasis added); Fed. R. Civ. P. 36(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter; the answer

GERRY L. SPENCE, PC • ROBERT A. KRAUSE, PC • R. DANIEL FLECK, PC • G. BRYAN ULMER III, PC • MEL C. ORCHARD III, PC • EMILY R. RANKIN, PC • M. KRISTEEN HAND, PC • TYSON E. LOGAN, PC • JASON A. NEVILLE, PC

**OF COUNSEL** J. DOUGLAS MCCALLA, PC • ROY A. JACOBSON, JR., PC • **ASSOCIATES** MARK ARONOWITZ • ELIZABETH A. RICHARDS • NOAH W. DREW • MICHAEL F. LUTZ • SARAH A. KELLOGG • GABRIEL PHILLIPS • CLAIRE FULLER

must specify the part admitted and qualify or deny the rest."). Please supplement your response to Interrogatory No. 1 or admit each of the requests for admission.

Similarly, **INTERROGATORY NO. 2** asked MedPort to identify the discoverable information that each individual identified in MedPort's Rule 26 disclosures is likely to have, and to identify any conversations that MedPort had with these individuals. Once again, MedPort did not object to this interrogatory, it simply refused to provide any substantive answer. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."). Notably, MedPort's initial disclosure of these individuals also falls short of Rule 26(a)(1)(A)(ii), which requires litigants to state "the subjects of [discoverable information]" that each disclosed individual is likely to have.

We assume that there was a good faith basis for MedPort's representation in its Rule 26 disclosure that eighty-four different individuals were "likely to have information that MedPort may use to support its claims and defenses." *See* MedPort Rule 26 Disclosure at 1; Fed. R. Civ. P. 26(g) (by signing a discovery disclosure, an attorney "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . is complete and correct as of the time it is made."). Dr. Biles has the right to seek discovery of that good faith basis short of noticing eighty-four depositions. Please supplement your response to this interrogatory.

**REQUEST FOR PRODUCTION NO. 3** sought communications between MedPort and its codefendant, Mr. Schneider, "relating to this lawsuit or the facts at issue in this lawsuit." In addition to stating that it does not have access to responsive documents because of Mr. Schneider's incarceration, MedPort objected on the basis of attorney-client privilege. To be clear, this request does not seek communications between MedPort and its attorneys. However, because it is our understanding that you do not represent Mr. Schneider in his individual capacity, this request seeks communications that your law firm made to Mr. Schneider relating to the claims and defenses asserted against him, or by him, in his individual capacity. For example, if you made edits to Mr. Schneider's pleadings, rather than simply transcribing the pleadings, we believe those edits would fall outside of the scope of the attorney-client privilege, since editing Mr. Schneider's pleadings falls outside of the scope of your representation of MedPort and also outside of the scope of your limited scope representation of Mr. Schneider. *See* Wyo. R. Prof. Cond. 1.2, comment 7 ("If a lawyer assists in drafting a pleading, the document shall include a statement that the document was prepared with the assistance of counsel and shall include the name and address of the lawyer who provided the assistance.").

Nevertheless, we recognize that you do have a limited scope representation of Mr. Schneider, and we want to be respectful of the privilege within the bounds of that arrangement. Our understanding is that your representation of Mr. Schneider is limited to transcribing and filing documents. If that is the case, we would agree to except from this request communications that: (1) merely convey documents that were not edited by your law firm in *any* way; (2) offer no advice; and (3) do not otherwise discuss the facts of this lawsuit. If there are other categories of documents that you believe fall within your limited scope representation of Mr. Schneider, we would consider other reasonable limitations.

Please produce the responsive documents. Alternatively, please provide a privilege log listing the responsive documents and provide a written description of the scope of your representation of Mr. Schneider, so that we can assess the merits of your position and request the Court's *in camera* review if necessary. In addition, if your representation of Mr. Schneider includes (or has included) assisting in drafting pleadings, we ask that you comply with Rule 1.2 by filing a statement with the Court clarifying which pleadings you have assisted Mr. Schneider in drafting.

**REQUEST FOR PRODUCTION NO. 12** sought documents evidencing MedPort's "winding down." You did not object to this request, and yet, you provided no responsive documents. If MedPort is, in fact "winding down," Dr. Biles has a right to know: (1) when any assets (including heathcare-malpractice.com) were distributed; (2) to whom assets were distributed; and (3) whether MedPort is complying with the Wyoming Limited Liability Company Act. Please provide the complete universe of responsive documents.

**REQUEST FOR PRODUCTION NO. 13** sought "all documents produced by MedPort, LLC in the bankruptcy case *In re Henry Schneider,* Case No. 14-61357 (Mont. Bankr.), or any associated adversary proceeding (including but not limited to Adversary No. 15-00015)." You objected on the basis of proportionality — but offered no specificity as to why the requested materials would be burdensome or expensive to produce. *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring a responding party to "state with specificity the grounds for objecting to the request"). As you know, a major issue in the bankruptcy and in the referenced adversary proceeding was whether MedPort was an alter ego of, or acting as a joint enterprise with, Mr. Schneider. Therefore, the documents provided in the bankruptcy are likely to be relevant to the issue of whether or not MedPort is bound by the settlement agreement. Please supplement your response.

Please let us know if MedPort intends to supplement its discovery responses as set forth above. Otherwise, let's plan to discuss these issues during our meet-and-confer call tomorrow morning at 10:00.

Sincerely,

Sarah A. Kellogg