GRANITE PEAK LAW PLLC
Gregory G. Costanza, Esq.
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com
gregory@granitepeaklaw.com

Attorneys for Defendant Medport, LLC

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | Cause No. 19-CV-48-F |
| Plaintiff | |
| v. | |
| JOHN H. SCHNEIDER and MEDPORT, LLC, | **DEFENDANT MEDPORT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MEDPORT TO RESPOND TO DISCOVERY** |
| Defendants | |

Defendant MEDPORT, LLC, by and through Counsel of Granite Peak Law, PLLC, hereby files this response to Plaintiff's Motion to Compel Medport to respond to discovery.

### A.    SUMMARY

Medport has endeavored to comply with Plaintiff's discovery requests, despite the Covid-19 pandemic's effect on the Bureau of Prisons' operations that put Dr. Schneider on lockdown, further restricting his access to communication with counsel. Instead of taking into consideration the affect this pandemic is having by affording Defendant additional time to respond, Plaintiff has aggressively moved to compel responses, even after this Court found that additional time was

warranted on Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment. *See* CM/ECF Doc. 80, Order Granting Motion for Extension of Time.

There, the Court found that "the COVID-19 related disruptions to the prison mail system and to inmate computer access constitute good cause for an extension." *Doc. 80* at p. 4. Despite this same reasoning being valid for why it has been difficult for Medport to provide supplemental discovery responses, Plaintiff casts aside a meaningful meet and confer process in favor of aggressive litigation tactics that are unwarranted and not understanding of the difficulties faced by Defendants due to this situation.

This is not hyperbole. Plaintiff's own timeline clearly establishes an aggressive pace set by Plaintiff that is unreasonable in these circumstances. Plaintiff mailed a discovery letter to Medport's Counsel on March 19, 2020, then scheduled a call the next day to discuss compliance. Before Counsel for Medport could discuss the letter with Schneider and attempt to comply, Plaintiff immediately scheduled an "informal discovery conference" with Judge Carman on March 23, 2020. In that call, Counsel for Medport pledged to seek access to additional Medport records from Schneider, and to supplement their responses to Plaintiff's first set of interrogatories to both Schneider and Medport. Judge Carman did not simply grant Plaintiff permission to file the Motion to Compel, but conditioned such "permission" on lack of progress by Defendants.

Defendants made progress responding to discovery and updated Plaintiff along the way. On April 1, 2020, Counsel for Plaintiff confirmed that they received Schneider's supplemental discovery responses. A week later, on April 7, 2020, Counsel for Plaintiff again inquired about the timing of discovery for Medport's responses, and Counsel for Medport replied that we expected responsive mail from Schneider; and that we had reached out to Medport's prior bankruptcy counsel for records responsive to Plaintiff's Request for Production No. 13 to Medport. One of Schneider's bankruptcy counsel (Harold Dye) stated that they needed written authorization from

Schneider to release any records in their possession, so Counsel for Medport requested this from

Schneider, but due to the lockdown, it was unclear how long this would take. Another bankruptcy

counsel (Jim Cossitt), stated that he was still owed money by Schneider and refused to produce any

records until he was paid in full. Counsel for Medport conveyed this to Schneider and was

optimistic that attorney Dye would release his records.

At the same time, Counsel for Medport sought access to Schneider's DropBox, which

could have additional responsive documents for Medport. This access was given to Medport's

Counsel, but Counsel was unable to find bankruptcy related documents that had been produced

by Medport. Counsel did find a publicly available filing of the Settlement reached in Schneider's

Chapter 7 bankruptcy in Montana, and will provide that herewith because this document

demonstrates that Medport was released from the bankruptcy AP 15-15 complaint with no finding

that Medport commingled assets with Schneider or was a surrogate, alter ego or other agent for Dr.

Schneider. *See* Exhibit B, Case No. 14-61357-RBK, Doc. 340, Motion to Approve Compromise

Settlement.

While Counsel for Medport was working on these issues, the lockdown within the BOP

was making communication with Schneider extremely difficult. On April 14, 2020, Counsel for

Medport requested an extension of time to file a response to the Motion for Partial Summary

Judgment, because the lockdown with the BOP was in full effect and ordinary communications

with Schneider through CorrLinks had nearly ceased, and because Granite Peak was losing an

important paralegal working on Schneider's matter. In response, Counsel Fleck oddly conditioned

a "short extension" on a "further explanation" of the lockdown and Medport Counsel providing

"something definitive" on discovery. Of course, the lockdown was making this impossible and

Counsel had not received any mail from Schneider. Counsel for Medport provided additional

information about the lockdown on April 15, 2020, but Fleck did not respond. Because of his

denial to extend the time to respond, Medport filed its Motion for Extension of Time on April 15th and a reply the following day (Doc. 79).

Despite this Court's finding that the lockdown was sufficient cause to warrant the extension of time, a week later, without any further attempt to meet and confer, Plaintiff moved to compel Medport's discovery responses. Defendants submit that this filing was not made in good faith and that pursuing the meet and confer process would have obviated the "need" by Plaintiff to file this Motion to Compel. Moreover, the "impending expert deadlines" are not sufficient reason to justify this motion, first because it's not clear what expert Plaintiff needs for this matter; second because an expert deadline can be extended for good cause, which exists because of this pandemic, which was not anticipated in November 2019 when the scheduling order was established.

Nonetheless, Counsel for Medport acknowledges its obligation to be responsive to Plaintiff's discovery requests. Thankfully, only two days ago on May 6, 2020, Dr. Schneider was moved to a "half-way house" where he will have "ordinary" email communication and some phone communication, possibly totaling an hour per day during the workweek, but not on weekends. This has already allowed an accelerated pace of communication to occur, but the exact scope of this permission is unclear. Schneider has a new "case worker" assigned to him and Counsel for Medport will attempt to coordinate legal matters through this case worker, and update Plaintiff's Counsel on Schneider's ability to communicate.

### B.    DISCUSSION

### 1.   MEDPORT HAS BEEN RESPONSIVE TO PLAINTIFF'S DISCOVERY

Plaintiff accused Counsel for Medport of not making a "reasonable inquiry" to be responsive to Plaintiff's first set of discovery, but for the reasons stated in the timeline above, this accusation is off the mark. Moreover, Medport produced numerous relevant business records in its initial disclosures on November 8, 2019 and then provided 1122 pages of additional records on

March 2, 2020. These records were responsive to Plaintiff's inquiries about the "winding down" process for Medport and alter ego assertions, yet because the evidence doesn't support Plaintiff's theories of liability against Medport, who is not a signatory to the Settlement Agreement, Plaintiff still accuses Medport's Counsel of not searching sufficiently. As explained below, once Counsel for Medport receives written permission from Dr. Scheider to give to Mr. Dye, Counsel for Medport is not in possession of other relevant, responsive bankruptcy records.

## 2.   MEDPORT HAS RESPONDED TO INTERROGATORY NUMBER 1 AND 2

Provided with this response to Plaintiff's present Motion is a supplemental discovery response where Dr. Schneider more fully answers Plaintiff's interrogatories 1 and 2. Plaintiff expects additional meet and confer to occur if these responses require additional follow-up, or a deposition should occur where Dr. Schneider can explain himself in even more detail if necessary. This supplemental response is attached hereto as Exhibit A.

## 3.   MEDPORT HAS PROVIDED INFORMATION ABOUT ITS WINDING DOWN PROCESS

Created in 2012, Medport was operated as a business by Dr. Schneider, his sister Mrs. Burrows and his son Brandon, both of whom later transferred their ownership interest to Dr. Schneider in July of 2018. Many responsive business records pertaining to ownership in Medport were provided to Plaintiff, yet Plaintiff still accuses Medport of not producing responsive documents demonstrating that Dr. Schneider was the sole owner of HCMP.com. By the fall of 2018, Medport's business purpose became untenable because of Schneider's bankruptcy-related criminal matters, and Medport sought to dissolve and wind down its affairs. However, Schneider's incarceration also slowed down any filings to this effect, but Counsel for Plaintiff will be made aware of any updated filings to formalize the winding down process of Medport.

At present, litigation should be resolved for Medport to fully wind down. *See* W.S. § 17-29-702(b)(ii)(C) (2018) ("In winding up its activities, a limited liability company ... may (C) prosecute and defend actions and proceedings, whether civil, criminal or administrative; (D) transfer the company's property..."). Medport intends to file and create additional documents pursuant to the winding down process, but has thus far produced everything in its possession in this regard. Medport's only asset on dissolution in late 2018 was HCMP.com, but Counsel for Plaintiff insists that responsive documents exist showing "how and when" Medport's "assets" were distributed, even though W.S. § 17-29-702(b)(ii) (2018) states that such filings "may" occur but is not required.

Medport's response to Plaintiff's Request for Production No. 12 appropriately directed Plaintiff to the Wyoming Secretary of State's website to easily obtain Medport's last annual report filing from March of 2018, and subsequent documents reflecting the resignation of attorney Michael D. Greear as registered agent for Medport and other events related to dissolution and winding down. These records were not otherwise in Medport's possession. Thus, there is nothing more to compel at this time, and Medport will supplement its response when and if other responsive documents are generated related to Medport's winding down process.

## 4. MEDPORT HAS ATTEMPTED TO COMPLY WITH RFP 13, BUT DOES NOT HAVE ACCESS TO THE RECORDS FROM SCHNEIDER'S FORMER BANKRUPTCY ATTORNEYS

No alter ego finding was ever made against Medport in John Schneider's Chapter 7 bankruptcy and no records support Plaintiff's broad allegations under "traditional principles of contract law" that would allow Plaintiff to hold Medport liable for John Schneider's conduct with respect to HCMP.com.

In Trustee Womack's proposed and approved settlement of Schneider's bankruptcy estate, attached hereto, the Trustee abandoned "any and all interest, if any, in claims that the estate might

have against Schneider LP, Schneider Management, Medport, BSC, NRNS, and the Children's Trusts." *See* Exhibit B, Case No. 14-61357-RBK, Doc. 340, Motion to Approve Compromise Settlement, p. 4, point l. ii. In his explanation, Trustee Womack explained to the bankruptcy court:

> "As to the claims against third parties, the Trustee has carefully reviewed those claims and determined that, due to the nature of the claims and the issues involved with pursuing such claims and achieving success, the claims have little, if any, net benefit to the Estate and, indeed, pursuit of such claims by the Trustee actually has the potential to expose the Estate to liability which exceeds any potential recovery."
> *Id.* at p. 10, FN. 5.

Womack also referred to "numerous complex legal issues" involving substantive consolidation, alter ego and reverse piercing, the interplay of these issues versus Michelle Schneider's ownership claims, marital rights, questions of solvency, Schneider's "complex asset-protection plan," and other issues that drove a settlement between the parties without any finding of wrongdoing by Medport, allowing Medport to keep its remaining assets after releasing its mortgage interest in the Whispering Winds Ranch. *Id.* at p. 8.

Therefore, Plaintiff's fishing expedition for bankruptcy records "which are likely to show Medport is Mr. Schneider's alter ego" is unwarranted and should be curtailed by this Court by upholding Medport's objection that Plaintiff's discovery request for Medport-related bankruptcy records is overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence because John Schneider's bankruptcy is wholly unrelated to this matter and Plaintiff's request is not proportionate to the needs of the case.

Womack's original causes of action against Medport in Adversary Proceeding 15-00015, including for alter ego, were ultimately determined to be property of the bankruptcy estate "to the exclusion of any creditor," and was deemed fully settled, on the merits, pursuant to the Order of the Hon. Ralph B. Kirscher, Chief U.S. Bankruptcy Judge. *See* Exhibit C, Case No. 14-61357-RBK,

Doc. 426, Order. Plaintiff Jimmie Biles was a creditor in John Schneider's Chapter 7 bankruptcy, and therefore Biles' claims for alter ego and related theories are collaterally estopped or res judicata in this matter because they were owned and settled on the merits by the bankruptcy trustee. *See In re Folks*, 211 BR 378 (Bankr. App. Panel, 9th Cir. 1997); *In re Davey Roofing, Inc.*, 167 BR 604, 608 (Bankr. Court, CD California 1994); *Kalb, Voorhis & Co. v. American Financial Corp.*, 8 F. 3d 130 (2nd Cir. 1993); *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F. 2d 1339, FN 11 (7th Cir. 1987); *Matter of SI Acquisition, Inc.*, 817 F. 2d 1142, 1153 (5th Cir. 1987).

Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore*, 439 U. S. 322, 326 n. 5 (1979). For this reason, Plaintiff's request for bankruptcy records that may be probative of alter ego between Medport and John Schneider are also objectionable because Plaintiff has no standing to pursue the alter ego theory in this case due to collateral estoppel or res judicata by the bankruptcy court's order approving the compromise settlement. Medport will attempt to obtain bankruptcy records from Mr. Dye, but such records may not be relevant to this matter or may be subject to a protective order should this court determine that Plaintiff lacks standing to pursue its alter ego claim or related claims against Medport.

## CONCLUSION

For the reasons stated above, Defendant Medport, LLC requests that this court deny Plaintiff's Motion to Compel as moot, order Plaintiff to reasonably comply with Fed.R.Civ.P. Rule 37's requirement that the movant attempt in good faith to obtain the disclosure or discovery without court action, and determine that Defendant Medport's responses or objections have been substantially justified.

Respectfully submitted this 8th day of May, 2020.

/s/ Gregory Costanza
Gregory G. Costanza, Esq.
Granite Peak Law, PLLC
P.O. Box 635
Bozeman, MT 59771
Gregory@granitepeaklaw.com
(o) (406) 586-0576
(c) (307) 264-2994
Attorney for Defendant Medport, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2020, a copy of the foregoing document was

served on the following persons via CM/ECF:

Anna Reeses Olson #6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
T: (307) 265-3843
F: (307) 235-0243
aro@parkstreetlaw.com
Attorneys for Counter-Defendant
Jimmy Biles

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff Jimmy Biles

/s/ Gregory Costanza