R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D., <br><br> Plaintiff, <br><br> v. <br><br> JOHN HENRY SCHNEIDER, JR. and MEDPORT, LLC, <br><br> Defendants. | Civ. No. 19-CV-48-F <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL MEDPORT, LLC TO RESPOND TO DISCOVERY** |

Plaintiff, by and through his counsel, R. Daniel Fleck, M. Kristeen Hand, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, hereby files his Reply in Support of Plaintiff's Motion to Compel Defendant MedPort, LLC to Respond to Discovery, and states as follows:

I.   INTRODUCTION

Plaintiff does not intend this motion to compel as part of an "aggressive litigation strategy." Plaintiff served discovery on January 24, 2020 and waited three months to burden this Court with a motion to compel. In fact, a month passed between the parties' informal discovery conference with Judge Carman and the filing of this Motion. However, given the absence of clarity from MedPort regarding its intended scope of supplemental responses, the anticipated

1

timing of any such responses, and Plaintiff's pending expert disclosure deadline of May 29, 2020, Plaintiff felt that Court intervention was warranted.  *See* ECF # 73, Order Extending Deadline.

Plaintiff appreciates that MedPort has now provided supplemental answers to Interrogatories 1–2 and that MedPort is still working to gain access to responsive documents.[1] Plaintiff agrees that the Court is no longer required to address Interrogatory No. 1.  However, the answer to Interrogatory No. 2 is still incomplete and requires Court guidance.  Furthermore, MedPort's continuing objection that due to Mr. Schneider's incarceration it is unable to access MedPort's files to search for responsive documents, warrants the Court's intervention.  Plaintiff files this brief reply to address these outstanding issues.

II.   ANALYSIS

**1. In response to Interrogatory No. 2 MedPort should provide the basis for its disclosure of the remaining fifty-eight individuals in its Rule 26 disclosure.**

Interrogatory No. 2 sought the basis of MedPort's disclosure of eighty-four individuals in its Rule 26 disclosure.  MedPort initially provided no substantive response, but while this Motion was pending, on May 8, MedPort supplemented its response as follows:

> MedPort has not had any conversations with the individuals listed in its initial disclosures.  Each individual is likely to have information with their interactions with Dr. Biles, as reflected in the notes of conversation conducted by Sarah Thomas and in Plaintiff's possession.

ECF # 82-1 at 4.  The notes referenced in MedPort's supplemental response (filed under seal as ECF #74-3) include interviews with only twenty-six of the eighty-four individuals listed in MedPort's Rule 26 disclosure (ECF # 81-7).  Plaintiff has received no information as to the basis for MedPort's disclosure of the remaining fifty-eight individuals.  Accordingly, Plaintiff

---

[1] MedPort's response to Plaintiff's Motion was filed three days late.  MedPort's supplemental interrogatory responses were served on May 8, 2020.  MedPort's response to this Motion was due the day before, on May 7, 2020.  Without moving for an extension, MedPort filed its untimely response on Monday, May 11, 2020.

respectfully requests that the Court require MedPort to fully respond to Interrogatory 2 and to identify how these fifty-eight individuals are pertinent to the claims against MedPort.

2. **MedPort should confirm whether it has gained access to its files and searched for documents response to Request No. 12.**

The Court's intervention is also required with respect to MedPort's Response to Request No. 12.  In its responsive briefing, MedPort explains that the only documents responsive to Request No. 12 (which sought documents relating to MedPort's "winding down") are documents on file with the Wyoming Secretary of State.  But MedPort has not withdrawn its objection that responsive documents are unavailable due to Mr. Schneider's incarceration and it appears that MedPort still has not adequately searched for responsive documents or been given access to the files by Mr. Schneider.  *See* ECF # 70, Minute Order (holding "Defendant [Schneider] has an obligation to make relevant records available for production by providing another means of access to such documents.").

Plaintiff has a good faith basis to believe that additional documents may exist.  MedPort's 2018 Operating Agreement includes detailed procedures to be followed upon the dissolution of MedPort.  Ex. A, 2018 Operating Agreement, at ¶ 10.  For example, upon termination, MedPort was to appoint a "liquidator" to "wind up the affairs of the company in an orderly and businesslike manner."  *Id.* at ¶ 10.3.  The liquidator was to file articles of dissolution and provide a final accounting.  *Id.* at ¶¶ 10.2, 10.5.  MedPort has produced no documents relating to these procedures.  And while the absence of these documents would support a finding of alter ego, in light of MedPort's continuing objection about access to documents, its not clear that Plaintiff can rely on the absence of these documents to support his claims.

Likewise, in its response, MedPort directs the plaintiff to its 2018 annual report, which MedPort represents is "easily obtain[able]" from the Secretary of State Website.  In fact, the

2018 annual report is only *partially* available online.  The publically available version does not include any attachments, such as the appendix listing MedPort's assets.  *See* https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=01425122308125411001306620016818200 3083017235069 (last visited May 13, 2020).  Prior annual reports (some of which have been provided by MedPort) indicate that MedPort had significant cash assets ($325,000 as of 2015) located in Wyoming.  Documents demonstrating MedPort's assets upon "winding up," or how those assets were distributed, are responsive to Request No. 12.

The Court should reiterate its order that Mr. Schneider provide MedPort's Counsel with access to MedPort's documents so that MedPort can comply with its obligation to search for responsive documents.  MedPort should confirm that it has adequately searched for responsive documents by withdrawing its objection on the basis of Mr. Schneider's incarceration.

### 3. Mr. Schneider's settlement with the bankruptcy trustee in 2016 does not estop Plaintiff from bringing his 2018–2019 breach of contract claims against MedPort.

Finally, Request No. 13 sought documents produced by MedPort in Mr. Schneider's bankruptcy.  As explained in Plaintiff's opening brief, Plaintiff anticipates that responsive documents will be probative of Plaintiff's claims that MedPort is bound by the settlement agreement.  MedPort represents that it is still searching for these documents and may, upon reviewing them, object further on the basis of relevance or move for a protective order.

MedPort also argues that the documents are irrelevant because Plaintiff's claims against MedPort are barred by the doctrines of res judicata or collateral estoppel.  The Court should not resolve the viability of Plaintiff's breach of contract claim on this Motion to Compel.  Nevertheless, MedPort's res judicata and collateral estoppel arguments misapply the doctrines:

> Under Wyoming law, "[c]ollateral estoppel and res judicata are analogous, but not synonymous."  Both doctrines "incorporate a universal legal principle of common-law jurisprudence to the effect that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be

4

> disputed in a subsequent suit between the same parties or their privies." Res judicata bars the relitigation of previously litigated claims or causes of action, while collateral estoppel bars relitigation of previously litigated issues.

*Sierra Club v. Two Elk Generation Partners, Ltd. P'ship*, 646 F.3d 1258, 1264–65 (10th Cir. 2011) (internal citations omitted). The doctrines do not apply to Plaintiff's claim that MedPort was made a party to the settlement agreement under the principal of alter ego. First, both doctrines require an *actual adjudication* of the issue and/or claim on the merits. *Id.* at 1265. Here, the bankruptcy court merely approved the parties' settlement, but it made no findings on the issue of alter ego. *See* ECF # 82-3, Bankr. Order. Second, both doctrines require an "identity" of claims or issues. *Id.* Here, the bankruptcy court's order was entered on June 7, 2016, MedPort and Mr. Schneider's postings on Healthcare-Malpractice.com occurred in 2018–19. *See* ECF # 82-3, Bankr. Order. Plaintiff is unaware of any judicial determination relating to the relationship between Mr. Schneider and MedPort in 2018–19.

Plaintiff appreciates MedPort's representation that it is working to gain access to responsive documents, but there is no reasonable explanation to justify the lack of responses, especially considering the discovery requests were served in January. The Court should require that MedPort provide a timely supplement to Request No. 13.

### III. CONCLUSION

It has been nearly four months since Plaintiff served discovery and expert disclosure deadlines are quickly approaching. MedPort has still adequately searched for responsive documents. If, after searching, responsive documents do not exist, MedPort should supplement its responses to so state. Likewise, MedPort should answer Interrogatory No. 2 and set forth the basis for its disclosure the eighty-four individuals listed in its Rule 26 disclosure. For all of these reasons, Plaintiff respectfully requests that the Court grant this Motion to Compel.

Dated this 18th day of May, 2020.           /s/ Sarah A. Kellogg

                        R. Daniel Fleck (WSB # 6-2668)
                        M. Kristeen Hand (WSB # 6-3544)
                        Sarah A. Kellogg (WSB # 7-5355)
                        THE SPENCE LAW FIRM, LLC
                        15 South Jackson Street
                        P.O. Box 548
                        Jackson, WY 83001
                        (307) 733-7290
                        (307) 733-5248 (Fax)
                        fleck@spencelawyers.com
                        hand@spencelawyers.com
                        kellogg@spencelawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply in Support of Plaintiff's Motion to Compel with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following addresses:

>Adam H. Owens
>Gregory G. Costanza
>Granite Peak Law LLC
>PO Box 635
>Bozeman, MT 59771
>406-530-9119
>adam@granitepeaklaw.com
>gregory@granitepeaklaw.com
>
>*Attorneys for MedPort, LLC & Limited Scope Attorneys for John H. Schneider*

I have also served this document by e-mail as follows:

>John H. Schneider, *Pro Se*
>schneiderjohnh@gmail.com

Dated this 18th day of May, 2020.

>     /s/ Sarah A. Kellogg
>R. Daniel Fleck (WSB # 6-2668)
>M. Kristeen Hand (WSB # 6-3544)
>Sarah A. Kellogg (WSB # 7-5355)
>THE SPENCE LAW FIRM, LLC
>15 South Jackson Street
>P.O. Box 548
>Jackson, WY 83001
>(307) 733-7290
>(307) 733-5248 (Fax)
>fleck@spencelawyers.com
>hand@spencelawyers.com
>kellogg@spencelawyers.com