R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HENRY SCHNEIDER, JR. and MEDPORT, LLC,<br><br>Defendants. | Civ. No. 19-CV-48-F |

**UNOPPOSED MOTION TO SEAL ECF # 84, DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, by and through his counsel, R. Daniel Fleck, M. Kristeen Hand, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, hereby files his Unopposed Motion to Seal ECF # 84, Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, and states as follows:

This case is a contract dispute arising because Defendants MedPort, LLC ("MedPort") and John H. Schneider breached their settlement agreement with Plaintiff Jimmie Biles, M.D. by

1

publishing confidential documents disparaging Dr. Bile — namely, notes of confidential interviews conducted by the law firm defending John H. Schneider in the parties' prior defamation dispute (hereinafter "Bonner Stinson Interviews."). This Court has previously ordered Defendants to remove their public postings of the Bonner Stinson Interviews and has granted Plaintiff leave to file the Interviews under seal. On May 18, 2020, Defendants publically filed their Response to Plaintiff's Motion for Partial Summary Judgment, which quotes extensively from the Bonner Stinson Interviews. Therefore, pursuant to U.S.D.C.L.R. 5.1(g), Plaintiff respectfully requests that the Court seal ECF # 84. A proposed order is provided for the Court's convenience.

Before turning to the legal standards for sealing court documents, a brief review of the procedural timeline of this case is helpful.

- On April 9, 2019, this Court issued its Order Granting Request for Preliminary Injunction, ordering that defendants remove "all information regarding Dr. Biles" from "any internet sites . . . pending the outcome of this case." ECF # 19, at 5.

- On March 23, 2020, the Court issued an Order granting Plaintiff leave to file the confidential and disparaging materials under seal. ECF # 71.

- Thereafter, on March 26, 2020, Plaintiff filed a Motion for Partial Summary Judgment, asking the Court to hold that Mr. Schneider violated the parties' confidentiality agreement when he posted the Bonner Stinson Interviews online. ECF # 74. The Interviews were filed under seal as an exhibit to Plaintiff's motion. ECF # 74-3.

- On May 18, 2020, Defendants' publically filed their response brief, which quotes extensively from the sealed Bonner Stinson Interviews. ECF # 84.

I. LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, Counsel for Plaintiff conferred orally with counsel for MedPort and made good faith efforts to obtain the consent of opposing counsel prior to filing this motion. Specifically, Sarah Kellogg, counsel for the Mr. Biles, spoke to Gregory Costanza, counsel for MedPort and limited scope counsel for Mr. Schneider, on May 18, 2020 about this issue. On June 1, 2020, Mr. Constanza confirmed by email that Defendants' would not oppose this motion.

II. ANALYSIS

Federal Rule of Civil Procedure 26(c)(1)(H) states that for "good cause" this Court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," such as by issuing an order "requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). Separate and distinct from Rule 26, the common law also recognizes a public right of access to documents once they are filed with the Court. "Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *Kile v. U.S.,* 915 F.3d 682, 688 (10th Cir. 2019).[1]

This Motion complies with Rule 26 and the common law standards because it is supported by good cause and is narrowly tailored so as not to unnecessarily infringe on the public's right of access. As to good cause, the Court earlier reviewed the Bonner Stinson Interviews and held that the materials pose a substantial risk to Dr. Biles' professional reputation

---

[1] *See Suture Express Inc. v. Owens & Minor Distrib., Inc.,* 851 F.3d 1029, 1046 (10th Cir. 2017) (holding that "[t]he common-law right of access to judicial records is 'not absolute,' and we may seal documents if the public's right of access is outweighed by competing interest" and sealing "confidential documents, financial information, and contracts"); *Hardeman v. Smith,* 764 Fed.Appx. 658 (10th Cir. 2019) (upholding a district court's order sealing medical records).

as an orthopedic surgeon.  ECF # 19, at 4.  The Court later allowed the Interviews to be filed under seal.  ECF # 71.  Allowing the Bonner Stinson Interview to be quoted in public filings would essentially sidestep the Court's earlier injunction and the order sealing the Interviews.  Further, this Motion protects the public's right of access because much of the briefing (Plaintiff's redacted motion and Plaintiff's reply) remains publically accessible, allowing the public to fully analyze and understand the substance of this dispute.  In short, this Motion is narrowly tailored to protect Plaintiff's interest in confidentiality and non-disparagement, while also ensuring the public's right of access.

### III.  CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the Court grant this Motion.

Dated this 2nd day of June, 2020.

/s/ Sarah A. Kellogg
R. Daniel Fleck (WSB # 6-2668)
M. Kristeen Hand (WSB # 6-3544)
Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 (Fax)
fleck@spencelawyers.com
hand@spencelawyers.com
kellogg@spencelawyers.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Unopposed Motion to Seal ECF # 84, Defendants' Response to Plaintiff's Motion for Partial Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following addresses:

    Adam H. Owens
    Gregory G. Costanza
    Granite Peak Law LLC
    201 W. Madison Ave., Ste. 450
    Belgrade, MT 59714
    adam@granitepeaklaw.com
    gregory@granitepeaklaw.com

    *Attorneys for MedPort, LLC & Limited Scope Attorneys for John H. Schneider*

And also, I certify this was sent via U.S. Mail to:

    John H. Schneider, Jr.
    BOP # 64084298
    551 S. 35th St.
    San Diego, CA 92113

    *Pro Se*

Dated this 2nd day of June, 2020.

                                                 /s/ Sarah A. Kellogg
                                                 R. Daniel Fleck (WSB # 6-2668)
                                                 M. Kristeen Hand (WSB # 6-3544)
                                                 Sarah A. Kellogg (WSB # 7-5355)
                                                 THE SPENCE LAW FIRM, LLC
                                                 15 South Jackson Street
                                                 P.O. Box 548
                                                 Jackson, WY 83001
                                                 (307) 733-7290
                                                 (307) 733-5248 (Fax)
                                                 fleck@spencelawyers.com
                                                 hand@spencelawyers.com
                                                 kellogg@spencelawyers.com