GRANITE PEAK LAW PLLC
Gregory G. Costanza, Esq.
Adam H. Owens, Esq.
201 W. Madison Ave, Suite 450
Belgrade, MT 59714
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com
gregory@granitepeaklaw.com
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | Cause No. 19-CV-48-F |
| Plaintiff | |
| v. | |
| JOHN H. SCHNEIDER and MEDPORT, LLC, | **DEFENDANT MEDPORT'S MOTION FOR SUMMARY JUDGMENT AND TO ALTER OR AMEND JUDGMENT** |
| Defendants | |

COMES NOW Defendant MEDPORT, LLC ("Medport"), by and through their undersigned counsel, hereby moves this court for summary judgment and to alter or amend this Court's Order Granting Plaintiff's Motion for Partial Summary Judgment and Granting Request for Permanent Injunction (Doc. 92) and Judgment in a Civil Action (Doc. 93), pursuant to Federal Rules of Civil Procedure 52(b), 56(c), and 59(e).

Medport, LLC moves the court to dismiss it as a party to this proceeding and modify its Order accordingly. Medport was not a signatory to the settlement agreement signed by the Parties, does not have privity to the settlement agreement, and is not bound to the agreement as a third-

party beneficiary. Alternatively, Medport asserts that the Settlement Agreement is void or voidable as a matter of law because it is a perpetual obligation or an executory contract.

## A.    BACKGROUND

This Motion arises from a breach of contract claim against Medport, LLC and John H. Schneider ("Defendants"), referencing a prior civil litigation settlement agreement which is attached hereto as Exhibit A. This agreement was signed by Defendant John H. Schneider along with Michelle Schneider, Lisa Fallon, Northern Rockies NeuroSpine, P.C., Schneider Limited Partnership, Jimmie G. Biles ("Plaintiff"), and two dissolved corporate entities[1] (altogether, "the Parties"). *Id.* Under the agreement, the Parties agreed, among other things, "not to disparage each other personally or professionally...." *Id.* at ¶6. Plaintiff alleges that Defendant Schneider violated this agreement by publishing disparaging information about him on the website Healthcare-Malpractice.com and elsewhere. See Dkt. 1, Complaint, ¶¶33-34. Plaintiff filed claims for breach of contract and intentional infliction of emotional distress against Defendants. This Court granted Plaintiff's Motion for Partial Summary Judgment with respect to Defendants' breach of the confidentiality clause of the Agreement, the payment of liquidated damages, and Plaintiff's request for a Permanent Injunction.

## B.    LEGAL STANDARD

### 1.  Summary Judgment – Fed.R.Civ.P. Rule 56

Summary judgment is appropriate when there is no genuine issue as to the material facts and the moving party demonstrates it is entitled to judgment as a matter of law. Fed. R. Civ. P.

---

[1] These entities were John H. Schneider, Jr., M.D., P.C., a dissolved Montana corporation; and BSC, LLC, a dissolved Wyoming limited liability company.

56; *see also Wayt v. Miller*, 2002 WL 32443035, D. Wyoming (2002). The relevant inquiry regarding a motion for summary disposition is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 251-52 (1986).

Rule 56(c) requires the moving party to cite to particular parts of materials in the record to show that the cited materials do not establish a genuine dispute. According to the Supreme Court, "...the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 US 317, 322 (1986).

### 2. Fed.R.Civ.P. 59(a)(2) – New Trial; Altering or Amending a Judgment

Fed.R.Civ.P. 59(a)(2) states, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Rule 59(e) Fed.R.Civ.P. states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Rule 59(e) motions may be granted when the court has misapprehended the facts, a party's position, or the controlling law. *Nelson v. City of Albuquerque*, 921 F. 3d 925, 929 (10th Cir. 2019)(quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotation marks omitted).

### 3. Rule 52(b) - Findings and Conclusions by the Court; Judgment on Partial Findings

Rule 52(b) Fed.R.Civ.P. titled "Amended or Additional Findings" states that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

### C.   DISCUSSION

**1. Medport does not have privity of contract under the Settlement Agreement and the Agreement cannot be enforced against Medport.**

At issue in this case is the alleged breach of a settlement agreement by Defendants. Defendant Medport, LLC, however, was not a signatory to the settlement agreement against which Plaintiff alleges a breach. The settlement agreement was signed in 2012 by Jimmie G. Biles, MD; John H. Schneider, Jr., MD; Michelle Schneider; Northern Rockies Neurospine, P.C.; John H. Schneider, Jr., MD, PC; BSC, LLC; Schneider Limited Partnership; and Lisa Shaurette Fallon. *See Redacted Exh. A, Settlement Agreement; See dkt. 15, Attachment #1.*

Medport, LLC was clearly not a signatory to this agreement. As such, there is no privity of contract between Medport, LLC and Plaintiff. The terms of the contract, and the alleged breach of said contract, cannot be enforced against Defendant Medport. Accordingly, Medport should be dismissed as a party to this action and this Court's Order and permanent injunction (Dkt. 92) should be vacated and/or modified under Fed.R.Civ.P., Rule 52(b), Rule 56(c) and Rule 59(a)(2) insofar as it affects Defendant Medport.

It is well settled in common law that "strangers to a contract" have no rights under a contract and, axiomatically, cannot be bound by it. *See 13 Williston on Contracts § 37:1 (4th ed.) (2019).* Parties to a contract are said to have privity, and a lack of privity renders the agreements in a contract unenforceable on parties who do not have privity. *Id.* In fact, "[i]t is essential to the

maintenance of an action on any contract that there should subsist a privity between plaintiff and defendant in respect of the matter sued on." *See Bonfils v. McDonald*, 84 Colo. 325 (1928). Many federal courts in the Tenth Circuit have held that breach of contract claims require privity of contract between the parties. *See AG Connection Sales, Inc. v. Green County Motor Co.*, 2008 WL 4329941 (D. Kansas) (2008); *Frontier Station Inc. v. Kloiber Real Estate Holdings, LLC*, 2019 WL 4643683 (D. Colo.) (2019); *Catlin v. Salt Lake City School Dist.*, 2014 WL 4662466 (D. Utah) (2014).

Further, to the extent Plaintiff contends that Schneider used Medport as a "surrogate[] or other entit[y]" in order to disparage Plaintiff, which is prohibited by paragraph 6 of the settlement agreement, that clause does not impose liability under the contract directly on any so-called "surrogate." *Redacted Exh. A, Settlement Agreement; see dkt. 15, Attachment #1.* In other words, the settlement agreement, by its terms, does not hold a surrogate responsible for the actions of the signatories to the agreement.

In the same vein, posts by Schneider on Facebook or via the instrumentalities of J-Tech that Plaintiff claims are disparaging does not mean that Facebook or J-Tech can be held liable as a "surrogate[] or other entit[y]" under the settlement agreement. In the case of breach, by the terms of the agreement, it would be the signatories to the agreement that would be responsible for the breach, and not the surrogates or other entities themselves. Because it is not a signatory to this agreement, Medport cannot be held liable even if Schneider used Medport, Facebook, J-Tech or other non-party entities or surrogates to further the alleged conduct against Biles; only Schneider or other signatories to the agreement can be held liable.

## 2. Medport is not a Third-Party Beneficiary Under the Agreement

There is an exception to the general rule that privity of contract is required to bind parties to an agreement. In cases where parties enter into a contract for the benefit of a third party, the third-party beneficiary is permitted, under certain circumstances, to take action on the contract. *See* 13 Williston on Contracts § 37:1 (4th ed.) (2019); *Commissioner of Internal Revenue v. Weiser*, 113 F.2d 486 (C.C.A. 10th Cir. 1940). However, a party must demonstrate that they are an intended beneficiary of a contract in order to seek to enforce it. As the Wyoming Supreme Court has stated, "[i]t is elemental that unless a contract was entered into for the benefit of a third party, no one but the parties to the contract can be bound by it or obtain rights under it." *Richardson Assoc. v. Lincoln-Devore, Inc.*, 806 P.2d 790, 806 (Wyo. 1991). The *Richardson* court applied the guidance from the Restatement (Second) of Contracts § 302 (1981) in order to determine whether an individual is an intended third-party beneficiary:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id.* at 807.

The Supreme Court of Wyoming has also stated that, "[w]hen third-party beneficiary claims are reviewed, the real question is whether the contracting parties intended the contract to be for the direct benefit of a third party." *Cordero Mining Co. v. US Fidelity and Guar. Ins. Co.*, 67 P.3d 616, 621 (Wyo. 2003) (citing *Wyoming Machinery Company v. United States Fidelity and Guaranty Company*, 614 P.2d 716, 720 (Wyo.1980). Further, "[t]he intention of the parties is to be gleaned

from the contract and the circumstances surrounding its execution." *Id.* (*citing Richardson*, 806 P.2d at 809).

Finally, "[q]uestions relating to the parties' intent [in determining third-party beneficiary claims] are usually factual, precluding summary judgment; however, where the parties' intent is clear such that reasonable minds could not differ, summary judgment may be appropriate. *Cordero*, 67 P.3d at 621 (*citing Examination Management Services, Inc. v. Kirschbaum*, 927 P.2d 686 (Wyo.1996); *Detroit Institute of Arts Founders Society v. Rose*, 127 F.Supp.2d 117 (D.Conn.2001)).

Medport does not meet any of the requirements for an intended or incidental third-party beneficiary under the Restatement (Second), § 302, as cited by the Wyoming Supreme Court. In fact, Defendant John Schneider did not even own Medport, LLC when the settlement agreement was signed in 2012. *Exh. B, Affidavit of John H. Schneider; ¶¶ 2-3.* Medport was formed in 2012, but John Schneider did not hold an ownership interest in the company until 2018. *Exh. B, Affidavit of John H. Schneider; ¶ 6.*

It is therefore inapposite to conclude that either Plaintiff or Defendants intended to bind Medport to the settlement agreement as either a party or a third-party beneficiary at the time the settlement agreement was entered. In addition, the settlement agreement is signed by corporate entities owned by the parties at the time the agreement was executed, two of which were dissolved corporations at that time. It is therefore unreasonable to conclude that a corporate entity like Medport was intended to be included as part of the agreement without specifically being named as a party, as other corporate entities owned by John Schneider and Jimmie Biles were named and included.

**3. Medport should not be held liable as John Schneider's "alter ego" and should not be considered "incorporated by reference" into the settlement agreement.**

Plaintiffs have argued that Schneider did not disclose Medport's existence at the time the settlement agreement was filed and, therefore, Medport is "incorporated by reference" into the settlement agreement as a surrogate. *See Dkt. 81,* Plaintiff's Motion to Compel at p. 2. They have also argued that "traditional principles of state law" allow non-parties to a contract to be held liable under the theories of, among other things, alter ego and incorporation by reference. *Id.* at 3.

However, as counsel for Medport has argued previously, Plaintiff is estopped from asserting that Medport is an alter ego of John Schneider because this issue was raised by Plaintiff and settled on the merits by the trustee in John Schneider's bankruptcy case. *See Dkt. 82, Medport's Response to Plaintiff's Motion to Compel, filed May 8, 2020 at 8 (citing* Order of the Hon. Ralph B. Kirscher, Chief U.S. Bankruptcy Judge, Case No. 14-61357-RBK, 8 Doc. 426, Order). Medport has also asserted previously that Plaintiffs have set forth only a broad allegation, without more, that "traditional principles of state law" permit Plaintiff to hold Medport liable for John Schneider's alleged breach of contract. *Id.* at 6.

Further, as noted above, while Medport was formed before the settlement agreement was signed in May of 2012, John Schneider did not hold an interest in the company until 2018. *Exh. B, Affidavit of John H. Schneider,* ¶6. Plaintiffs have not provided any reason as to why Schneider should have disclosed the existence of a company he did not own and why, then, this company should be "incorporated by reference" under the settlement agreement. Indeed, pursuant to general tenets of contract law, for incorporation by reference to be effective "it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms." *See* 11 Williston on Contracts § 30.25 (4th ed. 1999). John Schneider, as a party and signatory to the settlement agreement, did not have the authority nor the intention of binding a company he did

not yet own to the terms of the settlement agreement. *Exh. B, ¶ 7, Affidavit of John H. Schneider.* As such, Plaintiff's assertion that Medport is "incorporated by reference" into the settlement agreement undermines general principles of contract law and should be rejected by this court.

### 4.   The Settlement Agreement is of Indefinite Duration and is Therefore Void

The Settlement Agreement cannot be enforced against Medport or Defendant Schneider because the Settlement Agreement does not contain any specific term or duration provision. *Exh. A, Settlement Agreement, Redacted, refer to* . The Wyoming Supreme Court has found that contracts of perpetual duration are void and unenforceable. *Police Protective Ass'n of Casper v. City of Casper*, 575 P. 2d 1146, 1149 (Wyo.1978); see also, *Jewell v. North Big Horn Hosp. Dist.*, 953 P. 2d 135, 138 (Wyo.1998); *Mariano & Assoc., PC v. Board of County Com'rs of Sublette County*, 737 P. 2d 323, 327 (Wyo.1987).

The non-disparagement provision of the Settlement Agreement (¶6) states: "[t]he parties agree not to disparage each other personally or professionally or to use surrogates or other entities to do the same. This Settlement Agreement fully ends their dispute and puts this matter behind them." This paragraph and others within the Agreement, such as the confidentiality provision (¶3), are invalid and void because they could be construed to continue in perpetuo.

For example, should Schneider or the other parties to the Agreement utter a negative comment about Dr. Biles in twenty years, it is conceivable that Dr. Biles could seek to enforce this Agreement against them at that time or at any time after that for an indefinite duration. Moreover, paragraph 12 states that the Settlement Agreement, "shall be binding upon and shall insure to the benefit of the respective representatives, wards, agents, owners, directors, officers, employees, servants, affiliates, successors and assigns of the parties hereto." Together, this Agreement could be

used by Biles and his unspecified "successors and assigns" against the Schneider parties, including entities they own or are affiliated with, for an unlimited duration.

If the Settlement Agreement was not regarded by this court as being perpetual by its terms, and not susceptible to a specific period of duration, then the agreement would be terminated at will upon the giving of reasonable notice as an executory contract. *Police Protective Ass'n of Casper*, 575 P. 2d at 1149, citing 17A C.J.S. Contracts § 398, pp. 478-480. Here, the publication of socially relevant materials online and Medport and Schneider's affirmative defenses served to put Biles on notice that they do not believe the Settlement Agreement to be valid. For these reasons, the Settlement Agreement is not enforceable because a contract of perpetual or indefinite duration is contrary to Wyoming law.

**5.   Medport Requests a Stay of this Court's Order pertaining to Liquidated Damages until Discovery is Completed**

Medport further requests that this Court allow additional time to take discovery, and hence to stay enforcement of its Order (Dkt. 92) and judgment (Dkt. 93), pertaining to its award of $250,000 in liquidated damages under the Settlement Agreement to Plaintiff. Medport has served combined discovery requests to Plaintiff on this issue. As such, Medport could not present facts essential to justify its opposition to Plaintiff's Motion for Partial Summary Judgment (Dkt. 74). *See* attached Declaration of Gregory Costanza in support of this request. Medport's declaration serves as additional evidence under Fed.R.Civ.P. 52(b) and 59(a)(2) to supplement its previous response objecting to enforcement of the liquidated damages clause in its response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 84, filed under seal in Dkt. 90). Because this issue has already been raised by Defendants, Plaintiff would not be prejudiced by a stay of

enforcement of this Court's Order and Judgment in this regard until additional discovery has occurred.

## D. CONCLUSION

The Wyoming Supreme Court stated that summary judgment may be appropriate "where the parties' intent is clear such that reasonable minds could not differ." *Cordero*, 67 P.3d at 621. Here, the fact that Medport, LLC is not a signatory to the settlement agreement establishes that there is no privity between it and Plaintiff such that an action on the contract against Medport is not permissible. Further, there is no evidence to suggest that the parties intended Medport to be a third-party beneficiary to the agreement; indeed, the fact that Medport was not named in the agreement while other corporate entities were, together with the fact that John Schneider did not own Medport at the time the agreement was signed, establish beyond doubt that Medport has no privity of contract with the parties in this action and should therefore be dismissed from this action. Further, Plaintiffs are estopped from raising the argument that Medport was an "alter ego" of John Schneider and their argument that Medport was "incorporated by reference" as a surrogate in the agreement is contrary to general principles of contract law. As such, summary judgment under Rule 56(c) is appropriate. For the reasons stated above, Defendant Medport, LLC moves the court to grant its motion for summary judgment under Federal Rule of Civil Procedure 56(c) in this action for breach of contract due to Medport's lack of privity of contract with the other parties in this action.

Moreover, Medport moves this court to modify its findings of fact and conclusions of law under F.R.C.P. Rule 52(b) and Rule 59(a)(2) to amend its findings—or make additional findings—and amend the judgment accordingly. The judgment should be amended to prevent manifest

injustice and to correct clear error, specifically that Medport does not have privity of contract with

Plaintiffs and that the Agreement is void because it is of indefinite duration.

Respectfully submitted this 17th day of July, 2020.

/s/ Gregory G. Costanza, Esq.

WY 7-5257
Granite Peak Law, PLLC
201 W. Madison Ave, Suite 450
Belgrade, MT 59714
O: 406.586.0576
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of July, 2020, a copy of the foregoing document was

served on the following persons via CM/ECF:

Anna Reeses Olson #6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
T: (307) 265-3843
F: (307) 235-0243
aro@parkstreetlaw.com
Attorneys for Counter-Defendant
Jimmy Biles

R. Daniel Fleck
M. Kristeen Hand
S. Kellogg
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff Jimmy Biles

<u>/s/Gregory G. Costanza</u>
Granite Peak Law, PLLC