APPEAL,CHEY,PROTO

# U.S. District Court
## District of Wyoming (Cheyenne)
## CIVIL DOCKET FOR CASE #: <u>2:19−cv−00048−NDF</u>
### *Internal Use Only*

Biles v. Schneider et al

Assigned to: Honorable Nancy D Freudenthal

Referred to: Honorable Mark L Carman

Related Cases:  2:11−cv−00294−NDF

                    2:11−cv−00366−NDF

Cause: 28:1332 Diversity−Breach of Contract

Date Filed: 03/08/2019

Jury Demand: Both

Nature of Suit: 360 P.I.: Other

Jurisdiction: Diversity

**Plaintiff**

**MD Jimmie G Biles, Jr**       represented by     **Anna Marie Reeves Olson**
PARK STREET LAW OFFICE
242 South Park Street
Casper, WY 82601
307/265−3843
Fax: 307/235−0243
Email: aro@parkstreetlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Kristeen Hand**
SPENCE LAW FIRM LLC
PO BOX 548
15 South Jackson Street
Jackson, WY 83001
307/733−7290
Fax: 307/733−5248
Email: hand@spencelawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R Daniel Fleck**
SPENCE LAW FIRM LLC
PO BOX 548
15 South Jackson Street
Jackson, WY 83001
307/733−7290
Fax: 307/733−5248
Email: fleck@spencelawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah A Kellogg**
SPENCE LAW FIRM
15 South Jackson Street
PO Box 548

Jackson, WY 83001
307/733−7290
Fax: 307/733−5248
Email: kellogg@spencelawyers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**John H Schneider, Jr**                represented by   **Gregory G Costanza**
                                                          GRANITE PEAK LAW PLLC
                                                          PO Box 635
                                                          Bozeman, MT 59771
                                                          406/586−0576
                                                          Fax: 406/794−0750
                                                          Email: gregory@granitepeaklaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Michelle R Schneider**
*TERMINATED: 05/30/2019*

**Defendant**

**Medport LLC**                          represented by   **Adam H Owens**
                                                          GRANITE PEAK LAW LLC
                                                          PO Box 635
                                                          Bozeman, MT 59771
                                                          406/530−9119
                                                          Email: adam@granitepeaklaw.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory G Costanza**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**John H Schneider, Jr**

V.

**Counter Defendant**

**MD Jimmie G Biles, Jr**                represented by   **Anna Marie Reeves Olson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Mary Kristeen Hand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R Daniel Fleck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**John H Schneider, Jr**


V.

**Counter Defendant**

**MD Jimmie G Biles, Jr**           represented by   **Anna Marie Reeves Olson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Kristeen Hand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R Daniel Fleck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/08/2019 | 1 | | COMPLAINT, REQUEST for Temporary Restraining Order and Preliminary Injunction, with Jury Demand filed by Jimmie G Biles, Jr (3 summons(es) issued; Filing fee $400, receipt #CHY030511) (Attachments: # 1 Civil Cover Sheet, # 2 Cover Letter) (Court Staff, sbh) (Entered: 03/08/2019) |
| 03/08/2019 | 2 | | NOTICE of Attorney Appearance by R Daniel Fleck on behalf of Jimmie G Biles, Jr (Court Staff, sbh) (Entered: 03/08/2019) |
| 03/08/2019 | 3 | | NOTICE of Attorney Appearance by Mary Kristeen Hand on behalf of Jimmie G Biles, Jr (Court Staff, sbh) (Entered: 03/08/2019) |
| 03/08/2019 | 4 | | NOTICE of complexity by Plaintiff Jimmie G Biles, Jr: this case is non−complex (Court Staff, sbh) (Entered: 03/08/2019) |
| 03/11/2019 | 5 | | ORDER RECUSING MAGISTRATE JUDGEby the Honorable Kelly H. Rankin. Due to a conflict of interest Magistrate Judge Kelly H. Rankin has recused himself from the above−entitled action. All non−dispositive matters will be heard by Magistrate Judge Mark L. Carman.(Court Staff, szf) (Entered: |

| | | 03/11/2019) |
|---|---|---|
| 03/22/2019 | 6 | SUPPLEMENT re 1 Complaint, filed by Plaintiff Jimmie G Biles, Jr. (Fleck, R) (Entered: 03/22/2019) |
| 03/26/2019 | 7 | ORDER granting Request for Temporary Restraining Order by the Honorable Nancy D Freudenthal. The temporary restraining order shall begin on the date and time this order is filed and shall expire on April 8, 2019 **Preliminary Injunction Hearing set for 4/8/2019 01:30 PM in Cheyenne Courtroom No. 1 (Room No. 2132) before Honorable Nancy D Freudenthal.**(Court Staff, sal) (Entered: 03/26/2019) |
| 03/27/2019 | 8 | SUMMONS Returned Executed by Jimmie G Biles, Jr. John H Schneider, Jr served on 3/21/2019, answer due on 4/11/2019 (Fleck, R) (Entered: 03/27/2019) |
| 03/27/2019 | 9 | Summons Returned Unexecuted by Jimmie G Biles, Jr as to Michelle R Schneider. (Fleck, R) (Entered: 03/27/2019) |
| 03/27/2019 | 10 | NOTICE of Hearing: **Preliminary Injunction Hearing reset for 4/4/2019 at 01:30 PM in Cheyenne Courtroom No. 1 (Room No. 2132) before the Honorable Nancy D Freudenthal.** Preliminary Injunction Hearing previously set on 4/8/2019 at 1:30 PM has been VACATED. (Court Staff, sjlg) (Entered: 03/27/2019) |
| 03/28/2019 | 11 | NOTICE of Magistrate Judge Status Conference: Magistrate Judge Status Conference set for 3/29/2019 09:00 AM in Yellowstone Justice Center before Honorable Mark L. Carman. (Court Staff, sea) (Entered: 03/28/2019) |
| 03/29/2019 | 12 | ORDER by the Honorable Mark L Carman granting Plaintiff's Oral Motion for Expedited Subpoena and Notice to Defendant. See Order for details. (Court Staff, sea) (Entered: 03/29/2019) |
| 03/29/2019 | 13 | NOTICE by Plaintiff Jimmie G Biles, Jr re 7 Temporary Restraining Order, *and 10 Notice of Hearing served personally on Dft John H. Schneider, Jr., 3/28/19 at 2:15 pm* (Fleck, R) (Entered: 03/29/2019) |
| 03/29/2019 | 14 | MINUTES for proceedings held before Honorable Mark L. Carman: Magistrate Judge Status Conference held on 3/29/2019. (Court Staff, sea) (Entered: 03/29/2019) |
| 04/02/2019 | 15 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access − MOTION for Preliminary Injunction *and Exhibits for Hearing Set for 4.4.2019* filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit 1 Contract redacted, # 2 Exhibit 2 Hosting Checker, # 3 Exhibit 3 WHOIS, # 4 Exhibit 4 MedPort LLC, # 5 Exhibit 5 JTech Web Design Blog, # 6 Exhibit 6 H−M Terms & Conditions, # 7 Exhibit 7−1 H−M Post, # 8 Exhibit 7−2 H−M Post, # 9 Exhibit 7−3 H−M Post, # 10 Exhibit 7−4 H−M Post, # 11 Exhibit 8 H−M Facebook, # 12 Exhibit 9 H−M LinkedIn and Instagram, # 13 Exhibit 10 Fake JB Facebook, # 14 Exhibit 11 JTech Subpeona emails)(Fleck, R) (Entered: 04/02/2019) |
| 04/03/2019 | 16 | NOTICE by Plaintiff Jimmie G Biles, Jr re 7 Temporary Restraining Order, *and 10 Notice of Hearing served on Dft Michelle Schnieder* (Fleck, R) (Entered: 04/03/2019) |

| 04/04/2019 | 17 | MINUTES for proceedings held before Honorable Nancy D. Freudenthal: Motion Hearing held on 4/4/2019. Written order to enter. (Court Reporter: Monique Gentry) (Court Staff, sbh) (Entered: 04/04/2019) |
|---|---|---|
| 04/05/2019 | 18 | NOTICE by Plaintiff Jimmie G Biles, Jr *of Document Service on Defendants* (Attachments: # 1 Affidavit EXH A Affidavit of L Jordan, # 2 Affidavit EXH B Affidavit of RD Fleck) (Fleck, R) (Entered: 04/05/2019) |
| 04/09/2019 | 19 | ORDER by the Honorable Nancy D Freudenthal granting 15 Motion for Preliminary Injunction.(Court Staff, sal) (Entered: 04/09/2019) |
| 04/11/2019 | 20 | SUMMONS Returned Executed by Jimmie G Biles, Jr. Medport LLC served on 3/28/2019, answer due on 4/18/2019 (Fleck, R) (Entered: 04/11/2019) |
| 04/12/2019 | 21 | ANSWER to 1 Complaint with Jury Demand, COUNTERCLAIM against Counter−Defendant Jimmie G Biles, Jr. by John H Schneider, Jr. (Court Staff, sal) (Entered: 04/12/2019) |
| 04/17/2019 | 22 | NOTICE of Attorney Appearance by Gregory G Costanza on behalf of Medport LLC (Costanza, Gregory) (Main Document 22 replaced on 4/18/2019) (Court Staff, sal). (Entered: 04/17/2019) |
| 04/17/2019 | 23 | MOTION REFERRED TO Judge Mark L Carman. MOTION for Adam H. Owens to appear pro hac vice; Check tendered; filed by Defendant Medport LLC. (Attachments: # 1 Affidavit Attorney Owens, # 2 Proposed Order Granting Admission Pro Hac Vice)(Costanza, Gregory) (Entered: 04/17/2019) |
| 04/18/2019 | 24 | ORDER by the Honorable Mark L. Carman granting 23 Motion to appear pro hac vice admitting Adam H. Owens for Medport LLC. (Court Staff, sea) (Entered: 04/18/2019) |
| 04/18/2019 | 25 | NOTICE of Attorney Appearance by Adam H Owens on behalf of Medport LLC (Owens, Adam) (Entered: 04/18/2019) |
| 04/18/2019 | 26 | MOTION REFERRED TO Judge Mark L Carman. First MOTION for Extension of Time (Non−Dispositive) requesting extension of Answer to Complaint filed by Defendant Medport LLC. (Attachments: # 1 Affidavit, # 2 Exhibit)(Owens, Adam) (Entered: 04/18/2019) |
| 04/18/2019 | 27 | ORDER by the Honorable Mark L. Carman granting 26 Motion for Extension of Time. Defendant Medport LLC is permitted until May 2, 2019 to file their answer. (Court Staff, sea) (Entered: 04/18/2019) |
| 04/22/2019 | | FINANCIAL ENTRY: Payment of $100 received for pro hac vice fee for Adam H Owens. Receipt CHY030776. (Court Staff, sjk) (Entered: 04/23/2019) |
| 04/26/2019 | 28 | NOTICE of Attorney Appearance by Anna Marie Reeves Olson on behalf of Jimmie G Biles, Jr (Olson, Anna) (Entered: 04/26/2019) |
| 05/01/2019 | 29 | MOTION REFERRED TO Judge Mark L Carman. MOTION to Strike 21 Answer to Complaint, Counterclaim Counterclaim filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Olson, Anna) Referral stricken on 5/9/2019 (Court Staff, sal). (Entered: 05/01/2019) |
| 05/01/2019 | 30 | MOTION to Dismiss *Defendant's Counterclaim* filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order)(Olson, Anna) (Entered: 05/01/2019) |
| 05/01/2019 | 31 | MEMORANDUM in Support of 30 Motion to Dismiss filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Olson, Anna) (Entered: 05/01/2019) |
| 05/02/2019 | 32 | First ANSWER to 1 Complaint, with Affirmative Defenses, with Jury Demand *Filed* by Medport LLC. (Owens, Adam) (Entered: 05/02/2019) |
| 05/09/2019 | | Motions No Longer Referred: 29 MOTION to Strike 21 Answer to Complaint, Counterclaim Counterclaim (Court Staff, sal) (Entered: 05/09/2019) |
| 05/16/2019 | 33 | FIRST AMENDED ANSWER to 1 Complaint with Affirmative Defenses Jury Demand, FIRST AMENDED COUNTERCLAIM against Counter−Defendant Jimmie G. Biles, Jr. by John H. Schneider, Jr. (Attachments: # 1 Cover Letter) (Court Staff, szf) (Entered: 05/16/2019) |
| 05/23/2019 | 34 | ORDER TO FILE STATUS REPORT by the Honorable Nancy D Freudenthal. Status Report due by 5/30/2019.(Court Staff, sal) (Entered: 05/23/2019) |
| 05/28/2019 | 35 | (TEXT−ONLY) ORDER by the Honorable Nancy D Freudenthal DENYING 30 Motion to Dismiss as MOOT. Plaintiff Jimmie Biles, Jr.'s Motion to Dismiss (Doc. 30) Defendant John Schneider's Counterclaim (Doc. 21) is DENIED AS MOOT. Defendant Schneider filed an Amended Answer and Counterclaim on May 16, 2019 (Doc. 33). (Court Staff, sbo) (Entered: 05/28/2019) |
| 05/28/2019 | 36 | (TEXT−ONLY) ORDER by the Honorable Nancy D Freudenthal denying 29 Motion to Strike as MOOT. Plaintiff Jimmie Biles, Jr.'s Motion to Strike (Doc. 29) Defendant John Schneider's Counterclaim (Doc. 21) is DENIED as MOOT. Defendant Schneider filed an Amended Answer and Counterclaim on May 16, 2019 (Doc. 33). (Court Staff, sbo) (Entered: 05/28/2019) |
| 05/29/2019 | 37 | MOTION to Dismiss 33 *First Amended Counterclaims* filed by Counter Defendant Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Olson, Anna) Modified on 6/3/2019 (Court Staff, sal). (Entered: 05/29/2019) |
| 05/29/2019 | 38 | MEMORANDUM in Support of 37 Motion to Dismiss filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Olson, Anna) (Entered: 05/29/2019) |
| 05/30/2019 | 39 | STATUS REPORT re 34 Status Report Order by Jimmie G Biles, Jr. (Fleck, R) (Entered: 05/30/2019) |
| 05/30/2019 | 40 | NOTICE of Voluntary Dismissal by Plaintiff Jimmie G Biles, Jr (Attachments: # 1 Proposed Order Dismissal Dft MSchneider) (Fleck, R) (Entered: 05/30/2019) |
| 06/13/2019 | 41 | RESPONSE to 37 MOTION to Dismiss *First Amended Counterclaims* filed by Counter Claimant John H Schneider, Jr (Attachments: # 1 Cover Letter, # 2 Mailing Label) (Court Staff, sbh) (Entered: 06/13/2019) |
| 06/19/2019 | 42 | REPLY to 41 Response to Motion filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Olson, Anna) (Entered: 06/19/2019) |
| 06/19/2019 | 43 | ~~MOTION REFERRED TO Judge Mark L Carman.~~ MOTION to Strike 33 Answer to Complaint, Counterclaim Counterclaim filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order)(Olson, Anna) Modified on 7/10/2019 (Court Staff, sal). (Entered: 06/19/2019) |
| 07/05/2019 | 44 | MOTION to stay case filed by Defendant Medport LLC. (Costanza, Gregory) (Additional attachment(s) added on 7/25/2019: # 1 Proposed Order) (Court Staff, sal). (Entered: 07/05/2019) |
| 07/05/2019 | 45 | ERRATA re 44 MOTION to stay case by Defendant Medport LLC. (Costanza, Gregory) (Entered: 07/05/2019) |
| 07/05/2019 | 46 | MEMORANDUM in Support of 44 Motion to Stay Case filed by Defendant Medport LLC. (Costanza, Gregory) (Entered: 07/05/2019) |
| 07/05/2019 | 47 | First EXHIBIT in reference to 44 Motion to Stay Case *Request for Judicial Notice* filed by Defendant Medport LLC. (Attachments: # 1 Exhibit Exh. A, # 2 Exhibit Exh. B, # 3 Exhibit Exh. C, # 4 Exhibit Exh. D) (Costanza, Gregory) (Entered: 07/05/2019) |
| 07/05/2019 | 48 | EXHIBIT in reference to 46 Memorandum in Support of Motion *Declaration of Adam H. Owens* filed by Defendant Medport LLC. (Attachments: # 1 Exhibit Exh. A, # 2 Exhibit Exh. B, # 3 Exhibit Exh. C, # 4 Exhibit Exh. D) (Costanza, Gregory) (Entered: 07/05/2019) |
| 07/08/2019 | 49 | RESPONSE to 29 MOTION to Strike Counterclaim filed by John H Schneider, Jr. (Court Staff, sal) (Entered: 07/08/2019) |
| 07/10/2019 | | Motions No Longer Referred: 43 MOTION to Strike 33 Answer to Complaint, Counterclaim Counterclaim (Court Staff, sal) (Entered: 07/10/2019) |
| 07/16/2019 | 50 | ORDER by the Honorable Nancy D Freudenthal granting 37 Motion to Dismiss Counterclaim and denying 43 Motion to Strike. Schneider can file an amended counterclaim on or before 7/30/19. Copy of Order mailed to defendant on this date via U.S. mail.(Court Staff, sal) (Entered: 07/16/2019) |
| 07/18/2019 | 51 | DISREGARD − FILED IN ERROR ~~MEMORANDUM in Opposition to 44 MOTION to stay case filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Olson, Anna)~~ Modified on 7/18/2019 (Court Staff, skb). (Entered: 07/18/2019) |
| 07/18/2019 | 52 | MEMORANDUM in Opposition to 44 MOTION to stay case filed by Plaintiff Jimmie G Biles, Jr, Counter Defendant Jimmie G Biles, Jr. (Olson, Anna) (Entered: 07/18/2019) |
| 07/25/2019 | 53 | REPLY BRIEF re 44 Motion to Stay Case, 52 Memorandum in Opposition to Motion filed by Defendant Medport LLC. (Attachments: # 1 Exhibit Brief in support of Motion to Stay) (Costanza, Gregory) (Entered: 07/25/2019) |
| 07/25/2019 | 54 | ERRATA re 46 Memorandum in Support of Motion by Defendant Medport LLC. (Costanza, Gregory) (Entered: 07/25/2019) |
| 07/25/2019 | 55 | DISREGARD − FILED INCORRECTLY (Attached to 44 Motion as Proposed Order as it should have been when the Motion was filed). ~~EXHIBIT in reference to 44 Motion to Stay Case *Proposed Order* filed by Defendant Medport LLC. (Costanza, Gregory)~~ Modified on 7/25/2019 (Court Staff, sal). (Entered: 07/25/2019) |
| 07/29/2019 | 56 | |

| | | |
|---|---|---|
| | | SECOND AMENDED ANSWER to 1 Complaint, with Affirmative Defenses and with Jury Demand and SECOND AMENDED COUNTERCLAIM against Counter−Defendant Jimmie G Biles, Jr by John H Schneider, Jr. (Court Staff, sal) (Entered: 07/29/2019) |
| 08/02/2019 | 57 | MOTION to Dismiss 56 *2nd Amended Counterclaim* filed by Plaintiff Jimmie G Biles, Jr, Counter Defendants Jimmie G Biles, Jr, Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Olson, Anna) Modified on 8/5/2019 (Court Staff, sth). (Entered: 08/02/2019) |
| 08/02/2019 | 58 | MEMORANDUM in Support of 57 Motion to Dismiss filed by Plaintiff Jimmie G Biles, Jr, Counter Defendants Jimmie G Biles, Jr, Jimmie G Biles, Jr. (Olson, Anna) (Entered: 08/02/2019) |
| 08/07/2019 | 59 | ORDER by the Honorable Nancy D Freudenthal denying 44 Motion to Stay Case. Copy of Order mailed to defendant John Schneider Jr on this date via U.S. mail. (Court Staff, sal) (Entered: 08/07/2019) |
| 08/19/2019 | 60 | RESPONSE to 57 MOTION to Dismiss *2nd Amended Counterclaim* filed by Counter Claimant John H Schneider, Jr (Attachments: # 1 Cover Letter) (Court Staff, sbh) (Entered: 08/19/2019) |
| 09/05/2019 | 61 | ORDER by the Honorable Nancy D Freudenthal granting 57 Motion to Dismiss Defendant Schneider's Second Amended Counterclaim.(Court Staff, sal) (Entered: 09/05/2019) |
| 09/13/2019 | 62 | NOTICE of Scheduling Conference **Scheduling Conference set for 10/17/2019 01:30 PM in Yellowstone Justice Center before Honorable Mark L Carman.** (Court Staff, skw) (Entered: 09/13/2019) |
| 09/13/2019 | 63 | Notice Vacating Hearing: Vacating Scheduling Conference set for October 17, 2019, 1:30 PM. (Court Staff, skw) (Entered: 09/13/2019) |
| 10/03/2019 | 64 | NOTICE of Initial Pretrial Conference: **Initial Pretrial Conference set for 11/14/2019 10:30 AM in Judge Freudenthal Chambers (Room No. 2242) before Honorable Nancy D Freudenthal.** Copy of Order mailed to defendant John H. Schneider, Jr. on this date via U.S. mail. (Court Staff, sal) (Entered: 10/03/2019) |
| 11/07/2019 | 65 | JOINT CASE MANAGEMENT PLAN by Jimmie G Biles, Jr. (Fleck, R) (Entered: 11/07/2019) |
| 11/15/2019 | 66 | INITIAL PRETRIAL ORDERby the Honorable Nancy D Freudenthal. Motions filing deadline 8/14/2020. Motion response deadline 8/28/2020. **Dispositive Motions Hearing set for 9/8/2020 10:00 AM in Cheyenne Courtroom No. 1 (Room No. 2132) before Honorable Nancy D Freudenthal.** Plaintiff's Expert Designation deadline 4/15/2020. Defendants' Expert Designation deadline 05/15/2020. Discovery due by 8/14/2020. Stipulation Deadline 12/16/2019. **Final Pretrial Conference set for 11/5/2020 01:30 PM in Judge Freudenthal Chambers (Room No. 2242) before Honorable Nancy D Freudenthal. Jury Trial (5 days/stacked #1) set for 11/16/2020 08:30 AM in Cheyenne Courtroom No. 1 (Room No. 2132) before Honorable Nancy D Freudenthal. Status Conference set for 7/9/2020 09:00 AM in Cheyenne Courtroom No. 1 (Room No. 2132) before Honorable Nancy D Freudenthal.**(Court Staff, sal) Modified text to add designation deadlines on |

| | | |
|---|---|---|
| | | 11/18/2019 (Court Staff, sjlg). (Entered: 11/15/2019) |
| 11/15/2019 | | Set/Reset Deadlines/Hearings: Expert Witness Designation−Plaintiff deadline 4/15/2020. Expert Witness Designation−Defendant deadline 5/15/2020. (Court Staff, sjlg) (Entered: 11/18/2019) |
| 03/20/2020 | 67 | MOTION REFERRED TO Judge Mark L Carman. MOTION for Protective Order *Seeking Leave to File Documents Under Seal* filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Kellogg, Sarah) (Entered: 03/20/2020) |
| 03/20/2020 | 68 | NOTICE of Attorney Appearance by Sarah A Kellogg on behalf of Jimmie G Biles, Jr (Kellogg, Sarah) (Entered: 03/20/2020) |
| 03/20/2020 | 69 | NOTICE of Hearing:<br>**Status (Discovery) Conference set for 3/23/2020 10:30 AM in Yellowstone Justice Center before Honorable Mark L Carman.** All parties shall appear by telephone through the Court's conference call system by dialing **1−888−557−8511** / Access Code **4753232**# / join as guest / and Security Code **2569**#. Parties should dial in 5 minutes prior to the start of the hearing. (Court Staff, sjsc) (Entered: 03/20/2020) |
| 03/23/2020 | 70 | MINUTES for proceedings held before Honorable Mark L. Carman: Informal Discovery Conference held on 3/23/2020. (Court Staff, skw) (Entered: 03/23/2020) |
| 03/23/2020 | 71 | ORDER by the Honorable Mark L. Carman granting 67 Plaintiff's Motion for Leave to File Under Seal. (Court Staff, skw) (Entered: 03/23/2020) |
| 03/23/2020 | 72 | MOTION for Extension of Time (Dispositive) requesting extension of Plaintiff's Expert Designation Deadline filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Kellogg, Sarah) (Entered: 03/23/2020) |
| 03/24/2020 | 73 | ORDER by the Honorable Nancy D Freudenthal granting 72 Motion for Extension of Expert Designation Deadline. Expert Witness Designation−Plaintiff deadline 5/29/2020. Expert Witness Designation−Defendant deadline 6/29/2020.(Court Staff, sal) (Entered: 03/24/2020) |
| 03/26/2020 | 74 | MOTION for Partial Summary Judgment, filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Kellogg, Sarah) (Entered: 03/26/2020) |
| 03/30/2020 | 75 | *Supplemental* ANSWER to 56 Answer to Complaint, Counterclaim, 33 Answer to Complaint, Counterclaim, *Supplemental* ANSWER to 56 Answer to Complaint, Counterclaim, 33 Answer to Complaint, Counterclaim by John H Schneider, Jr. (Costanza, Gregory) (Entered: 03/30/2020) |
| 04/15/2020 | 76 | First MOTION for Extension of Time (Dispositive) requesting extension of time to respond to Plaintiff's Motion for Partial Summary Judgment filed by Defendant Medport LLC. (Costanza, Gregory) (Additional attachment(s) added on 4/15/2020: # 1 Proposed Order) (Court Staff, sal). (Entered: 04/15/2020) |
| 04/15/2020 | 77 | |

| | | |
|---|---|---|
| | | Filed incorrectly. This is a proposed order for 76 − added to 76 . ~~MOTION REFERRED TO Judge Mark L Carman. MOTION to Amend/Correct 76 First MOTION for Extension of Time (Dispositive) requesting extension of time to respond to Plaintiff's Motion for Partial Summary Judgment~~ *Proposed Order* ~~filed by Defendant Medport LLC. (Costanza, Gregory)~~ Modified on 4/15/2020 (Court Staff, sal). (Entered: 04/15/2020) |
| 04/16/2020 | 78 | RESPONSE in Opposition re 76 First MOTION for Extension of Time (Dispositive) requesting extension of time to respond to Plaintiff's Motion for Partial Summary Judgment filed by Plaintiff Jimmie G Biles, Jr. (Kellogg, Sarah) (Entered: 04/16/2020) |
| 04/16/2020 | 79 | REPLY to 78 Response in Opposition to Motion filed by Defendant Medport LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Costanza, Gregory) (Entered: 04/16/2020) |
| 04/16/2020 | 80 | ORDER by the Honorable Nancy D Freudenthal granting 76 Motion for Extension of Time. Motion response deadline 5/18/2020. Copy of Order mailed to defendant Schneider on this date.(Court Staff, sal) (Entered: 04/16/2020) |
| 04/23/2020 | 81 | MOTION REFERRED TO Judge Mark L Carman. MOTION to Compel *MedPort to Respond to Discovery* filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Kellogg, Sarah) (Entered: 04/23/2020) |
| 05/08/2020 | 82 | RESPONSE in Opposition re 81 MOTION to Compel *MedPort to Respond to Discovery* filed by Defendant Medport LLC. (Attachments: # 1 Exhibit Exh. A, # 2 Exhibit Exh. B, # 3 Exhibit Exh. C) (Costanza, Gregory) (Entered: 05/08/2020) |
| 05/18/2020 | 83 | REPLY BRIEF re 81 Motion to Compel, filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit A) (Kellogg, Sarah) (Entered: 05/18/2020) |
| 05/18/2020 | 84 | *SEALED* SEALED DOCUMENT − RESPONSE in Opposition re 74 MOTION for Partial Summary Judgment, filed by Defendants Medport LLC, John H Schneider, Jr. (Attachments: # 1 Exhibit Exh. A, # 2 Exhibit Exh. B, # 3 Exhibit Exh. C, # 4 Exhibit Exh. D, # 5 Exhibit Exh. E) (Costanza, Gregory) Sealed per 90 on 6/3/2020 (Court Staff, sal). (Entered: 05/18/2020) |
| 05/22/2020 | 85 | MOTION REFERRED TO Judge Mark L Carman. MOTION for Extension of Time (Non−Dispositive) requesting extension of Plaintiff's Expert Designation Deadline filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Kellogg, Sarah) (Entered: 05/22/2020) |
| 05/26/2020 | 86 | REPLY BRIEF re 74 Motion for Partial Summary Judgment, filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Kellogg, Sarah) (Entered: 05/26/2020) |
| 05/26/2020 | 87 | ORDER by the Honorable Mark L. Carman granting 85 Motion for Extension of Time. Expert Witness Designation−Plaintiff deadline 7/13/2020. Expert Witness Designation−Defendant deadline 8/13/2020. Discovery cutoff extended through 10/13/2020, *but only for expert discovery.*(Court Staff, skw) (Entered: 05/26/2020) |
| 05/28/2020 | 88 | |

| | | | |
|---|---|---|---|
| | | | ORDER by the Honorable Mark L. Carman granting 81 Motion to Compel. Details in Order. (Court Staff, skw) (Entered: 05/28/2020) |
| 06/02/2020 | 89 | | MOTION REFERRED TO Judge Mark L Carman. MOTION for Protective Order *Sealing ECF # 84* filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order)(Kellogg, Sarah) (Entered: 06/02/2020) |
| 06/02/2020 | 90 | | ORDER by the Honorable Mark L. Carman granting 89 Motion for Protective Order. (Court Staff, skw) (Entered: 06/03/2020) |
| 06/15/2020 | 91 | | FILED IN ERROR ~~REPLY to 81 Motion to Compel, filed by Defendant Medport LLC. (Attachments: # 1 Exhibit A to Medports Supplemental Reply) (Costanza, Gregory)~~ Modified on 6/16/2020 (Court Staff, sal). (Entered: 06/15/2020) |
| 06/18/2020 | 92 | 12 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access − ORDER by the Honorable Nancy D Freudenthal granting 74 Motion for Partial Summary Judgment and granting Request for Permanent Injunction. Copy of Order mailed to defendant Schneider on this date via U.S. mail. (Court Staff, sal) (Entered: 06/18/2020) |
| 06/19/2020 | 93 | 31 | JUDGMENT (in part) in favor of Plaintiff against Defendant. Copy of Judgment mailed to Defendant Schneider on this date via U.S. mail.(Court Staff, sal) (Entered: 06/19/2020) |
| 07/09/2020 | 94 | | NOTICE of Status Conference: **Status Conference RESET for 7/20/2020 03:00 PM in Judge Freudenthal Chambers (Room No. 2242) before Honorable Nancy D Freudenthal.** (Court Staff, sal) (Entered: 07/09/2020) |
| 07/10/2020 | 95 | | MOTION REFERRED TO Judge Mark L Carman. MOTION for Extension of Time (Non−Dispositive) requesting extension of Plaintiff's Expert Designation Deadline filed by Plaintiff Jimmie G Biles, Jr. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(Kellogg, Sarah) (Entered: 07/10/2020) |
| 07/13/2020 | 96 | | (TEXT−ONLY) ORDER by the Honorable Mark L. Carman expediting response deadline pursuant to Defendants' opposition to 95 Motion for Extension of Plaintiff's Expert Designation Deadline. **Deadline to respond is 7/16/2020.** (Court Staff, skw) (Entered: 07/13/2020) |
| 07/17/2020 | 97 | | ORDER by the Honorable Mark L. Carman granting 95 Motion for Extension of Plaintiff's Expert Designation Deadline. Expert Witness Designation−Plaintiff deadline 8/27/2020. Expert Witness Designation−Defendant deadline 9/25/2020. Other details in Order. Copy of Order mailed to Defendant Schneider on this date by U.S. mail (Court Staff, skw). (Entered: 07/17/2020) |
| 07/17/2020 | 98 | | MOTION to Amend 93 Judgment filed by Defendants Medport LLC, John H Schneider, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Affidavit Declaration of GGC)(Costanza, Gregory) Modified on 7/20/2020 (Court Staff, sal). (Entered: 07/17/2020) |
| 07/17/2020 | 99 | 32 | NOTICE OF APPEAL as to 93 Judgment, 92 Order on Motion for Partial Summary Judgment, filed by Defendants Medport LLC, John H Schneider, Jr. (Costanza, Gregory) (Entered: 07/17/2020) |



**FILED**

2:27 pm, 6/18/20

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

JIMMIE G. BILES, JR., M.D.,

      Plaintiff,

vs.                                   Case No. 19-CV-48-F

JOHN HENRY SCHNEIDER, JR.; and
MEDPORT, LLC,

      Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING REQUEST FOR PERMANENT INJUNCTION

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Breach of Contract Claim, filed March 26, 2020 (CM/ECF Document [Doc.] 74), Defendants' Response, filed May 18, 2020 (Doc. 84), and Plaintiff's Reply, filed May 26, 2020 (Doc. 86). Having reviewed the pleadings, applicable law, and being otherwise fully advised in the premises, the Court FINDS and ORDERS as follows.

### BACKGROUND

#### A. **Factual and Procedural Background**

Roughly eight years ago, this Court entertained a set of cases titled *Biles v. Schneider*, No. 2:11-cv-00366-NDF ("*Biles v. Schneider I*"); and *Biles v. Fallon*, No. 2:11-cv-00294-NDF. Both cases featured allegations that Defendant John Schneider and his wife, Michelle Schneider, had conspired with Lisa Fallon to defame Dr. Jimmie Biles.

Indeed, Biles claimed those defendants paid Fallon to mail defamatory fliers to 14,239 homes in various Wyoming communities. (*Biles v. Schneider I*, Doc. 1); (*Biles v. Fallon*, Doc. 1). On May 9, 2012, the parties settled these matters, and the Court dismissed both cases with prejudice.

The 2012 Settlement Agreement resolving the prior litigation forms the basis for this suit. According to Biles, Schneider or his surrogates have posted (and continue to post) defamatory remarks on the internet in violation of the settlement agreement. (Doc. 1). Based on these events, on March 8, 2019, Biles filed suit in this Court for breach of contract, intentional infliction of emotional distress, and joint enterprise. (*Id.*).

On April 12, 2019, Schneider answered Biles' Complaint and filed several counterclaims. (Doc. 21). Schneider apparently pled claims under four legal theories: "electronic document intrusion," "auditory surveillance of private property, "breach of contract," and "intentional infliction of emotional distress." Biles filed a motion to dismiss, and Schneider then amended his answer and counterclaim. (Doc. 33). In his amended pleading, Schneider narrowed his counterclaim to a single claim for breach of contract. (*Id.* at 11-12).

On motion by Biles, on July 16, 2019, the Court dismissed Schneider's breach of contract counterclaim, with leave to amend. (Doc. 50). Thereafter, on July 29, 2019, Schneider filed a second answer and amended counterclaim (Doc. 57), asserting a single claim for relief under the Wyoming Uniform Declaratory Judgments Act, requesting the Court to construe the validity of the Settlement Agreement. The Court also dismissed this counterclaim on September 5, 2019. (Doc. 61). Thus, the only claims remaining in this case

2

are Biles' claims for breach of contract, intentional infliction of emotional distress, joint enterprise, and Plaintiff's request for injunctive relief.

**B.** **Motion for Partial Summary Judgment (Doc. 74)**

Plaintiff Biles' instant Motion seeks partial summary judgment on his claim that Schneider breached the confidentiality clause of the settlement agreement.[1] Specifically, Biles asks the Court to: (1) find that Schneider violated the confidentiality clause by posting notes from his attorneys' files and by posting a document quoting from those same notes; (2) award Biles $250,000.00 in liquidated damages against Schneider for his violation of the confidentiality clause; (3) issue a permanent injunction prohibiting Schneider from further disseminating or publicizing confidential information about Biles.

LEGAL STANDARD

**A.** **Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is only appropriate if the pleadings and admissible evidence produced during discovery, together with any affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Western Diversified Services, Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is

---

[1] Plaintiff's Motion does not seek summary judgment on Plaintiff's claim that Schneider violated the anti-disparagement clause of the Settlement Agreement, which provided "The parties agree not to disparage each other personally or professionally. . ." (Pl. Ex. A, ¶ 6).

3

"material" if under the substantive law it is essential to the proper disposition of the claim. *Id.* The non-moving party is entitled to all reasonable inferences from the factual record, which is viewed in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, to defeat summary judgment, a plaintiff must support the claim with more than conjecture and speculation. *Self v. Crum*, 439 F.3d 1227, 1236 (10th Cir. 2006). The burden of persuasion rests squarely on the moving party. *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 980 (10th Cir. 2002).

At the summary judgment stage, the Court's function is "not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). Thus, while there is no requirement that the trial judge make findings of fact, summary judgment may be granted if the evidence is "merely colorable" or is not "significantly probative." *Anderson*, 477 U.S. at 250.

### B. <u>Governing Law</u>

Under Wyoming law, "[a] settlement agreement is a contract and, therefore, subject to the same legal principles that apply to any contract," *Mueller v. Zimmer*, 124 P.3d 340, 350 (Wyo. 2005), including the elements of offer, acceptance, and consideration. *Western Mun. Const. of Wyoming, Inc. v. Better Living, LLC*, 234 P.3d 1223, 1228. Like other contracts, a settlement agreement is "subject to construction as a matter of law." *Id.*

4

In Wyoming, liquidated damages clauses are "valid and enforceable, unless the damages are punitive in nature or the provisions are contrary to public policy." *Wolin v. Walker*, 830 P.2d, 429, 433 (Wyo. 1992). "The general principle to be applied is that, in the absence of overreaching or unconscionability, the parties should be left within the framework of the terms of the agreement they negotiated." *McMurray Oil Co. v. Deucalion Research, Inc.*, 842 P.2d 584, 587 (Wyo. 1992). "If there is an express contract in connection with the damages, that contract, of course, must govern." *Studer v. Rasmussen*, 344 P.3d 990, 998 (Wyo. 1959).

## DISCUSSION

The essential issue before the Court is whether Schneider violated the Confidentiality Clause of the Settlement Agreement, which, according to Biles, Schneider violated by posting notes from his attorneys' files and by posting a document quoting from those same notes. The Confidentiality Clause of the Settlement Agreement provides in pertinent part as follows:

> The parties agree to keep the details and amount of the settlement confidential, including keeping all matters not currently in the public record (defined as the Court files and documents or newspapers) confidential, and they will not reveal confidential matters to any persons or entities unless required to do so according to law. It is specifically stated that this provision will not prevent any party from testifying in any proceeding if required to do so according to law. Nothing in this Settlement Agreement prevents any party from testifying truthfully as required or instructs him to testify in a particular manner. Moreover, the parties may disclose the terms of this Settlement Agreement to their own professionals (i.e., lawyers, accountants, tax specialists) employed as necessary for professional advice. . . The confidentiality provision is material, and upon proof of an improper revelation of any confidential matter, the parties agree the offending party will pay the other party a liquidated damage payment of $250,000.00.

(Pl. Ex. A, ¶ 3).

Biles contends that on several separate occasions, Schneider publicized confidential materials in violation of the Confidentiality Clause, primarily by posting sensitive material to Schneider's website (healthcare-malpractice.com) and by unnecessarily filing sensitive material in criminal and bankruptcy proceedings. (Pl. Exs. F, 1). While the parties appear to agree that Schneider posted sensitive material about Biles to his website and to the public record, they do not agree on the scope of material that was posted, and whether it previously existed in the public record.

## A. **Whether Schneider Publicly Posted or Filed Matters Outside of the Public Record**

The Court turns first to whether a genuine issue of fact exists as to whether Schneider posted or published previously non-public matters. Here, Plaintiff's claim turns on two allegations, both of which involve witness interviews taken during the underlying litigation by Bonner Stinson, LLC, the law firm that defended Schneider in the preceding civil defamation case. ("Bonner Stinson Interviews" or "Interviews"). The Bonner Stinson Interviews encompass notes from interviews with twenty-six different individuals. (Ex. C). Each interview was disparaging toward Dr. Biles, featuring comments about Biles' drinking and poor office management. (*Id.*).

The undisputed facts indicate that Schneider publicly filed portions of the Bonner Stinson Interviews in a civil bankruptcy case and in the criminal prosecution against Schneider. (Ex. D). Following the parties' settlement, Schneider was criminally prosecuted

in the case *United States v. Schneider*, 17-CR-00077-SPW (D. Mont. 2018).[2] In the course

of that prosecution Schneider agrees he offered portions of the Bonner Stinson Interviews

to "reflec[t] the quality of healthcare and administrative action in the Big Horn County,

Wyoming." (Doc. 4 at 4 (citing *United States v. Schneider*, 1:17-CR-00077-SPW (D. Mont.

2018). There are no facts demonstrating that Schneider was required to share any portion

of the Interviews under penalty of law, nor do they appear directly relevant to either the

criminal or bankruptcy proceeding.[34] However, Defendants dispute a finding of summary

judgment on this claim because, according to Defendants, the material filed in the

proceedings was already in the public record as a result of the underlying 2011 and 2012

litigation and as a result of Biles' own public course of conduct.

Next, the parties do not dispute that Schneider later published material from the

Bonner Stinson Interviews to his website, "healthcare-malpractice.com," as well as an

additional document quoting the Interviews. ("Biles Escapes Justice") (Ex. G). While the

parties agree that some portion of the Bonner Stinson Interviews appeared on Schneider's

---

[2] Plaintiff's references to this criminal proceeding are inconsistent as to whether that case was filed in the District of Wyoming or the District of Montana. The Court's review of Plaintiff's exhibits relating to this proceeding indicates the criminal proceeding took place in the District of Montana.

[3] Schneider apparently filed a portion of the Bonner Stinson Interviews in the criminal proceeding (*United States v. Schneider*, 17-CR-00077-SPW (D. Mont. 2018)) as an exhibit to his reply brief in support of his motion to stay his sentence. (Def. Ex. E). Defendant's Exhibit E does not demonstrate the actual scope of information from the Bonner Stinson Interviews offered in the criminal proceeding, nor the relevance of the Interviews to that proceeding.

[4] Biles further asserts that Schneider filed portions of the Bonner Stinson Interviews in the course of a bankruptcy proceeding before the Bankruptcy Court for the District of Montana. For the reasons discussed below, the Court does not find it necessary to consider the scope or purpose of the exhibits in either proceeding.

website, the parties disagree about whether the Bonner Stinson Interviews were published to the website in their entirety, and whether the Bonner Stinson Interviews contained matters not previously existing in the public record. For the reasons discussed below, the Court finds that Defendants have failed to support their position that a genuine issue of fact exists on Plaintiff's claim that Schneider published information from the Bonner Stinson Interviews not previously in the public record.

Defendants' argument against summary judgment arises largely from two affirmative defenses Schneider raised in the underlying 2011 and 2012 litigation, which caused allegations about Biles' drinking and professional misconduct to enter the public record prior to the execution of the Settlement Agreement. First, Defendants point to the following affirmative defense, that the claim was barred because the allegedly defamatory material was true, which appeared in a public document in the underlying litigation:

> Plaintiff's action is barred by truth because the allegations regarding Plaintiff contained in the flier are largely true in that Plaintiff has been sued several times, Plaintiff was drinking alcohol and driving, Plaintiff pled guilty to driving under the influence (the exact BAC unknown because Plaintiff refused to undergo the BAC examination and, therefore, voluntarily lost his driver's license instead), upon information and belief Plaintiff has engaged in unlawful possession of controlled substances, and Plaintiff has had poor surgical outcomes.

(Def. Ex. B, ¶¶ 39, p. 6–7).

Schneider's second affirmative defense in the underlying suit was that Biles himself had already made the public aware of the matters forming the basis of the alleged defamatory statements by Schneider. Schneider stated:

> Plaintiff is himself responsible for negative public perceptions regarding him and his personality because Plaintiff is known to and/ or has: often consumed

8

alcohol while driving; consumed alcohol while driving with employees while engaged in the course and scope of business; allows or has allowed his wife - a non-medically trained individual - to provide point of contact care for his patients (and may bill Medicare, Medicaid and/ or insurance companies for these services); engaged in medical decision-making while under the influence of alcohol; bad-mouths other physicians and medical personnel; engages in subversive conduct toward other physicians; creates conflict with his employees and the employees of other physicians; waived a gun around his office and pointed that gun at an employee and commanded that the employee "dance"; fails to pay people who provide goods and services at the ranch owned by Plaintiff (or a company he controls); has failed to uphold or fulfill contractual obligations and commitments to parties connected to ranch activities and/ or business ventures and other acts which create and foster the bad reputation he created for himself.

(Def. Ex. B, ¶43, p. 7–8). Defendants state this information is the same information that Schneider ultimately published on his website, citing—among other examples—the incident in which Biles apparently commanded an employee to dance at gunpoint, which Defendants agree was published on the website. (*Id.* at 8, ¶ 43(b)).

Defendants also cite Biles' brief submitted in opposition to Defendants' Motion to Release Deposition of Lisa Shaurette Fallon in the underlying case as further proof that the information posted on healthcare-malpractice.com was publicly available before the settlement agreement was entered. (Def. Ex. A). For example, Document 18-1 to that Motion ("Answers to Interrogatories") (Def. Ex. C) contained numerous statements about Biles' drinking and his abusive behavior. Defendants state this document contained information from the interviews of Jones and Nilsen, which are encompassed in the Bonner Stinson Interviews.

Defendants argue that all information Schneider later published to healthcare-malpractice.com had already been set forth in the public record by the above-cited

9

affirmative defenses and litigation documents. This is because Defendants argue that Schneider posted only "select excerpts" to the website (Doc. 84 at 3). However, Defendants supply absolutely no evidence to demonstrate what minimal excerpts Schneider published of the Bonner Stinson Interviews. While failing to offer any context for what Defendants allege Schneider actually posted, Defendants pull seemingly random examples from the underlying litigation in which Schneider injected defamatory statements about Biles or otherwise cited information contained in the Bonner Stinson Interviews.[5]

Even Schneider's affirmative defenses contain less specific or more limited information than the Bonner Stinson Interviews. (*Compare* Defendant's Exhibit B, ¶ 43(b), p. 7 (Biles "engaged in medical decision-making while under the influence of alcohol") and Plaintiff's Exhibit C, p. 187 (Interview with Vicki Mollett) (suggesting that Biles conducted a specific surgery under the influence of alcohol, stating "Vicki's son, Luke, had both knees scoped by Dr. B . . . Vicki recalls that she asked Luke, 'is he drunk?' after Dr. B left the post-op room . . . Vicki thought that his swagger, half-lidded eyes, and posture of leaning back against the wall was unusual.")).

Defendants' scattered examples of instances in which general allegations about Biles may have already entered the public record are irrelevant, or at best insufficient, to

---

[5] Aside from Schneider's own allegations about Biles in the described affirmative defenses to the underlying litigation (*see* Def. Ex. B), Defendants' exhibits offered in support of their opposition to summary judgment contain less specific information about Biles than included in the Interviews. Defendants' exhibits are also of limited value to the extent they attempt to show that the opinions expressed in the Interviews were widely known in Cody, as they largely refer to the opinions of the Bonner Stinson Interviewees themselves. (*See, e.g.*, Def. Ex. C, quoting Harley Morrell). Further, the Interviews contain the opinions of twenty-six (26) individuals, while Defendants' citations to documents from the prior litigation only refer to a handful of those interviewees.

demonstrate that the information Schneider posted was already fully within the public record. In contrast, in his Reply Brief in support of the instant motion, Biles provides an exhibit and affidavit confirming that Schneider published the Bonner Stinson Interviews to his website *in toto*.[6]

While it is not the Court's function on summary judgment to weigh the evidence presented by the parties, here, there is not sufficient evidence in support of Defendants' position such that "a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 670 (10th Cir. 1998). Therefore, on the evidence presented by the parties, it is beyond genuine dispute that Schneider published information not previously disclosed in the public record by posting the Bonner Stinson Interviews to healthcare-malpractice.com.

### B. Whether Dissemination of the Bonner Stinson Interviews Violated the Confidentiality Clause

Next, Defendants appear to contend in the alternative that even if Schneider was found to have publicized portions of the Bonner Stinson Interviews not previously in the public record, the Bonner Stinson Interviews are not "confidential" within the meaning of the Settlement Agreement. For the following reasons, the Court disagrees.

---

[6] Plaintiff's Exhibit 1 is a 62-page document that counsel for Biles downloaded from "healthcare-malpractice.com" on March 1, 2019. According to the Affidavit of Lene Jordan, paralegal for Biles' counsel, the 62-page document entitled "recreated-from-Bonner-Stinson-on-3.1.2015" is a copy of the Bonner Stinson Interviews in their entirety. On review of the documents, the Court agrees Exhibit 1 is a near-fully recreated or identical version of the Bonner Stinson Interviews (Pl. Ex. 1).

As noted above, the Confidentiality Clause of the Settlement Agreement includes the following language:

> The parties agree to keep the details and amount of the settlement confidential, including keeping all matters not currently in the public record (defined as the Court files and documents or newspapers) confidential . . .

(Pl. Ex. A, ¶6).

The fundamental goal of contract interpretation is to determine the parties' intent. *James v. Taco John's Int'l, Inc.*, 425 P.3d 572, 577 (Wyo. 2018). In interpreting a contract, the Court affords the contract's terms the plain meaning that a reasonable person would give to them, *see Schell v. Scallon*, 433 P.3d 879, 884 (Wyo. 2019), applying common sense and ascribing the words "with a rational and reasonable intent." *James*, 425 P.3d at 577. The Court considers the contract's "language in the context in which it was written, looking to the surrounding circumstances, the subject matter, and the purpose of the agreement to ascertain the intent of the parties at the time the agreement was made." *P & N Investments, LLC v. Frontier Mall Assocs., LP*, P.3d 1101, 1106 (Wyo. 2017) (quoting *Comet Energy Servs., LLC v. Powder River Oil & Gas Ventures, LLC*, 239 P.3d 382, 386 (Wyo. 2010)).

Neither party alleges the contract terms are ambiguous and the Court reads the Confidentiality Clause for its plain meaning. The common definition of "matters" includes the "events or circumstances of a particular situation" as well as "the subject or substance" of a writing. *Matter Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster/dictionary/matters (last visited June 15, 2020). By the terms of the contract, the "public record" refers to matters included in Court files and documents or newspapers.

12

Applying these definitions here, it is clear the Bonner Stinson Interviews fall under the broad umbrella of "all matters."[7] It is also clear the Bonner Stinson Interviews, which were never filed with the Court in the underlying litigation, are not Court files or documents under the plain meaning of the Confidentiality Clause. There is no genuine dispute that Schneider's dissemination of the Bonner Stinson Interviews, including to the extent he quoted them in his post "Biles Escapes Justice," constituted a plain violation of the Confidentiality Clause.

On the evidence before the Court, and the plain meaning of the Confidentiality Clause, the Court determines there is no genuine dispute of material fact as to whether Schneider breached the Confidentiality Clause of the Settlement Agreement when he published the Bonner Stinson Interviews to healthcare-malpractice.com. (Pl. Exs. F, 1). As the Court finds no genuine dispute exists as to whether Schneider's posting of the Bonner Stinson Interviews, by itself, constituted a breach of the Settlement Agreement, the Court does not find it necessary to consider whether additional violations occurred when Schneider publicly filed the Interviews in subsequent litigation or when he posted specific excerpts of the Interviews under the heading "Biles Escapes Justice." (Pl. Ex. G).

---

[7] Defendants construe Plaintiff's argument to be that a violation of the Confidentiality Clause occurred because the Bonner Stinson Interviews were attorney work product subject to the confidentiality provisions of Federal Rule of Civil 26. The Court does not share Defendants' reading of Plaintiff's argument. While the parties agree that the Settlement Agreement contemplates protection of attorney work product in the underlying litigation, this point appears irrelevant to determining whether the Confidentiality Clause encompasses the Bonner Stinson Interviews.

## C.  __Whether the Liquidated Damages Clause is Enforceable__

Defendants argue that the liquidated damages clause in the Settlement Agreement, awarding $250,000.00 in the event of a violation of the Confidentiality Clause, is not a reasonable calculation of the harms that would flow from a violation of the Confidentiality Clause. With regard to the enforceability of liquidated damages clauses in Wyoming, as with any contract, "[i]f there is an express contract in connection with the damages, that contract, of course, must govern." *Marcam Mortg. Corp. v. Black*, 686 P.2d 575, 580 (Wyo. 1984). "The general principle to be applied is that, in the absence of overreaching or unconscionability, the parties should be left within the framework of the terms of the agreement that they negotiate." *McMurry Oil Co. v. Deucalion Research, Inc.*, 842 P.2d 584, 587 (Wyo. 1992) (citing *Marcam Mortg. Corp.*, 686 P.2d at 580). However, a liquidated damages clause must not amount to a penalty. *Marcam Mortg. Corp.*, 686 P.2d at 581. Whether or not a provision for liquidated damages amounts to a penalty depends upon the circumstances of each individual case, and the question is resolved as a matter of law. *Id.* at 580.

The Wyoming Supreme Court has applied the Restatement of Contracts Second approach in determining whether the amount fixed for damages in a contract is proper liquidated damages or whether it is a penalty:

> The first factor is the anticipated or actual loss caused by the breach. The amount fixed is reasonable to the extent that it approximates the actual loss that has resulted from the particular breach, even though it may not approximate the loss that might have been anticipated under other possible breaches. Furthermore, the amount fixed is reasonable to the extent that it

14

approximates the loss anticipated at the time of the making of the contract, even though it may not approximate the actual loss. The second factor is the difficulty of proof of loss. The greater the difficulty either of proving that loss has occurred or of establishing its amount with the requisite certainty, the easier it is to show that the amount fixed is reasonable.

*Marcam Mortg. Corp.*, 686 P.2d at 581 (citing Restatement (Second) of Contracts § 356 (Am. Law Inst. 1981)). The Wyoming Supreme Court has further acknowledged that "as a general rule, where the question is whether a contract provides for liquidated damages or for a penalty, the burden of establishing facts showing that the intention of the parties was other than appears from the face of the contract is on the party claiming such facts." *Id.*

Here, Biles has presented the contract as evidence of the parties' intent that liquidated damages in the amount of $250,000.00 should be awarded to the non-breaching party in the event the other breached the Confidentiality Clause. (Pl. Ex. A). While Defendants offer no evidence to show the amount of actual damages, or that the parties intended a different result in the event of breach, they state that the amount of actual damages would be easily calculable through an expert report analyzing business loss. Defendants fail to provide any explanation for their contention that actual damages would be limited to Biles' loss of business, nor do they offer such an expert report.[8]

The Court acknowledges that neither fact nor expert discovery are complete in this case. (Docs. 66, 87). Under Federal Rule of Civil Procedure 56(d), a party opposing summary judgment that cannot yet "present facts essential to justify its opposition" may

---

[8] With regard to Biles' other conceivable damages, the Supreme Court of Wyoming has specifically observed that calculating damages for injury to reputation is an "unduly speculative task" and that "[a]n estimate of injury to reputation rests upon a number of imprecise variables." *Wilder v. Cody Country Chamber of Commerce*, 933 P.2d 1098, 1104 (Wyo. 1997).

15

ask the court to defer ruling on the motion for summary judgment. FED. R. CIV. P. 56(d).

"The general principle of Rule 56(d) is that summary judgment should be refused where

the nonmoving party has not had the opportunity to discover information that is essential

to opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).[9]

However, in summary judgment proceedings, Rule 56(d) clearly requires the non-movant

to file an affidavit if additional discovery is needed to respond to a summary-judgment

motion. FED. R. CIV. P. 56(D). *See also Rocky Mountain Prestress, LLC v. Liberty Mut.*

*Fire Ins. Co.*, No. 19-1169, 2020 WL 2844701, at *6 (10th Cir. June 2, 2020) ("Although

summary judgment should be refused under Rule 56(d) 'where the nonmoving party has

not had the opportunity to discover information that is essential to his opposition,' we have

emphasized that 'this protection arises only if the nonmoving party files an affidavit

explaining why he or she cannot present facts to oppose the motion." (Internal quotation

marks omitted)); *see also Kalbaugh v. Jones,* No. 18-6205, 2020 WL 1510054, at *4 (10th

Cir. Mar. 30, 2020). "Otherwise, the nonmovant acts, or fails to act, at its peril." *Adler*, 144

F.3d at 672.

    While Defendants state that more time for discovery would be useful, they have

plainly failed to comport with the affidavit requirement of Rule 56(d).  Instruction from

the Tenth Circuit is clear that a non-movant's failure to file an affidavit or declaration under

Rule 56(d) will not trigger the protections of that rule, and that summary judgment may

properly issue without the required affidavit. Finding that Biles has met his burden on this

---

[9] "Rule 56(d) does not require, however, that summary judgment not be entered until discovery is complete." *See Price ex rel.*, 232 F.3d at 784.

16

issue, and that Defendants fail to demonstrate a genuine issue of fact as to the enforceability of the liquidated damages clause, summary judgment is appropriate.

**D.  <u>Whether Biles is Entitled to a Permanent Injunction</u>**

Finally, the Court must consider whether to grant Biles' request for a permanent injunction.

> [A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Courts have routinely held that injunctive relief is appropriate to protect a plaintiff's "professional goodwill" because it is "so difficult to prove the value of goodwill" and the "potential for the defendant to deal 'incalculable damage to that goodwill can constitute irreparable harm.'" *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1012 (10th Cir. 2018) (quoting *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1192 (10th Cir. 2009)).

In April 2019, the Court entertained Biles' motion for a preliminary injunction and determined that Biles' alleged injury would be irreparable. (Doc. 19 at 3–4). The Court also concluded the alleged harms would include irreparable injury to Biles' reputation, not solely economic loss, and that monetary damages would be an inadequate remedy for that harm. (*Id.*). Further, the Court stated:

17

> The named defendants have no legitimate interest in attempting to destroy Dr. Biles' professional reputation over the internet while simultaneously violating the terms of a binding settlement agreement. Thus, Dr. Biles' alleged injury clearly outweighs any harm suffered by the defendants.

(*Id.* at 4). Finally—while noting that Defendants failed to even attend the hearing for a preliminary injunction—the Court also found that the public interest would be served by prohibiting Defendants from disseminating disparaging allegations about Biles. (*Id.*).

Here, the Court finds its prior conclusions on the issuance of a preliminary injunction are applicable with equal force. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (explaining that the standard for a permanent injunction is "remarkably similar to the standard for a preliminary injunction" and "[t]he only measurable difference between the two is that a permanent injunction requires showing of actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits."). Upon the Court's conclusion that there is no genuine dispute of fact that Schneider indeed posted the Bonner Stinson Interviews to healthcare-malpractice.com, and finding that Biles has succeeded on the merits and that he suffered an irreparable injury from that conduct, the criteria for issuing a permanent injunction are now satisfied.[10]

---

[10] The Court is not persuaded to entertain Defendants' contention that the issuance of a permanent injunction would constitute either a perpetual enforcement of or additional duration term to the Settlement Agreement or that the issuance of injunctive relief and an award of liquidated damages would constitute a form of double recovery for Biles. The Court previously held injunctive relief is appropriate for the reason that Schneider recently declared bankruptcy and is currently serving a prison sentence related to that bankruptcy" and that it is "unlikely that Schneider or the other Defendants have the financial resources to provide any monetary relief in this case." (Doc. 19 at 4). Further, while the liquidated damages are intended as relief for this instance of breach of the contract, the history of this case and the parties' prior litigation strongly suggests that Schneider

18

## **CONCLUSION**

For the reasons stated herein, the Court concludes there is no genuine dispute of material fact as to whether Defendants violated the Confidentiality Clause. Plaintiff is entitled to liquidated damages in the amount of $250,000.00 and a permanent injunction shall issue.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Breach of Contract claim is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is entitled to an award of liquidated damages against Defendant Schneider in the amount of $250,000.00.

It is FINALLY ORDERED that Defendants Schneider and Medport (both individually or through their surrogates) shall refrain from posting, publicizing, or disseminating information about Plaintiff not in the public record, including the Bonner Stinson Interviews, information contained in the Bonner Stinson Interviews, or materials quoting or referencing the Bonner Stinson Interviews.

Dated this __18__ day of June, 2020.

_Nancy D. Freudenthal_
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

---

and/or his surrogates are likely to continue disseminating defamatory material about Biles in violation of the Confidentiality Clause if not enjoined from doing so.

19

**FILED**

# United States District Court
## For The District of Wyoming



8:05 am, 6/19/20

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| JIMMIE G. BILES, JR., M.D.,, | |
| Plaintiff, | |
| vs. | Civil No. 19-CV-48-F |
| JOHN HENRY SCHNEIDER, JR.; and MEDPORT, LLC, | |
| Defendants. | |

## JUDGMENT IN A CIVIL ACTION

The Court having granted Plaintiff, Jimmie G. Biles, Jr., M.D.'s Motion for Partial summary Judgment and granting Request for Permanent Injunction on June 18, 2020 and having ordered that Plaintiff's Breach of contract claim is granted and that Plaintiff is entitled to an award of liquidated damages against Defendant Schneider in the amount of $250,000.00

Plaintiff, Jimmie G. Biles, Jr., M.D., is entitled to judgment in his favor and against Defendant, John Henry Schneider, Jr. in the amount of $250,000.00.

Dated this 19th day of June, 2020.

_____
*Clerk of Court or Deputy Clerk*

GRANITE PEAK LAW PLLC
Gregory G. Costanza, Esq.
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com
gregory@granitepeaklaw.com
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | Cause No. 19-CV-48-F |
| Plaintiff | |
| v. | |
| JOHN H. SCHNEIDER and MEDPORT, LLC, | **NOTICE OF APPEAL** |
| Defendants | |
| \ | |

Pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1), and Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1)(A), notice is hereby given that John H. Schneider and Medport, LLC, Defendants in the above named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the Order of the United States District Court for the District of Wyoming (Documents #92) and Judgment (Document #93) thereon, granting Plaintiff's motion for partial summary judgment, entering an award of liquidated damages, and permanently enjoining Defendants from posting, publicizing, or disseminating information about Plaintiff not in the public record, entered in this action on June 18, 2020.

Respectfully submitted this __17th__ day of July, 2020.

/s/ Gregory G. Costanza, Esq.

WY 7-5257
Granite Peak Law, PLLC
201 W. Madison Ave, Suite 450
Belgrade, MT 59714
O: 406.586.0576
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2020, a copy of the foregoing document was

served on the following persons via CM/ECF:

Anna Reeses Olson #6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
T: (307) 265-3843
F: (307) 235-0243
aro@parkstreetlaw.com
Attorneys for Counter-Defendant
Jimmy Biles

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff Jimmy Biles

/s/Gregory G. Costanza

Granite Peak Law, PLLC