GRANITE PEAK LAW PLLC
Gregory G. Costanza, Esq.
201 W. Madison Ave, Suite 450
Belgrade, MT 59714
T: 406.530.9119
F: 406.794.0750
gregory@granitepeaklaw.com
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br><br>    Plaintiff<br><br>v.<br><br>JOHN H. SCHNEIDER and MEDPORT, LLC,<br><br>Defendants | Cause No. 19-CV-48-F |

**MEDPORT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MEDPORT'S MOTION FOR SUMMARY JUDGMENT AND TO ALTER OR AMEND JUDGMENT**

Defendant MEDPORT, LLC ("Medport"), by and through their undersigned counsel, hereby files its Reply to Plaintiff's Response in Opposition to Medport's Motion for Summary Judgment and to Alter or Amend Judgment, and states as follows:

**I.  Medport was not an "affiliate" of Schneider LP or John H. Schneider at any time**

Plaintiff avers that Medport is bound to the Settlement Agreement as an "affiliate" to John H. Schneider and Schneider LP, and that Medport was an intended "surrogate or other entit[y]" of the Settlement Agreement's signatories. *Dkt. 103, p.8.* Defendant has previously argued against holding Medport directly liable as a "surrogate" under ¶6 of the Settlement Agreement and will not repeat its argument here. *Dkt. 98, p.5.*

Plaintiff's "affiliate" argument is likewise misplaced because Medport had no common ownership or means of control with Defendant John Schneider or Schneider LP. Plaintiff cites to Black's Law Dictionary's as their preferred definition of an "affiliate," defined as "a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." AFFILIATE, Black Law's Dictionary (9th ed. 2009). Plaintiff's preferred definition is vague, imprecise, and is not met in these circumstances.

First, Dr. Schneider had no intention to bind Medport to the Settlement Agreement at any time and had no means of control over Medport until 2018. *Dkt. 103, Exh. B, ¶7, Affidavit of John H. Schneider*. Dr. Schneider distributed Healthcare-Malpractice.com to himself as part of Medport's dissolution process beginning in late 2018, prior to the alleged breach of contract by Biles. *Id.* at ¶¶ 8-11. At the time of the alleged breach of the Settlement Agreement, Medport no longer owned or derived any income from Healthcare-Malpractice.com. *Id.* at ¶¶ 11-12.

It is undisputed that Defendant Schneider had no ownership interest in Medport in 2012, so he could not be "related" to Medport "by shareholdings" at the time the Settlement Agreement was entered for purposes of being an "affiliate" under Plaintiff's Black's Law definition. The same is true for Schneider LP; it had no ownership interest in Medport in 2012. Schneider LP was merely a lender to Medport and there was no relation "by shareholdings" to meet Plaintiff's definition that Schneider LP would be an "affiliate" of Medport.

Plaintiff's interpretation of the phrase "other means of control" is troublesome because it is so broad as to bring *any entity* that receives *any loan* from Defendant Schneider, Schneider LP, or another signatory to the Settlement Agreement within the scope of the Settlement Agreement. Plaintiff's argument that Schneider LP exerted "other means of control" on Medport by lending Medport funds or having Burrows at a meeting where Medport's funding was discussed would sweep

far beyond the parties' intent and violate the third-party beneficiary test that Plaintiff failed to analyze or argue against in their response brief.

Plaintiff's other preferred definition of "affiliate" under Merriam-Webster is focused on a "dependent or subordinate" status between the entities, which was not met here because Medport consistently operated independently of Defendant Schneider and Schneider LP through 2018. Further, it was never alleged that Schneider LP itself violated the Settlement Agreement, so it is inapposite for Plaintiff to claim that Schneider LP bound Medport to the Settlement Agreement as a result of Defendant Schneider's conduct years later.

Moreover, there is no reason that Plaintiff's definition of "affiliate" should control. *Carmichael v. The Payment Ctr., Inc.*, 336 F.3d 636, 639-40 (7th Cir. 2003). Plaintiff's two definitions dilute the protections afforded to non-signatories by ordinary principles of contract and agency law. As opposed to an open-ended and inconclusive dictionary definition, Defendant proposes clearer and more conclusive definitions for "affiliate" that derive from U.S. law.

The Securities and Exchange Commission defines an "affiliate" as follows: "[a]n affiliate of, or person affiliated with, a specified person, is a person that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person specified." 17 CFR § 230.405. Under this definition, John Schneider or Schneider LP would need to control, be controlled by, or be under "common control" with Medport to be an affiliate of Medport. However, Burrows presents no evidence that she or Medport controlled, was controlled by, or acted under common control with Defendant John Schneider or Schneider LP at the time the Settlement Agreement was entered.

Defendant Medport was not under "common control" with Schneider LP because Burrows managed only Medport, and not Schneider LP, at the time the Settlement Agreement was entered. See *Dkt 15, Attachment #1, Full and Final Settlement and Mutual Release of All Claims, Pg. 13 of 14.*

Burrows did not establish a "common control" relationship between Medport and Schneider LP for purposes of binding Medport to the Settlement Agreement simply by being at a meeting where the capitalization of Medport by Schneider LP was discussed.

Another definition of "affiliate" is discussed in *Mahalaxmi Amba Jewelers et al v. Johnson et al*, No. 15-3214, (10th Cir. 2016), where for immigration purposes, the term 'affiliate' means, "[o]ne of two legal entities **owned and controlled** by the same group of individuals, each individual owning and controlling approximately the same share or proportion of each entity." 8 C.F.R. § 204.5(j)(2)(B)(emphasis added). Here, Defendant Medport was owned equally by Brandon Schneider and Kathleen Burrows. *Dkt. 103, Exh. B, Schneider Aff.*, ¶3. Medport was therefore not "owned and controlled" by Schneider LP or Defendant John Schneider to constitute an "affiliate" under the Settlement Agreement. For the above reasons, Plaintiff's argument that Medport was an "affiliate" of Defendant Schneider or Schneider LP under the Settlement Agreement must fail.

**II. John Schneider did not have the authority to bind Medport in 2012 or 2018**

Plaintiff argues that John Schneider had "express authority" or "implied actual authority" to bind Medport to the Settlement Agreement. These arguments also fail because there is no evidence of any authority ever being conveyed by Medport or its managers to any third-party to bind Medport to the Settlement Agreement. The Articles of Organization in effect for Medport at the time the Settlement Agreement was executed gave only Mrs. Burrows the authority to bind Medport to the terms of the Settlement Agreement. *Dkt. 103, Exh. B, Aff. John H. Schneider, p. 5, Articles of Organization of Medport, LLC effective April 26, 2012.* Kathleen Burrows was not a signatory to the Settlement Agreement on behalf of Medport and there is no written document evidencing Medport or Burrows contemporaneously granting Defendant Schneider, Schneider LP, or any other signatory the written or oral authority to act as Medport's agent to enter the Settlement Agreement. If there

was any authority conveyed to allow Medport to enter the Settlement Agreement, *somebody* would have actually signed the Settlement Agreement on Medport's behalf.

Mrs. Burrows claims that Dr. John Schneider had the "authority" to bind Medport to "any agreement to settle the lawsuits" despite the fact that Schneider was not a member, manager, or officer of Medport and where he didn't actually bind Medport to the Settlement Agreement. There is no evidence reflecting that Dr. Schneider had the "express authority" to bind Medport to the Settlement Agreement in 2012. To the extent there was any "implied actual authority" conveyed by Mrs. Burrows to Dr. Schneider, such implied authority would solely have been within the scope of services Dr. Schneider provided to Medport, as described in ¶4 of his affidavit. *Dkt. 103, Exh. B.* Dr. Schneider developed other intellectual property in association with Medport, including the Neuromodulation Project, Doctor's Black Bag, Healthcare-malpractice.com, etc. *Id., p. 7, ¶4 of the Articles of Dissolution of Medport, LLC.* Defendant Schneider's involvement in these projects did not give him any express or implied authority to bind Medport to the Settlement Agreement.

## CONCLUSION

Here, reasonable minds could not differ that Medport, LLC was not a signatory to the settlement agreement, was not a third-party beneficiary to the Settlement Agreement, and John Schneider did not intend nor have the authority to bind Medport to the Settlement Agreement. For these reasons, this court should find that Medport lacks privity of contract and cannot be held liable for the conduct of John Schneider as an "affiliate" or "surrogate" of him or Schneider LP. Respectfully submitted this 7th day of August, 2020.

/s/ Gregory G. Costanza, Esq.
WY 7-5257, Granite Peak Law, PLLC
201 W. Madison Ave, Suite 450
Belgrade, MT 59714
O: 406.586.0576

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2020, a copy of the foregoing document was served on the following persons via CM/ECF:

Anna Reeses Olson #6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
T: (307) 265-3843
F: (307) 235-0243
aro@parkstreetlaw.com
Attorneys for Counter-Defendant
Jimmy Biles

R. Daniel Fleck
M. Kristeen Hand
S. Kellogg
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff Jimmy Biles

                                                                                  /s/Gregory G. Costanza
                                                                                  Granite Peak Law, PLLC