IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 SEP 29 PM 4: 32

MARGARET BOTKINS, CLERK
CHEYENNE

| | |
|---|---|
| JIMMIE BILES, JR., MD, | |
| Plaintiff, | |
| vs. | Case No. 19-CV-48-F |
| JOHN H. SCHNEIDER and MEDPORT, LLC, | |
| Defendants. | |

## ORDER REQUIRING FURTHER FILINGS AND TAKING STIPULATED MOTION TO DISMISS UNDER ADVISEMENT

In response to the Court's recent order requiring Plaintiff to file either a status report regarding all remaining claims, or his previously-anticipated dismissal papers, Plaintiff filed a stipulated motion to dismiss his intentional infliction of emotional distress claim without prejudice. ECF No. 126. The motion does not address Plaintiff's claims against Michelle Schneider, which he previously dismissed without prejudice. ECF No. 40. Plaintiff also filed a status report stating in part that "[t]o the extent the Court grants the stipulation, Plaintiff believes that order will fully resolve Plaintiff's claims and that the existing judgments will become final. Plaintiff then anticipates moving for attorneys' fees, costs and appropriate appeals bonds." ECF No. 127.

The stipulated motion and status report reflect that Defendants have noticed an appeal. The Tenth Circuit recently noted its jurisdiction on that appeal appears to be limited

to the injunctive relief the Court awarded. ECF No. 122. Plaintiff's filings also reflect the parties' assumption that once Plaintiff's emotional distress claim against Mr. Schneider is dismissed without prejudice, the judgments (ECF Nos. 93, 121) will become final for Defendants to appeal those judgments (and the second summary judgment order, ECF No. 120) in their entirety.

"When an action presents more than one claim for relief… or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." *Id.*

In light of Rule 54(b), the Tenth Circuit has held that ordinarily, "[p]arties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.7 (10th Cir. 2017). "[V]oluntarily dismissing all remaining claims without prejudice after some claims have been disposed of in a prior interlocutory order … does not make the prior order appealable." *McKenzie v. AAA Auto Family Ins. Co.*, 427 F. App'x 686, 686–87 (10th Cir. 2011). Rather, party(ies) who wish to appeal an order on less than all claims must obtain either a Rule 54(b) certification or dismissal of all remaining claims with prejudice. *Id.* Rule 54(b) certifications require courts to "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay.'" *Stockman's*

2

*Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) internal quotation marks omitted).

In light of the foregoing, the Court will require the parties to either file a stipulation to dismiss all remaining claims with prejudice, or simultaneous briefs regarding whether Rule 54(b) certification of any of the judgments and summary judgment orders is appropriate by **October 13, 2020**. The Court takes the stipulated motion to dismiss (ECF No. 126) under advisement.

The case remains set for a final pretrial conference on November 5, 2020 and a jury trial to begin November 16, 2020.

IT IS SO ORDERED this 29th day of September, 2020.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

*Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) internal quotation marks omitted).

In light of the foregoing, the Court will require the parties to either file a stipulation to dismiss all remaining claims with prejudice, or simultaneous briefs regarding whether Rule 54(b) certification of any of the judgments and summary judgment orders is appropriate by **October 13, 2020**. The Court takes the stipulated motion to dismiss (ECF No. 126) under advisement.

The case remains set for a final pretrial conference on November 5, 2020 and a jury trial to begin November 16, 2020.

IT IS SO ORDERED this 29th day of September, 2020.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE