GRANITE PEAK LAW PLLC
Gregory G. Costanza, Esq.
Adam H. Owens, Esq.
P.O. Box 635
Bozeman, MT 59771
T: 406.530.9119
F: 406.794.0750
adam@granitepeaklaw.com
gregory@granitepeaklaw.com
Attorneys for Defendant Medport, LLC
Limited Scope Attorneys for Defendant Schneider

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, | Cause No. 19-CV-48-F |
| Plaintiff | Hon. Nancy D. Freudenthal |
| v. | |
| JOHN H. SCHNEIDER and MEDPORT, LLC, | **DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT ON PLAINTIFF'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| Defendants | |

COMES NOW Defendants MEDPORT, LLC and John H. Schneider, by and through their counsel at Granite Peak Law, PLLC, hereby move this Court for entry of final judgment on Plaintiff's Claims pursuant to Federal Rule of Civil Procedure 54(b). Because there is no just reason for delay of entry of final judgment on Plaintiff's claims, Defendants move the Court for entry of final judgment pursuant to Rule 54(b). Defendants rely upon the Memorandum of Points and Authorities below, the pleadings on file in this action, and such additional matters that the Court may entertain.

**Memorandum In Support of Motion for Entry of Final Judgment Pursuant to Rule 54(b)**

### A. BACKGROUND

Plaintiff Biles brought claims against Defendants for breach of contract, intentional infliction of emotional distress, joint enterprise, and injunctive relief. ECF 1.

On June 18, 2020, the Court granted Plaintiff Biles' motion for partial summary judgment (ECF 92), finding that Defendant Schneider had violated the confidentiality clause of the Settlement Agreement by posting the Bonner-Stinson Interviews, awarding liquidated damages to Plaintiff of $250,000.00, and issuing a permanent injunction prohibiting Schneider and Medport from further disseminating or publicizing confidential information about Biles.

On August 6, 2020, Plaintiff Biles filed a second motion for partial summary judgment, seeking to hold Defendant Medport jointly liable for the award of liquidated damages for breach of the confidentiality clause, and to enjoin Defendants from breaching the non-disparagement clause of the Settlement Agreement. The Court granted Biles' second motion. ECF 120.

### B. LEGAL STANDARD

Fed. R. Civ. P. 54(b) provides that a district court may enter final judgment on a single claim in an action with multiple claims "if the court expressly determines that there is no just reason for delay." As explained below, the Court's summary judgment orders satisfy Rule 54(b)'s requirements, and there is no just reason to delay appellate review. Accordingly, Defendants respectfully request entry of final judgment pursuant to Rule 54(b) as to Plaintiff's claims for breach of contract and award of liquidated damages.

### C. DISCUSSION

1. **Entry of Final Judgment under Rule 54(b) Is Warranted Because the Court's Adjudication of Plaintiff's Breach of Contract Claim Against Defendants Schneider and Medport is Final.**

When deciding to enter judgment under 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of

an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted).

The Court's summary judgment orders are a final adjudication of Plaintiff's breach of contract claims against Defendants Schneider and Medport. The Court granted summary judgment to Plaintiff on both of their motions for partial summary judgment, thus eliminating their first claim for relief and leaving Plaintiff's other two claims – including for intentional infliction of emotional distress ("IIED") and joint enterprise – intact.

Plaintiff Biles' remaining claim for IIED is separate and distinct from the claims and defenses at issue in the Court's summary judgment orders, and hence Plaintiff's breach of contract claim is appropriate for entry of final judgment under Rule 54(b). Plaintiff's IIED claim would center on factual questions for a jury, i.e. whether Defendant Schneider acted in an extreme and outrageous manner. This determination by a jury, if it was appropriate for appeal, would not result in the appellate court deciding the same issue twice, as the factual and legal bases established by this court in its orders on Plaintiff's breach of contract claim are wholly distinct and independent from the resolution of Plaintiff's IIED claim. Moreover, with Plaintiff moving to dismiss their IIED claim (ECF 133), which Defendants do not oppose, and should this court grant their motion to dismiss with prejudice, then this claim would be final. Thus, under Rule 54(b), Plaintiff's IIED claim would receive its "ultimate disposition," allowing an appeal on the breach of contract claims.

Moreover, Plaintiff's third claim for "joint enterprise" is wholly duplicative of Plaintiff's breach of contract claim against Defendants Schneider and Medport. As stated by the Wyoming Supreme Court in *Endresen v. Allen*, 574 P.2d 1219,1226 (Wyo. 1978):

> "Joint enterprise as a legal concept is not a status created by law; it is a contractual relationship of mutual agency employed to represent merely a unity between persons in the pursuit of a common purpose, as a result of which the negligence of one participant may be imputed to another. * * *" 46 Am.Jur.2d, Joint Ventures § 5, p. 27.

A joint enterprise theory contemplates an agreement to carry out a common purpose, with a pecuniary interest in that purpose, and an equal right to a voice in the direction of the enterprise. *Holliday v. Bannister*, 741 P.2d 89, FN1 (Wyo. 1987). Plaintiff's adjudication of their breach of contract claim against Medport was predicated on the theory that Medport was an "affiliate" or "surrogate" of Schneider LP and John Schneider under the Settlement Agreement. Thus, Plaintiff's joint enterprise theory would cover no new factual ground for appeal because Medport was found to be liable under the Settlement Agreement, and thus an alternative theory of liability based on a "contractual relationship of mutual agency" would result in duplicative damages since liquidated damages were already awarded against Medport. Further, the elements of this claim appear to be based on establishing liability against one defendant when another defendant was negligent, which could then be imputed to the first defendant. Here, Plaintiff has not advanced any negligence theory of liability, and thus joint enterprise is inapplicable in these circumstances.

2. **There Is No Just Reason to Delay Entry of Final Judgment.**

Entry of judgment under Rule 54(b) is also appropriate because Plaintiff's sole remaining claim for joint enterprise has no longer been advanced against Mrs. Schneider, and thus there is no just reason to proceed with this claim to trial when Mrs. Schneider was dismissed from this case before being served. Further, it is unlikely the appellate court would have to decide the same issues more than once even if there were subsequent appeals, because if the joint enterprise theory were to be litigated further, any decision by this Court would rest on legal grounds. Accordingly, a subsequent appeal would not result in the appellate court deciding the same issues more than once.

Further, Rule 54(b) certification at this time would promote the efficient resolution of this case because Defendants believe there are no remaining claims at issue and appellate jurisdiction is now proper under 28 U.S.C. § 1291.

Respectfully submitted this 13th day of October, 2020.

/s/ Gregory G. Costanza, Esq.

WY 7-5257
Granite Peak Law, PLLC
201 W. Madison Ave
Suite 450
Belgrade, MT 59714
O: 406.586.0576

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2020, a copy of the foregoing document was served on the following persons via CM/ECF:

Anna Reeses Olson #6-3692
Park Street Law Office
242 S. Park Street
Casper, WY 82601
T: (307) 265-3843
F: (307) 235-0243
aro@parkstreetlaw.com
Attorneys for Counter-Defendant
Jimmy Biles

R. Daniel Fleck
M. Kristeen Hand
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
T: 307.733.7290
F: 307.733.5248
Attorneys for Plaintiff Jimmy Biles